**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF MARYLAND**

EVANGELINE J. PARKER                          *

    Plaintiff                                        *

v.                                                           *        Civil Action No. 8:17-CV-01648-TDC

REEMA CONSULTING SERVICES, INC.  *

    Defendant                                      *

\*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*

**ANSWER TO COMPLAINT**

Defendant, Reema Consulting Services, Inc. ("Defendant" or "Reema"), by its undersigned counsel, files this Answer to Plaintiff's Complaint and states:

**NATURE OF ACTION**

1.      Paragraph 1 of Plaintiff's Complaint contains a summary of her claims which require no response from Defendant.  To the extent that any response is required, Defendant denies the allegations contained in paragraph 1 of the Complaint.

2.      Defendant denies that Plaintiff is entitled to the relief claimed herein as alleged in paragraph 2 of the Complaint.

**PARTIES**

3.      Defendant admits the allegations set forth in Paragraph 3 of Plaintiff's Complaint.

4.      Defendant denies that it currently owns and operates a warehouse facility in Sterling, Virginia.  Defendant admits the remainder of the allegations set forth in Paragraph 4 of Plaintiff's Complaint.

**JURISDICTION AND VENUE**

5.      The allegations made in paragraph 5 of the Complaint constitute legal conclusions to which Defendant is not obligated to respond. To the extent that Defendant is obligated to respond, it denies the allegations contained in paragraph 5 of the Complaint.

6.      The allegations made in paragraph 6 of the Complaint constitute legal conclusions to which Defendant is not obligated to respond. To the extent that Defendant is obligated to respond, it denies the allegations contained in paragraph 6 of the Complaint.

**FACTS**

7.      Defendant denies the allegation that Plaintiff was unlawfully terminated by Defendant.  Defendant admits the remaining allegations in paragraph 7 of the Complaint.

8.      Defendant admits Plaintiff received promotions.  Defendant denies the remainder of the allegations set forth in paragraph 8 of the Complaint.

9.      Defendant admits Plaintiff received six promotions.  Defendant denies the remainder of the allegations set forth in paragraph 9 of the Complaint.

10.     Defendant cannot answer as to Plaintiff's state of mind and therefore denies the allegations set forth in paragraph 10 of the Complaint.

11.     Defendant denies the allegations set forth in paragraph 11 of the Complaint.

12.     Defendant admits that Plaintiff alleged that there was a rumor about Plaintiff's conduct which Defendant stopped with the exception of Plaintiff's continued propagation and discussion of the rumor.  Defendant denies the remainder of the allegations of paragraph 12 of the Complaint.

13.     Defendant lacks sufficient information to admit or deny the allegations in paragraph 13 of the Complaint and they are therefore denied.

14.     Defendant denies the allegations set forth in paragraph 14 of the Complaint.

15.     Defendant denies the allegations set forth in paragraph 15 of the Complaint.

16.     Defendant denies the allegations set forth in paragraph 16 of the Complaint.

17.     Defendant denies the allegations set forth in paragraph 17 of the Complaint.

18.     Defendant admits that Plaintiff confronted co-workers regarding the rumor. Defendant denies the remainder of the allegations set forth in paragraph 18 of the Complaint.

19.     Defendant denies the allegations set forth in paragraph 19 of the Complaint.

20.     Defendant denies the allegations set forth in paragraph 20 of the Complaint.

21.     Defendant denies the allegations set forth in paragraph 21 of the Complaint.

22.     Defendant denies the allegations set forth in paragraph 22 of the Complaint.

23.     Defendant admits a meeting took place by Plaintiff with Mr. Moppins and Ms. Wallace but otherwise denies the remainder of the allegations set forth in paragraph 23 of the Complaint.

24.     Defendant denies the allegations set forth in paragraph 24 of the Complaint.

25.     Defendant denies the allegations set forth in paragraph 25 of the Complaint.

26.     Defendant denies the allegations set forth in paragraph 26 of the Complaint.

27.     Defendant denies the allegations set forth in paragraph 27 of the Complaint.

28.     Defendant denies the allegations set forth in paragraph 28 of the Complaint.

29.     Defendant admits that the meeting took place and that all managers and Plaintiff agreed to put the matter behind them and move on.  Defendant denies the remainder of the allegations set forth in paragraph 29 of the Complaint.

30.     Defendant admits the allegations set forth in paragraph 30 of the Complaint.

31.     Defendant denies the allegations set forth in paragraph 31 of the Complaint.

32.     Defendant denies the allegations set forth in paragraph 32 of the Complaint.

33.     Defendant denies the allegations set forth in paragraph 33 of the Complaint.

34.     Defendant denies the allegations set forth in paragraph 34 of the Complaint.

35.     Defendant admits the allegations set forth in paragraph 35 of the Complaint.

36.     Defendant denies the allegations set forth in paragraph 36 of the Complaint.

37.     Defendant denies the allegations set forth in paragraph 37 of the Complaint.

38.     Defendant denies the allegations set forth in paragraph 38 of the Complaint.

39.     Defendant denies the allegations set forth in paragraph 39 of the Complaint.

40.     Defendant denies the allegations set forth in paragraph 40 of the Complaint.

41.     Defendant denies the allegations set forth in paragraph 41 of the Complaint.

### INVOCATION OF ADMINISTRATIVE REMEDIES

42.     Defendant admits the allegations set forth in paragraph 42 of the Complaint.

43.     Defendant admits the allegations set forth in paragraph 43 of the Complaint.

### COUNT I
### Discrimination under 42 U.S.C. §2000e-2 (Hostile Work Environment Harassment)

44.     In response to paragraph 44 of the Complaint, Defendant adopts and incorporates by reference all of its answers set forth in the previous paragraphs 1 through 43 as if the same were fully set forth herein.

45.     Defendant denies the allegations set forth in paragraph 45 of the Complaint.

46.     Defendant denies the allegations set forth in paragraph 46 of the Complaint.

47.     Defendant denies the allegations set forth in paragraph 47 of the Complaint.

## COUNT II
### Discrimination under 42 U.S.C. §2000e-3 (Retaliatory Termination)

48.    In response to paragraph 48 of the Complaint, Defendant adopts and incorporates by reference all of its answers set forth in the previous paragraphs 1 through 47 as if the same were fully set forth herein

49.    Defendant denies the allegations set forth in paragraph 49 of the Complaint.

50.    Defendant denies the allegations set forth in paragraph 50 of the Complaint.

## COUNT III
### Discrimination under 42 U.S.C. §2000e-2 (Discriminatory Termination)

51.    No response to paragraph 51 is required as Count III has been dismissed from the Complaint.  To the extent a response is required, Defendant adopts and incorporates by reference all of its answers set forth in the previous paragraphs 1 through 50 as if the same were fully set forth herein.

52.    No response to paragraph 52 is required as Count III has been dismissed from the Complaint.  To the extent a response is required, Defendant denies the allegations set forth in paragraph 52 of the Complaint.

## PRAYER FOR RELIEF

53.    Defendant denies that Plaintiff is owed or entitled to any relief outlined in paragraphs A-G on pages 9 and 10 of the Complaint.

## AFFIRMATIVE DEFENSES

54.    Plaintiff's Complaint as a whole, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a claim upon which relief can be granted.

55.    Reema's action of terminating Plaintiff's employment was justified.

56.     To the extent that Plaintiff's Complaint, or any purported cause of action alleged therein, alleges emotional or physical injury, this Court lacks jurisdiction and any recovery is barred by the exclusivity of remedy doctrine under the Maryland Workers' Compensation Law.

57.     Any recovery on Plaintiff's Complaint is barred by the doctrine of laches; waiver; and estoppel.

58.     Any recovery on Plaintiff's Complaint or any purported cause of action alleged therein is barred because Defendant's conduct was privileged and/or justified under the law and undertaken for legitimate, nondiscriminatory reasons.

59.     The injuries which Plaintiff alleges in her Complaint, and in each and every purported cause of action, if they exist at all, resulted from a cause not proximately related to any act by Defendant.

60.     Defendant's actions were for legitimate business reasons and were not based upon any reason in violation of public policy or other facts protected by law.

61.     Plaintiff has not suffered any damages as a result of Defendant's actions taken against her.

62.     Any and all conduct of which Plaintiff complains and which is attributed to Defendant, was a just and proper exercise of Reema's discretion and was undertaken for a fair and honest reason and regulated by good faith and probable cause under the circumstances existing at all times mentioned in Plaintiff's Complaint.

63.     Plaintiff has failed to mitigate her damages.

64.     Plaintiff's alleged damages are speculative and thus unavailable as a matter of law.

65.     Defendant reserves its right to amend or add additional affirmative defenses as they may become known.

WHEREFORE, Defendant requests that this Court enter judgment for Defendant, dismiss the Complaint with prejudice, and award Defendant its reasonable attorneys' fees and costs in defending this action and such other and further relief as the Court may deem appropriate.


            __/s/ Donald J. Walsh_____
            Donald J. Walsh (Bar # 09384)
            Gregory P. Currey (Bar #28583)
            Wright, Constable & Skeen, LLP
            Attorneys for Plaintiff
            7 St. Paul Street, 18th Floor
            Baltimore, Maryland 21202
            Telephone: (410) 659-1320
            Fax:  (410) 659-1350
            dwalsh@wcslaw.com
            gcurrey@wcslaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 9th day of April 2019, a copy of the foregoing Answer was sent to all counsel of record via the Court's ECF system.


            __/s/ Donald J. Walsh_____