**UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MARYLAND**

EVANGELINE J. PARKER       *

     Plaintiff        *

v.         *      Civil Action No. 8:17-CV-01648-TDC

REEMA CONSULTING SERVICES, INC. *

     Defendant       *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## <u>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO STAY</u>

Reema Consulting Services, Inc. ("RCSI"), by its undersigned attorneys, submits the following Memorandum of Points and Authorities in Support of its Motion to Stay the present action pending RCSI's petition for Writ of Certiorari.

Alleging an illegal termination from RCSI in May, 2016, Plaintiff commenced the present action on or about May 15, 2017 in the United States District Court for the Eastern District of Virginia. *Compl.*, Docket Entry 1. After this matter was transferred to this Court, RCSI refiled its Motion to Dismiss. *Motion to Dismiss,* Docket Entry Docket Entry 31. On December 7, 2017, this Court granted RCSI's Motion to Dismiss and on January 19, 2018, denied Plaintiff's Motion for Reconsideration. *Order on Motion to Dismiss*, Docket Entry 39; *Order on Motion for Reconsideration*, Docket Entry 42. On February 16, 2018, Plaintiff filed a Notice of Appeal.

The Court of Appeals reversed this Court's dismissal of the present action on February 8, 2019. Under Rule 13 of the Rules of the Supreme Court of the United States, RCSI has 90 days

{00387626v. (15424.00002)}

to file a petition for writ of certiorari with the United States Supreme Court.  The deadline for RCSI to file its petition is May 9, 2019.

RCSI intends to file a Petition for Writ of Certiorari ("the Petition") to resolve the split among the federal circuits related to the legal issues presented in this case, specifically whether rumors related to conduct may form the basis for a sexual harassment claim.  This case presents a substantial legal question impacting employers across the county who now face liability for the actions of employees who exhibit no gender bias but are only jealous of a coworker's success. Even more to the point demonstrating the significance of this decision is the sheer number of entities, including the EEOC, which joined the appeal as amici due to their stated interest in its outcome.

RCSI is seeking a stay of the present action while the Supreme Court decides whether to grant RCSI's petition for writ of certiorari and through any further proceedings before the Supreme Court.  Allowing the case to proceed pending a decision on RCSI's petition for writ of certiorari would unduly burden the parties and increase their litigation costs, undermine RCSI's right to seek appropriate relief in the Supreme Court and would present no impediment to Plaintiff's pursuant of this action if necessary.

**STANDARD OF REVIEW**

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997).  That power applies "especially in cases of extraordinary public moment," when "a plaintiff may be required to submit to delay not immoderate in extent and not oppressive in its consequences if the public welfare or convenience will thereby be promoted." *Id.* at 707.        "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the

causes on its docket with economy of time and effort for itself, for counsel, and for litigants."

*Donnelly v. Branch Banking & Trust Co.*, 971 F.Supp.2d 495, 501 (D. Md. 2013) (quoting

*Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). The Court considers the following factors when

determining whether to grant a stay, "the length of the requested stay, the hardship that the

movant would face if the motion were denied, the burden a stay would impose on the

nonmovant, and whether the stay would promote judicial economy by avoiding duplicative

litigation." *Id.* at 501–02 (quoting *In re Mut. Funds Inv. Litig.*, No. MDL 1586, 2011 WL

3819608, at *1 (D. Md. Aug. 25, 2011)).

This discretion has been appropriately recognized when an appellate decision may impact

the proceedings before the district court. "A district court ordinarily has discretion to delay

proceedings when a higher court will issue a decision that may affect the outcome of the pending

case." *White v. Ally Fin. Inc.*, 969 F.Supp.2d 451, 461–62 (S.D.W. Va. 2013) (first citing *Kelley*

*v. Metro. Cty. Bd. of Educ.*, 436 F.2d 856, 863 (6th Cir. 1970) (Celebrezze, J., concurring in part

and dissenting in part); and then citing *Hickey v. Baxter*, 833 F.2d 1005 (4th Cir. 1987)

(unpublished table decision) ); *see also Int'l Refugee Assistance Project v. Trump*, 323 F.Supp.3d

726, 732 (D. Md. 2018) (granting a  stay where "resolution of the issues before the Supreme

Court will likely have a direct impact on the future course of the case"); *Stone v. Trump*, 356 F.

Supp. 3d 505, 517–18 (D. Md. 2018)(same).

## ARGUMENT

### RCSI's Petition Presents a Substantial Legal Question

The Petition presents a substantial legal question.  In the Fourth Circuit's decision in this

case, it found that a cause of action against an employer may be brought under Title VII for

discrimination premised on rumors in the workplace even when those rumors were started by a

coworker jealous of the Plaintiff's success. By Plaintiff's own admission, although she asserts that the rumors were "sexually-explicit," they were not "gender-explicit" which is a required element of a Title VII claim.

> Title VII does not prohibit all verbal or physical harassment in the workplace; it is directed only at 'discriminat[ion] ... because of ... sex.' We have never held that workplace harassment, even harassment between men and women, is automatically discrimination because of sex merely because the words used have sexual content or connotations.

Oncale v. Sundowner Offshore Servs., Inc., 523 U.S. 75, 80, (1998).

The Fourth Circuit's departure from the "because of" element necessary for a legal claim of discrimination was contrary to precedents from the Second, Seventh, and Tenth Circuit Courts of Appeals, along with a number of District Courts, holding that rumors that an employee was having an affair were conduct-based and not prohibited by Title VII. *Brown v. Henderson*, 257 F.3d 246, 255–56 (2d Cir. 2001); *Pasqua v. Metro Life Insurance*, 101 F.3d 514 (7th Cir. 1996); *Duncan v. Manager, Dep't of Safety, Denver*, 397 F.3d 1300, 1312 (10th Cir. 2005); *Bystry v. Verizon Services Corp.*, 2005 WL 8147293 (D. Md. 2005); *Rose-Stanley v. Virginia*, 2015 WL 6756910 (W.D. Va. 2015).

In reversing this Court's grant of RCSI's motion to dismiss, the Fourth Circuit held that rumors about affairs are based on sex, not conduct alone, and recognized case law from the Third and Seventh Circuit as the decisive authority on the issue. *Parker v. Reema Consulting Services, Inc.*, No. 18-1206, Docket Entry 51, (4th Cir. 2019); *McDonnell v. Cisneros*, 84 F.3d 256, 259–60 (7th Cir. 1996); *Spain v. Gallegos*, 26 F.3d 439, 448 (3d Cir. 1994). The decisions relied upon by RCSI stand for the opposite proposition as those relied upon by Plaintiff and the Fourth Circuit, such that there is a significant split amongst the circuits as to whether rumors related to sexual conduct may form the basis for a Title VII sexual harassment claim. Putting aside the

tremendous implications in the workplace where coworkers who start rumors not originating in any gender bias will now have a cause of action for harassment, Rule 10 of the Supreme Court codifies that a split among the circuit courts of appeals as to the meaning of a federal law is a principal reason that the Supreme Court should grant a petition for a writ of certiorari.

The legal question presented in the case is of significant importance to employers since the Fourth Circuit's decision eliminates the distinction between rumors based on conduct and those which reflect historical stereotypes and discrimination because of sex. Even accepting the most liberal conclusions in the Complaint, by Plaintiff's own admission, the rumors related to her conduct originated from a jealous co-worker who had not achieved a comparable level of success despite starting at the company at the same time as Plaintiff and were not "because of" her sex. There is no allegation that her co-worker's commencement of the rumor was attributable to discriminatory animus or had started because she was a woman. Instead, her co-worker fabricated a rumor, which Plaintiff acknowledges management viewed as a "BS rumor," to try to undermine her success at work by attributing it to conduct unrelated to work. The Fourth Circuit's decision would eliminate the distinction between general co-worker animus and sexual harassment, that is, harassment because of sex, and create liability under Title VII for employers for actions taken without discriminatory animus.

The significance of RCSI's petition for writ of certiorari is further reflected in the EEOC's decision to participate in Plaintiff's appeal as *amicus curiae* despite electing to dismiss Plaintiff's charge along with the involvement of the National Women's Law Center and 43 other organizations as *amici* at the Fourth Circuit. *Parker v. Reema Consulting Services¸* No. 18-1206, docket entries 23-1, 25-1 (4th Cir. 2018). These entities all recognized that the legal question presented in the appeal and Defendant's Petition is a significant issue affecting the public interest

and participated as *amici* as a result.  *Id.*  The split amongst the circuits and the public interest in having the issue resolved create a substantial likelihood that the Supreme Court will grant Defendant's Petition for Writ of Certiorari.

## The Length of the Requested Stay is Limited

The length of a stay in the present action would be dictated by the Supreme Court's action in response to RCSI's petition for writ of certiorari.  In the event that a writ of certiorari is issued and a longer stay is required, the interest of judicial economy in supporting the stay overwhelmingly favors a stay in the present action, as will be discussed below.  In the event that the Supreme Court denies RCSI's petition for a writ of certiorari, any resulting stay would be limited.  The deadline for RCSI to file its petition is May 9, 2019.  *Supreme Court Rule 13*, Docket Entry 48, Judgment of the Fourth Circuit Court of Appeals.  According to information published by the Supreme Court, the Supreme Court usually takes approximately six weeks to decide whether or not to grant a petition for writ of certiorari.  *See, e.g. A Reporter's Guide to Applications Pending Before The Supreme Court of the United States*, available at https://www.supremecourt.gov/publicinfo/reportersguide.pdf; last accessed April 4, 2019.  As a result, in the event that RCSI's petition is denied, the length of the stay requested by RCSI would be approximately three months, a small fraction of the time the case has been pending and since Plaintiff's termination occurred.

As detailed above, the present case was filed approximately one year after Plaintiff's termination and has already proceeded for nearly two years.  This is, in part, due to the actions of both parties, as the case was delayed due to the transfer in venue after the case was initially filed in the Eastern District for Virginia and Plaintiff chose to request reconsideration of the Court's dismissal before appealing the decision.  An additional three-month stay is a minor extension

which cannot be said to have any real impact or inconvenience to the parties especially given the time which has already transpired. The limited duration of any stay coupled with the seriousness of the issues involved supports the grant of RCSI's Motion.

**The Respective Burdens on the Parties and Judicial Economy Merit a Stay**

Staying the present action while RCSI files and the Supreme Court considers the Petition would prevent substantial hardship to RCSI while imposing no substantial burden on Plaintiff. In the event that the Supreme Court grants certiorari, this matter would be proceeding on two fronts, subjecting both parties to potential conflicting rulings. RCSI would also have conflicting obligations in the event that resolution of a motion or trial is contradicted by the decision of the Supreme Court. Both parties would also be forced to incur the costs of litigation which may not be necessary.

Other than a brief delay, an additional stay imposes no such comparable burden on Plaintiff. The present action is for a determination of liability and damages related to events occurring entirely in the past. According to her LinkedIn profile, Plaintiff found new employment roughly four months after her employment with Defendant concluded, such that Plaintiff's compensatory damages are already limited. *Exhibit 1*, Plaintiff's LinkedIn profile, last accessed April 8, 2019.

Plaintiff and Defendant have no continuing business relationship and there is no allegation that any of Defendant's actions are operating to create additional liability on behalf of Defendant or increasing Plaintiff's damages. The events alleged in the Complaint which are currently before this Court deal with the isolated employment events surrounding only Plaintiff. RCSI also no longer has the contract or the warehouse facility where Plaintiff worked so there is no increased haste in seeking to preserve any evidence or the testimony of any witnesses. As

such, there is no immediately apparent, tangible prejudice to Plaintiff to this Court granting a stay.

## Judicial Economy Strongly Favors a Stay

In *Int'l Refugee Assistance Project v. Trump*, this Court held that judicial economy would be served by a stay pending appeal when the resolution of the appeal would have a direct impact on the future course of the case. Particularly, this Court noted that where the Supreme Court may provide definitive guidance on key legal questions that could impact the viability of some or all of plaintiffs' claims, the consideration of judicial economy strongly counseled in favor of a stay.

Reversal of the Fourth Circuit by the Supreme Court would result in the reinstatement of the Court's Order granting the Motion to Dismiss and immediately terminate the proceedings in the present case. Since resolution of the appeal could directly terminate the present action by reinstating the dismissal of the action, RCSI's requested stay would serve judicial economy by preventing unnecessary proceedings.

Similarly, any clarification provided by the Supreme Court, either by denying the Petition or in issuing an opinion, would provide guidance as to the standards for measuring RCSI's conduct in the present action. As a result, judicial economy overwhelmingly favors staying the action pending disposition of the Petition.

## CONCLUSION

For the reasons set forth above, RCSI respectfully requests that this Court enter a stay of proceedings while RCSI's Petition for Writ of Certiorari is pending with the Supreme Court.

*/s/ Donald J. Walsh*

Donald J. Walsh (Bar # 09384)
Wright, Constable & Skeen, LLP
Attorneys for Plaintiff
7 St. Paul Street, 18th Floor
Baltimore, Maryland 21202
Telephone: (410) 659-1320
Fax:  (410) 659-1350
dwalsh@wcslaw.com