

Wright, Constable & Skeen, L.L.P.   |   Attorneys at Law

7 Saint Paul Street, 18th Floor · Baltimore, Maryland 21202 · Phone: 410-659-1300 · Fax: 410-659-1350

**GREGORY P. CURREY**
Writer's Direct Dial / Email:
(410) 659-1354 / gcurrey@wcslaw.com

April 12, 2019

**Via the Court's CM/ECF System**

The Honorable Theodore D. Chuang
United States District Court for
     The District of Maryland
6500 Cherrywood Lane, Suite 245A
Greenbelt, Maryland 20770

> RE:   *Parker v. Reema Consulting Services, Inc.*
>          Civil Action No. 8:17-cv-01648-TDC
>          Pre-Motion Notice - Motion to Stay

Dear Judge Chuang:

Defendant Reema Consulting Services, Inc. ("RCSI") intends to file a Motion to Stay the present action pending the filing and disposition of a Petition for Writ of Certiorari to the United States Supreme Court.

Alleging an illegal termination from RCSI in May, 2016, Plaintiff commenced the present action on or about May 15, 2017 in the United States District Court for the Eastern District of Virginia. Compl., Docket Entry 1. After this matter was transferred to this Court, RCSI refiled its Motion to Dismiss. Motion to Dismiss, Docket Entry Docket Entry 31. On December 7, 2017, this Court granted RCSI's Motion to Dismiss and on January 19, 2018, denied Plaintiff's Motion for Reconsideration. Order on Motion to Dismiss, Docket Entry 39; Order on Motion for Reconsideration, Docket Entry 42. On February 16, 2018, Plaintiff filed a Notice of Appeal.

The Court of Appeals reversed this Court's dismissal of the present action on February 8, 2019. Under Rule 13 of the Rules of the Supreme Court of the United States, RCSI has 90 days to file a petition for writ of certiorari with the United States Supreme Court. The deadline for RCSI to file its petition is May 9, 2019.

RCSI intends to file a Petition for Writ of Certiorari ("the Petition") to resolve the split among the federal circuits related to the legal issues presented in this case, specifically whether rumors related to conduct may form the basis for a sexual harassment claim. This case presents a substantial legal question impacting employers across the county who now face liability for the actions of employees who exhibit no gender bias but are only jealous of a coworker's success. Even more to the point demonstrating the significance of this decision is the sheer number of entities, including the EEOC, which joined the appeal as amici due to their stated interest in its outcome.

{00388178v. (15424.00002)}

RCSI is seeking a stay of the present action while the Supreme Court decides whether to grant RCSI's petition for writ of certiorari and through any further proceedings before the Supreme Court. Allowing the case to proceed pending a decision on RCSI's petition for writ of certiorari would unduly burden the parties and increase their litigation costs, undermine RCSI's right to seek appropriate relief in the Supreme Court and would present no impediment to Plaintiff's pursuant of this action if necessary.

RCSI's Motion is premised on colorable, good-faith arguments. "The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). The Court considers the following factors when determining whether to grant a stay, "the length of the requested stay, the hardship that the movant would face if the motion were denied, the burden a stay would impose on the nonmovant, and whether the stay would promote judicial economy by avoiding duplicative litigation." *Donnelly v. Branch Banking & Trust Co.*, 971 F.Supp.2d 495, 501 (D. Md. 2013) (quoting In re Mut. Funds Inv. Litig., No. MDL 1586, 2011 WL 3819608, at *1 (D. Md. Aug. 25, 2011)).

This discretion has been appropriately recognized when an appellate decision may impact the proceedings before the district court. "A district court ordinarily has discretion to delay proceedings when a higher court will issue a decision that may affect the outcome of the pending case." *White v. Ally Fin. Inc.*, 969 F.Supp.2d 451, 461–62 (S.D.W. Va. 2013) (first citing *Kelley v. Metro. Cty. Bd. of Educ.*, 436 F.2d 856, 863 (6th Cir. 1970) (Celebrezze, J., concurring in part and dissenting in part); and then citing *Hickey v. Baxter*, 833 F.2d 1005 (4th Cir. 1987) (unpublished table decision)).

Looking at the factors at a Court will consider, the length of a stay in the present action would be dictated by the Supreme Court's action in response to RCSI's petition for writ of certiorari. In the event that a writ of certiorari is issued and a longer stay is required, the interest of judicial economy in supporting the stay overwhelmingly favors a stay in the present action. In the event that the Supreme Court denies RCSI's petition for a writ of certiorari, any resulting stay would be limited. The deadline for RCSI to file its petition is May 9, 2019. According to information published by the Supreme Court, the Supreme Court usually takes approximately six weeks to decide whether or not to grant a petition for writ of certiorari. *See, e.g. A Reporter's Guide to Applications Pending Before The Supreme Court of the United States*, available at https://www.supremecourt.gov/publicinfo/reportersguide.pdf; last accessed April 4, 2019. As a result, in the event that RCSI's petition is denied, the length of the stay requested by RCSI would be approximately three months.

Staying the present action while RCSI files and the Supreme Court considers the Petition would prevent substantial hardship to RCSI while imposing no substantial burden on Plaintiff. In the event that the Supreme Court grants certiorari, this matter would be proceeding on two fronts, subjecting both parties to potential conflicting rulings. RCSI would also have conflicting obligations in the event that resolution of a motion or trial is contradicted by the decision of the Supreme Court. Both parties would also be forced to incur the costs of litigation which may not be necessary.

Other than a brief delay, an additional stay imposes no such comparable burden on Plaintiff. The present action is for a determination of liability and damages related to events occurring entirely in the past. According to her LinkedIn profile, Plaintiff found new employment roughly four months after her

{00388178v. (15424.00002)}

*Parker v. Reema Consulting Services, Inc.*
Civil Action No. 8:17-cv-01648-TDC
April 12, 2019
Page 3

employment with RCSI concluded, such that Plaintiff's compensatory damages are already limited. Plaintiff and RCSI have no continuing business relationship and there is no allegation that any of RCSI's actions are operating to create additional liability on behalf of RCSI or increasing Plaintiff's damages. The events alleged in the Complaint which are currently before this Court deal with the isolated employment events surrounding only Plaintiff. RCSI also no longer has the contract or the warehouse facility where Plaintiff worked so there is no increased haste in seeking to preserve any evidence or the testimony of any witnesses. As such, there is no immediately apparent, tangible prejudice to Plaintiff to this Court granting a stay.

In *Int'l Refugee Assistance Project v. Trump*, 323 F.Supp.3d 726, 732 (D. Md. 2018), this Court held that judicial economy would be served by a stay pending appeal when the resolution of the appeal would have a direct impact on the future course of the case. Particularly, this Court noted that where the Supreme Court may provide definitive guidance on key legal questions that could impact the viability of some or all of plaintiffs' claims, the consideration of judicial economy strongly counseled in favor of a stay.

Reversal of the Fourth Circuit by the Supreme Court would result in the reinstatement of the Court's Order granting the Motion to Dismiss and immediately terminate the proceedings in the present case. Since resolution of the appeal could directly terminate the present action by reinstating the dismissal of the action, RCSI's requested stay would serve judicial economy by preventing unnecessary proceedings.

Similarly, any clarification provided by the Supreme Court, either by denying the Petition or in issuing an opinion, would provide guidance as to the standards for measuring RCSI's conduct in the present action. As a result, judicial economy overwhelmingly favors staying the action pending disposition of the Petition.

Plaintiff's counsel has indicated that they oppose a stay such that the matter at issue cannot be resolved without a motion.

Sincerely,

Gregory P. Currey

Cc: All counsel of record via CM/ECF