

Fish & Richardson P.C.
1000 Maine Avenue, S.W.
Suite 1000
Washington, DC 20024

202 783 5070 main
202 783 2331 fax

August 13, 2019

Honorable Theodore J. Chuang
United States District Court
6500 Cherrywood Lane
Suite 245A
Greenbelt, MD 20770

**Daniel A. Tishman**
Principal
tishman@fr.com
202 626 7725  direct

Re:   *Parker v. Reema Consulting Services, Inc.*, Civ. No. TDC-17-1648
      Notice of Intent to File a Motion to Compel

Dear Judge Chuang:

Plaintiff Evangeline J. Parker seeks leave to file a Motion to Compel Defendant Reema Consulting Services, Inc. ("Reema") to answer Parker's Interrogatories Nos. 5 and 6.  Ms. Parker served her first set of Interrogatories on May 3, 2019.  Interrogatories Nos. 5 and 6 seek instances in which Mr. Larry Moppins and Mr. Donte Jennings have violated Reema's policies:

> INTERROGATORY NO. 5: Fully describe each instance in which Larry Moppins violated a policy or practice of Defendant and whether and how he was disciplined (including but not limited to the termination of his employment). A complete answer should include, but is not limited to, the following:
> a) identification of each such individual and which policy or practice was violated;
> b) a description of whether and why each infraction merited disciplinary action;
> c) a description of the disciplinary measures taken;
> d) identification of each person who participated in the decision whether or not to discipline Mr. Moppins, including a description of each person's role in the decision-making process;
> e) a description of each communication relating to such disciplinary action taken; and
> f) an identification of which disciplinary policy or practice Defendant applied in each such instance.

> INTERROGATORY NO. 6: Fully describe each instance in which Donte Jennings violated a policy or practice of Defendant and whether and how he was disciplined (including but not limited to the termination of his employment). A complete answer should include, but is not limited to, the following:
> a) identification of each such individual and which policy or practice was violated;
> b) a description of whether and why each infraction merited disciplinary action;
> c) a description of the disciplinary measures taken;



Honorable Theodore J. Chuang
August 13, 2019
Page 2

> d) identification of each person who participated in the decision whether or not to discipline Mr. Jennings, including a description of each person's role in the decision-making process;
> e) a description of each communication relating to such disciplinary action taken; and
> f) an identification of which disciplinary policy or practice Defendant applied in each such instance.[1]

Reema served its Amended Responses to Parker's first set of interrogatories on June 18, 2019, but refused to provide any response to Interrogatories Nos. 5 and 6, objecting on relevance grounds. On June 24, 2019, counsel for Ms. Parker wrote to counsel for Reema requesting that Reema address the deficiencies in its Interrogatory responses. On July 8, 2019, Reema's counsel responded in a letter to Ms. Parker's counsel maintaining its objections to Interrogatories Nos. 5 and 6. Following this correspondence, counsel for each party met and conferred in an effort to resolve their dispute. During the meet and confer, Ms. Parker's counsel explained the relevance of the information sought, and offered to narrow the scope of Interrogatories 5 and 6 by identifying exemplary infractions analogous to the conduct at issue in the Complaint in order to clearly link the requested information to Ms. Parker's hostile work environment and retaliation claims. Despite this proposed narrowing, Reema indicated, in an email dated August 1, 2019, that it stood by its objections. On August 8, 2019, counsel for Ms. Parker notified Reema's counsel of its intent to provide a Notice of Motion to the Court.

As narrowed, Interrogatories Nos. 5 and 6 request Reema to disclose instances in which Mr. Larry Moppins and Mr. Donte Jennings violated Reema's policies or practices, including, but not limited to, instances of "fighting or threatening violence in the workplace," "boisterous or disruptive activity in the workplace," "insubordination or other disrespectful conduct," "sexual or other unlawful or unwelcome harassment," "violation of personnel policies," and "unsatisfactory performance or conduct," as described in Reema's Employee Handbook. Messrs. Moppins and Jennings are among the key individuals alleged to have been directly involved in circulating the rumor at issue and creating the hostile work environment Ms. Parker suffered, that ultimately lead to her termination. Accordingly, Ms. Parker is entitled to a disclosure of all of Messrs. Moppins's and Jennings's violations of Reema's policies or practices to demonstrate pretext and/or establish patterns of behaviors relevant to Ms. Parker's hostile work environment and retaliation claims. Insofar as Messrs. Moppins and Jennings were accused

---

[1] In addition, Reema has not yet provided a response to Interrogatory No. 10, which seeks the identity and employment records of the female employees reporting to Plaintiff's supervisor. However, after the parties met and conferred, Reema committed to supplement its response to this Interrogatory. Although Reema has not yet provided its supplemental response, Plaintiff is not seeking leave to move to compel on that response at this time, given Reema's commitments.


of similarly mistreating employees in recent years, such information is highly relevant to rebutting Reema's defense that Ms. Parker's allegations of Messrs. Moppins's and Jennings's misconduct towards her are untrue. Moreover, if Messrs. Moppins and Jennings were accused of infractions similar to those for which Ms. Parker was terminated, such infractions are relevant to establish pretext. Whatever discipline these individuals faced for their rule violations is particularly relevant to Ms. Parker's claim of retaliation.

      For these reasons, Ms. Parker seeks leave from the court to file a motion to compel Reema to respond to Parker's modified Interrogatories Nos. 5 and 6.

Sincerely,

Daniel A. Tishman