

Wright, Constable & Skeen, L.L.P. | Attorneys at Law

7 Saint Paul Street, 18th Floor · Baltimore, Maryland 21202 · Phone: 410-659-1300 · Fax: 410-659-1350

**GREGORY P. CURREY**
Writer's Direct Dial / Email:
(410) 659-1354 / gcurrey@wcslaw.com

August 22, 2019

**Via ECF**

The Honorable Gina L. Simms
United States District Court for
 The District of Maryland
6500 Cherrywood Lane
Greenbelt, MD  20770

> RE: *Parker v. Reema Consulting Services, Inc.*
> Case No.: 8:17-cv-01648-TDC

Dear Judge Simms:

In response to Plaintiff's counsel's letter dated August 13, 2019, ECF 74, Defendant Reema Consulting Services, Inc. ("RCSI") stands by its objections to Interrogatories Nos. 5 and 6.  Contrary to the assertions in Plaintiff's letter, the information sought by Plaintiff is not analogous nor seeking information which is analogous to the conduct alleged in the Complaint. The information sought is also not likely to lead to the discovery of evidence relevant to Plaintiff's claims that she experienced a hostile work environment because of a false rumor spread in the workplace or that the reasons advanced for her termination were pretextual.  Rather than stick to what is relevant, Plaintiff appears to be seeking inadmissible and irrelevant evidence which she believes makes her story more believable.

The Complaint and underlying Charge allege that Mr. Moppins and Mr. Jennings participated in creating and spreading a rumor which created a hostile work environment for Plaintiff.  Plaintiff then alleges that she was terminated in retaliation for complaining about these rumors and that the stated reasons for her termination were pretext for discrimination.

The information sought through Interrogatories 5 and 6, however, is not limited to these acts and Plaintiff seeks all violations of any company policy or practice by Mr. Moppins and Mr. Jennings, respectively, and all discipline they received as a result of such violations.  This request is facially overbroad; it includes any violation of any policy or practice, no matter how mundane and without regard to whether it relates to Plaintiff or even occurred during her tenure with RCSI.  The request was not even remotely narrowed to discipline related to Plaintiff or

Parker v. Reema Consulting Services, Inc.
Case No.: 8:17-cv-01648-TDC
August 22, 2019
Page 2

arising from interactions with Plaintiff and provides no effort to causally connect such conduct to her allegations.

Both in Plaintiff's letter and in the communications between counsel, Plaintiff's counsel provides no explanation as to how these requests are relevant to whether Mr. Moppins or Mr. Jennings perpetrated false rumors about Plaintiff or whether Plaintiff's termination was pretext for her complaints about the false rumors. Evidence of other, dissimilar misconduct by Mr. Moppins or Mr. Jennings and any discipline they received would not provide evidence that the reasons provided for Plaintiff's termination were false or otherwise a pretext for discrimination. Neither Mr. Moppins nor Mr. Jennings were similarly situated to Plaintiff - as her Complaint expressly acknowledges, Mr. Moppins was a supervisory employee and Mr. Jennings was a lower level employee. Discovery on these issues would serve no purpose other than to attempt to solicit evidence that would be an attempt to create an extreme inference that since they were disciplined in some fashion for some unrelated offense, they engaged in the conduct complained of by Plaintiff such that any use would be barred by Rule 404(b)(1).

To the extent that Plaintiff's arguments are related to pretext, Plaintiff neglects to mention that Defendant answered Interrogatory No. 4, which sought information related to how others who engaged in the specific misconduct for which Plaintiff was ever disciplined was disciplined.

> INTERROGATORY NO. 4: For each infraction described in response to Interrogatory No. 3, identify each employee of Defendant who engaged in similar behavior, and fully describe whether and how each such individual was disciplined. A complete answer should include, but is not limited to, the following:
> a) identification of each such individual and infraction;
> b) a description of whether and why each infraction merited discipline;
> c) a description of the disciplinary measures taken;
> d) identification of each person who participated in the decision whether or not to discipline; including a description of each person's role in the decision-making process;
> e) a description of each communication relating to such disciplinary action taken; and
> f) an identification of which disciplinary policy or practice Defendant applied in each such instance.
>
> RESPONSE: Defendant objects to this interrogatory as it is overbroad, unduly burdensome and not likely to lead to the discovery of relevant evidence. This request seeks information related to individuals over an undefined period and is not limited to individuals in similar roles, with similar supervisors or with similar responsibilities to Plaintiff. Plaintiff's claims of disparate treatment were dismissed and the foregoing request is not likely to lead to the discovery of

evidence relevant to any remaining claim. Subject to and notwithstanding the foregoing objection, the circumstances leading to Plaintiff's termination were unique to her such that there are no comparable employees who engaged in similar behavior.

The information sought in Interrogatory No. 4 related to how others who engaged in the same misconduct that Plaintiff was disciplined for were disciplined, to which RCSI's response is that there were no other comparable employees, is the only information arguably related to pretext. Plaintiff has not challenged this response. How RCSI disciplined two specific employees holding different positions than Plaintiff under different circumstances for different violations of RCSI policies has no bearing on whether the reasons for Plaintiff's termination were pretextual.

RCSI respectfully maintains that the information sought by Plaintiff in Interrogatories Nos. 5 and 6 is not discoverable. Counsel for RCSI would be happy to participate in a conference call with opposing counsel and your Honor to discuss any further questions that you may have in an attempt to resolve this dispute. Thank you.

Sincerely,

*/s/ Gregory P. Currey*

Gregory P. Currey

cc:    All Counsel of Record (via ECF)

{00394994v. (15424.00002)}