

Wright, Constable & Skeen, L.L.P. │ Attorneys at Law

7 Saint Paul Street, 18th Floor · Baltimore, Maryland 21202 · Phone: 410-659-1300 · Toll Free: 1-888-894-7602 · Fax: 410-659-1350

**GREGORY P. CURREY**
Writer's Direct Dial / Email:
(410) 659-1354 / gcurrey@wcslaw.com

June 15, 2020

**Via ECF**

The Honorable Gina L. Simms
United States District Court for
The District of Maryland
6500 Cherrywood Lane
Greenbelt, MD  20770

> RE:   *Parker v. Reema Consulting Services, Inc.*
>        Case No.: 8:17-cv-01648-TDC

Dear Judge Simms:

Pursuant to Section II.A.1. of the Case Management Order entered in this matter, Defendant Reema Consulting Services, Inc. ("RCSI") and Olgoonik Development, LLC ("Olgoonik") hereby file this Notice of Intent to File a Motion to Quash Plaintiff's Subpoena issued to Olgoonik Development, LLC and for Protective Order.  In accordance with Section II.A.1., RCSI hereby requests a Pre-Motion Conference on this Notice.

After RCSI lost the government contract pursuant to which Plaintiff and all other employees relevant to the present matter were employed, Larry Moppins went to work for Olgoonik Development, LLC.  Mr. Moppins could not have been hired by Olgoonik Development, LLC until well after the events set forth in the Complaint.  On or about June 3, 2020, Plaintiff served a subpoena on Olgoonik Development, LLC containing the following requests for documents in addition to a request for a deposition:

> "REQUEST FOR PRODUCTION NO. 1: All documents and information
> included in the employment and personnel file, created, prepared, or maintained
> by You for Mr. Larry Moppins.
> REQUEST FOR PRODUCTION NO. 2: All communications, whether written or
> electronic, regarding, relating to, or referring the hiring or termination of Mr.
> Larry Moppins.
> REQUEST FOR PRODUCTION NO. 3: Each evaluation or appraisal of work
> performed for You by Mr. Larry Moppins at any time."

*Exhibit 1*, Subpoena to Olgoonik Development, LLC.  RCSI further notes that no evidence has been provided to confirm or deny whether Mr. Moppins engaged in any improper conduct while at Olgoonik Development, LLC prior to Plaintiff issuing the subpoena.

{00412719v. (15424.00002)}

Parker v. Reema Consulting Services, Inc.
Case No.: 8:17-cv-01648-TDC
June 15, 2020
Page 2

Defendant asserts that the information sought is not relevant to Plaintiff's claims that she experienced a hostile work environment at RCSI because of a false rumor spread in the workplace or that the reasons advanced for her termination from RCSI were pretextual.  Mr. Moppins 'actions at Olgoonik, with other employees and years after his relationship with RCSI ended are irrelevant to the current dispute.  There is no possible relevance to arguing that actions taken outside of RCSI's control or involvement are now attributable to it.  Permitting the introduction of any such allegations to be introduced into this proceeding would result in the parties pursuing the facts and circumstances of a completely collateral claim concerning multiple third parties.

Moreover, Defendant asserts that the subpoena was issued in bad faith as it seeks information that this Court has already ruled is not relevant to Plaintiff's claims or Defendant's defenses.  On September 3, 2019, this Court issued a ruling that discovery into personnel matters related to Larry Moppins would be limited to specific subjects during the term of Plaintiff's employment with RCSI.  *ECF No. 80.*  Rather than stick to what the Court has already ruled is relevant discovery, Plaintiff is now seeking irrelevant and inadmissible evidence related to  Mr. Moppins 'conduct at Olgoonik long after the events underlying the Complaint and underlying Charge of Discrimination.  The request is not relevant and simply seeks information which Plaintiff hopes would be embarrassing or damaging to a key witness in an attempt to harass and intimidate him.  Pursuant to the Court's prior rulings, the subpoena to Olgoonik Development, LLC must be quashed.

On June 10, 2020, the parties met and conferred during a telephonic conference but were unable to reach agreement.  Plaintiff objected to RCSI's standing, refused to withdraw the subpoena and refused to discuss limiting the scope of discovery with counsel for RCSI while acknowledging that it would be willing to discuss limiting the scope of discovery with Olgoonik Development, LLC, if required.  RCSI reiterated that it had standing as it has a legitimate interest in the discovery as it is irrelevant, seeks to intimidate and harass a key witness in the case, impair its defense by eliciting irrelevant and inadmissible information about Mr. Moppins which have nothing to do with RCSI and which occurred when he was not even engaged by RCSI..

In the communications between counsel, Plaintiff's counsel provided no explanation as to how these requests are relevant to whether Mr. Moppins perpetrated false rumors about Plaintiff in 2016 while employed by RCSI or whether Plaintiff's termination was pretext for her complaints about the false rumors. Evidence of other, dissimilar misconduct by Mr. Moppins and any discipline he received at Olgoonik would not be admissible nor would it provide evidence that the reasons provided for Plaintiff's termination were false or otherwise a pretext for discrimination.   Discovery on these issues would serve no purpose other than to attempt to solicit evidence that would be an attempt to create an improper inference that since he was disciplined in some fashion for some unrelated offense, he engaged in the conduct complained of by Plaintiff such that any use would be barred by Rule 404(b)(1).

{00412719v. (15424.00002)}

Parker v. Reema Consulting Services, Inc.
Case No.: 8:17-cv-01648-TDC
June 15, 2020
Page 3


In addition to lack of relevancy, Olgoonik Development, LLC objects to the disclosure of the information sought by Plaintiff on privacy grounds. Olgoonik's personnel and employment records, including materials pertaining to hiring, termination, and work appraisals, are kept confidential to protect the privacy of current and former employees. Plaintiff must also be precluded from inquiring into these irrelevant and confidential matters in deposition of Olgoonik's representative, which is currently scheduled to begin on June 30, 2020.

RCSI respectfully maintains that the information sought by Plaintiff in the subpoena to Olgoonik Development, LLC is not discoverable and is in direct violation of this Court's Order dated September 3, 2019.  Moreover, Olgoonik objects to the disclosure of the information requested due to employee privacy concerns. Thus, RCSI and Olgoonik hereby request that the Subpoena to Olgoonik Development, LLC hereby be quashed and Olgoonik Development, LLC be directed not to produce documents in response to the subpoena. Counsel for RCSI and Olgoonik hereby request a conference call with opposing counsel and your Honor to discuss any further questions that you may have in an attempt to resolve this dispute.  Thank you.


Sincerely,

*/s/ Gregory P. Currey*

Gregory P. Currey
*On behalf of Defendant Reema Consulting Services, Inc.*

and


By:      ____/s/  with permission_____
Joshua Hoffman
Franklin & Prokopik, P.C.
2325 Dulles Corner, Blvd.
Suite 1150
Herndon, VA 20171
Phone: 703-793-1800
Fax: 703-793-0298
jhoffman@fandpnet.com
*On behalf of Olgoonik Development, LLC*


cc:     All Counsel of Record (via ECF)

{00412719v. (15424.00002)}