**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF                                                                    6500 Cherrywood Lane
TIMOTHY J. SULLIVAN                                                   Greenbelt, Maryland 20770
UNITED STATES MAGISTRATE JUDGE                         Telephone: (301) 344-3593
                                                                              MDD_TJSchambers@mdd.uscourts.gov

August 21, 2020

**ORDER SCHEDULING SETTLEMENT CONFERENCE**

RE:    *Parker v. Reema Consulting Services, Inc.*
         Civil Case No. TDC-17-1648

Dear Counsel:

The above referenced case has been referred to me to conduct a settlement conference. Please be advised that the settlement conference will be held remotely and not in person. I am scheduling the settlement conference for **Monday, October 19, 2020 at 10:00 a.m.** Instructions on how the settlement conference will be conducted will be provided closer to the settlement conference date. Please review this letter carefully, as it is an Order of the Court that establishes certain prerequisites that must be fulfilled prior to the commencement of the settlement conference.

It is essential that the parties, or in the case of a corporation, partnership, or government entity, a representative, with complete authority to enter into a binding settlement, participate. A person with "complete authority" is someone who has the experience and judgment to exercise that authority without having to consult with anyone who is not participating in the settlement conference.[1] Participation by the attorney for a party is not sufficient. Please also be advised that the conference may last until 5:00 p.m., and all those participating should plan accordingly.

No later than **Monday, October 5, 2020** I would like to receive a short ex parte letter by email (MDD_TJSchambers@mdd.uscourts.gov). The ex parte letter should **NOT EXCEED FIVE PAGES**, from each party and should candidly set forth the following:

(1)    facts you believe you can prove at trial;
(2)    the major weaknesses in each side's case, both factual and legal;
(3)    reference to any pending dispositive or other motions that would have a significant effect on settlement for the Court to review prior to settlement (please include a copy of the motion(s) and the docket number(s) and highlight and tab the relevant portions);
(4)    an evaluation of the maximum and minimum damage awards you believe likely, and the amount of any existing liens;
(5)    the history of any settlement negotiations to date;
(6)    estimate of attorneys' fees and costs of litigation through trial; and

---

[1] This requirement will only be waived upon a showing of exceptional circumstances. If making such a request, counsel should promptly file a letter by electronic mail (MDD_TJSchambers@mdd.uscourts.gov) setting forth the extenuating circumstance(s) that would warrant excusal of a party or party representative. I will consider the request only after the receipt and review of the ex parte letters as set forth below.

Civil Case No. TDC-17-1648
August 21, 2020
Page 2

(7)      the name and title of the individual(s) who will be attending the conference.

The letters may be submitted ex parte and will be solely for my use in preparing for the settlement conference.  I also will review select pleadings in the court file.  Additionally, if you want me to review any case authorities that you believe are critical to your evaluation of the case, please identify.  If you want me to review any exhibits or deposition excerpts, please attach a copy to your letter by email.

Since settlement conferences are often more productive if the parties have previously exchanged demands and offers and have made a good faith effort to settle the case on their own, I require that the plaintiff submit a written itemization of damages and a settlement demand to the defendant prior to the settlement conference. The defendant shall submit a written offer to the plaintiff and any alternate itemization of damages within one week of receiving the demand. Thereafter, the parties should continue to engage in negotiations. The correspondence between the parties shall be included with the ex parte letters submitted to the Court.[2]

**FAILURE TO COMPLY WITHOUT JUSTIFICATION MAY RESULT IN THE IMPOSITION OF SANCTIONS.**

The settlement conference process will be confidential and disclosure of confidential dispute resolution communications is prohibited.  *See* 28 U.S.C. § 652(d); Local Rule 607.4.

Notwithstanding the informal nature of this letter, it is an Order of the Court and the Clerk is directed to docket it as such.

Sincerely yours,

/s/

Timothy J. Sullivan
United States Magistrate Judge

cc:      Judge Chuang
Court File

---

[2] Please note that the American Bar Association Standing Committee on Ethics and Professional Responsibility has issued a Formal Opinion (No. 93-370) that precludes a lawyer, absent informed client consent, from revealing to a judge the limits of the lawyer's settlement authority or the lawyer's advice to the client regarding settlement.  The opinion does not preclude a judge, in seeking to facilitate a settlement, from inquiring into those matters. Therefore, please discuss these items with your client before appearing for the settlement conference.