

Wright, Constable & Skeen, L.L.P.   |   Attorneys at Law

7 Saint Paul Street, 18th Floor · Baltimore, Maryland 21202 · Phone: 410-659-1300 · Fax: 410-659-1350

**DONALD J. WALSH, ESQ.**
Writer's Direct Dial / Email:
(410) 659-1320 / dwalsh@wcslaw.com

December 11, 2020

**Via the Court's CM/ECF System**

The Honorable Theodore D. Chuang
United States District Court for
   The District of Maryland
6500 Cherrywood Lane, Suite 245A
Greenbelt, Maryland 20770

      RE:   *Parker v. Reema Consulting Services, Inc.*
              Civil Action No. 8:17-cv-01648-TDC
              <u>Pre-Motion Notice - Motion for Summary Judgment</u>

Dear Judge Chuang:

      As set forth in the Joint Status Report, docket entry 111, filed on October 30, 2020, Defendant Reema Consulting Services, Inc. ("RCSI") intends to file a Motion for Summary Judgment as to all claims filed by Plaintiff Evangeline Parker. Consistent with the Parties' proposed briefing schedule set forth in the Joint Status Report, unless otherwise directed by this Court, Defendant RCSI intends to file its Motion for Summary Judgment on December 15, 2020.

      Alleging an illegal termination from RCSI in May, 2016, Plaintiff commenced the present action on or about May 15, 2017. Although this case has a storied past taking it to the Fourth Circuit Court of Appeals and back, it is critical to note that the Fourth Circuit Decision was based entirely on the Court's initial grant of a Motion to Dismiss premised solely on the allegations in the Complaint. After having the full benefit of discovery to demonstrate the truth of those allegations, it has become abundantly clear that the allegations raised in the Complaint are not factually supportable.

      Plaintiff's hostile work environment claim is premised upon her allegation that she was the subject of a rumor that she had had a romantic relationship with a supervisor. After the completion of discovery, however, there is no genuine dispute that there was no a rampant rumor nor can Plaintiff prove that she was subjected to an actionable hostile work environment under Title VII. Plaintiff's own testimony demonstrates that the alleged rumor did not alter her working conditions, was only of an extremely limited scope and duration and was based only on her perceptions that it existed not her actually hearing it from anyone at RCSI. The undisputed testimony from other witnesses at RCSI demonstrates that they were unaware of any rumor about Ms. Parker. In fact, the record demonstrates that Plaintiff disseminated the rumor when she accused her subordinates of spreading the rumor.

{00424602v. (15424.00002)}

*Parker v. Reema Consulting Services, Inc.*
Civil Action No. 8:17-cv-01648-TDC
December 11, 2020
Page 2

RCSI is also entitled to summary judgment on Ms. Parker's retaliation claim because she cannot establish a prima facie case and she was terminated for legitimate, non-retaliatory reasons. Ms. Parker's subordinates complained about abusive conduct by Ms. Parker. When her supervisor attempted to discuss the subordinates' complaint with Ms. Parker, she became so combative that even she concedes her behavior was insubordinate. Human Resources conducted investigations of the subordinates' claims as well as Ms. Parker's allegation regarding the rumor and concluded that the claims of the rumor could not be substantiated and, in fact, Ms. Parker herself was responsible for perpetuating the rumor when she accused subordinates of spreading it to "set things straight." To avoid any further conflict, HR cautioned employees to not engage in rumors, RCSI reinforced its anti-harassment policies, and accelerated its annual facility-wide training.

Ms. Parker was also instructed to stay away from one employee (Donte Jennings) who Ms. Parker had accused of having started a rumor to avoid further conflict between her and Mr. Jennings. Despite these efforts, a few days later Mr. Jennings complained to HR that Ms. Parker continued to confront him. RCSI's Human Resources Director investigated Mr. Jennings' complaint and concluded that Ms. Parker had violated the directive and that she was further demonstrating a lack of managerial discretion and good judgment.

RCSI's Motion is premised on colorable, good-faith arguments. The evidence adduced by the parties in discovery established that Ms. Parker cannot prove that she was subjected to a hostile work environment, as she cannot prove that (1) she experienced "severe and pervasive" harassment; 2) that such harassment altered the conditions or her employment, or (3) that there is a basis to impute liability on RCSI. In addition, there is no genuine dispute of material fact that the reasons provided by RCSI for her termination were a pretext for discrimination, as required under the burden-shifting framework espoused in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).

Plaintiff's counsel has previously indicated that they oppose Defendant's position such that the matter at issue cannot be resolved without a motion.

Sincerely,

/s/ *Donald J. Walsh*

Donald J. Walsh

cc: All counsel of record via CM/ECF