## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

EVANGELINE J. PARKER,

Plaintiff,

v.

REEMA CONSULTING SERVICES, INC.,

Defendant.

Civil Action No. TDC-17-1648

## PRETRIAL SCHEDULING ORDER

This Order confirms the trial date and pretrial deadlines set out by the Court in the May 28, 2021 telephone status conference.

| | |
|---|---|
| November 1, 2021 | Motions *in limine* |
| November 8, 2021 | Motions *in limine* memoranda in opposition |
| November 8, 2021 | Pretrial Order (*see* Local Rule 106.2), and joint proposed voir dire, joint proposed jury instructions, and joint proposed special verdict forms |
| December 1, 2021, at 9:00 a.m. | Pretrial Conference |
| December 6, 2021 at 9:00 a.m. | Jury Trial (8 days) (in person) |

Attached to this Order are the Court's standing pretrial and trial instructions. The parties are expected to familiarize themselves with these instructions and to comply with them.

Date: June **4**, 2021



THEODORE D. CHUANG
United States District Judge

**PRETRIAL AND TRIAL INSTRUCTIONS TO COUNSEL (CIVIL)**

I.     **Pretrial Instructions to Counsel**

    A.     **Voir Dire Questions and Jury Instructions**

       You will be directed to file joint proposed voir dire questions, joint proposed jury instructions on issues specifically relating to this case, and joint proposed special verdict forms. The Court will provide you with its templates containing its standard general voir dire questions and jury instructions. The parties are expected to use these templates and to add case-specific voir dire questions and jury instructions in the same format.

       Your joint proposed voir dire questions should include a brief proposed statement to be read to the venire panel explaining the nature of the case in general terms.

       Because the Court will provide jury instruction templates addressing general legal principles, your joint proposed jury instructions should instead be limited to instructions on the substantive law and any other instructions that the parties specifically seek to be given in this case. The proposed jury instructions should (a) be typed one instruction per page, (b) be numbered and assembled in the order in which you request they be read to the jury, and (c) include footnote citations of the authorities supporting the instruction with each specific sentence or portion of the instruction covered by an individual authority clearly marked with a footnote identifying that authority.

       For any voir dire questions, jury instructions, and special verdict form questions upon which you cannot agree, you should note objections or proposed alternative language in the joint submission. Copies of all your joint proposed voir dire questions, jury instructions, and special verdict forms should be submitted to Chambers in hard copy and via email in Microsoft Word format to mdd_tdcchambers@mdd.uscourts.gov.

    B.     **Guaranteeing Witness Availability**

       Absent emergency circumstances, a party will guarantee the presence at trial of any witness that party lists in the pretrial order, in accordance with Local Rule 106.2(i), as "expecting to present" at trial.

    C.     **Disclosure of Opinions of Expert Witnesses**

       In addition to the information required by Local Rule 106.2(j), the pretrial order shall include for each party a concise summary of the opinion testimony expected from each witness identified by that party pursuant to Fed. R. Civ. P. 26(a)(2)(A) and (B) who may testify at trial. The parties shall identify those witnesses

designated pursuant to Rule 26(a)(2)(B) separately from those designated pursuant to Rule 26(a)(2)(C).

**D.     Use of Courtroom Equipment**

The Court has available for your use electronic evidence presentation systems. Information about the systems and training opportunities can be found on the Court's website. The Court prefers that to the extent possible, documents be shown to witnesses using the electronic systems. Accordingly, **counsel is responsible for becoming familiar with the equipment so that it can be used properly and without unnecessary delay.** You may contact the Courtroom Deputy Clerk to schedule a time to receive instruction on and to test the courtroom equipment prior to trial.

**E.     Exhibits**

1.     Please be prepared to advise me at the pretrial conference if there are any objections to the documents and exhibits listed in the pretrial order in accordance with Local Rule 106.2(h). **Any objections not disclosed at that time, other than objections under Fed. R. Evid. 401 and 403, shall be deemed waived at trial, unless excused for good cause shown.**

2.     Each discrete exhibit must have a unique identifying exhibit number. For example, each photograph, financial instrument, bank statement, or other record must have a unique exhibit number even if related to other exhibits. Multi-page documents, such as a contract or a lease, may have a single exhibit number only if the document's pagination was established in the original document.

3.     **You must pre-mark exhibits in accordance with instructions provided by the Courtroom Deputy Clerk.** All exhibits must be tagged with an exhibit sticker and numbered prior to trial. Do not separately identify exhibits as "Plaintiff's" or "Defendant's." Plaintiff's exhibits should be numbered as Exhibits 1-99. Defendant's exhibits should be numbered as Exhibits 100-199. If the Plaintiff has more than 100 exhibits, Defendant's exhibits should start at 200 or whatever other number that will safely permit each side's exhibits to be numbered consecutively. No exhibit designation may begin with a letter. However, logically grouped or late-inserted exhibits may have a letter at the end. E.g., Exhibit 105A.

4.     Any exhibit that is not offered for admission but is shown to a witness, such as a deposition transcript or other impeachment material, should be marked for identification only. Any exhibits marked for identification only should be marked with a letter, not a number. Plaintiff's exhibits marked for identification only should be marked as Exhibits A-Z. Defendant's exhibits marked for identification only should be marked as Exhibits AA-ZZ. If a

2

party using an exhibit marked for identification only seeks to have that exhibit admitted, it must formally move for its admission and assign it a number.

5. You must meet with opposing counsel prior to trial to review and make available for copying one another's exhibits in accordance with Local Rule 106.7(b).

6. The parties should each submit on or before the first day of trial, two copies of a binder containing all of their proposed exhibits, pre-marked and tabbed, for the Court's use.

## F. Settlement

Unless the Court is notified of any settlement at least one full business day prior to the day on which the trial is scheduled to begin, jury costs will be imposed in accordance with Local Rule 107.4. Ordinarily, in civil cases, 25–28 potential jurors are called as members of the venire panel and the cost per juror is approximately $70.

## II. Trial Instructions to Counsel

You are responsible for knowing the contents of these instructions and all of the provisions of Local Rule 107 concerning trial conduct.

### A. Efficient Use of Courtroom Time

Please always be on time. At the beginning of the day or after a break, the trial will begin or resume at the scheduled time, or as soon thereafter that all jurors are present. If you anticipate any need to confer with the Court outside the presence of the jury, please contact the Court in advance to request a brief hearing before the start of the trial day or before the jury returns from lunch. When the jury is present, virtually every minute should be spent taking testimony.

### B. Exhibits

1. **Notwithstanding Local Rules 107.5(b) and 211, you must formally offer all exhibits for admission and receive a ruling from the Court.** Exhibits may be offered as a group and may be offered outside the presence of the jury before or after a session, but they must be formally offered and admitted on the record. No exhibit may be displayed to the jury until it has been formally admitted.

2. When possible, documentary, video, and audio exhibits should be presented to the witness and the jury through the Court's electronic evidence presentation system. An exhibit that has not yet been formally admitted may be shown to the witness using this system; the jurors' screens will be turned off until such

3

exhibit has been admitted. You may circulate physical exhibits to the jury with the permission of the Court, provided that you continue with questioning during such circulation.

3. You should have multiple copies of any deposition transcript excerpts or other impeachment material that you use with witnesses so that you, the witness, and opposing counsel each have their own copy during witness examination.

## C.   Witnesses

1. Treat witnesses with courtesy and respect, and address them by their surnames (except persons under the age of 18).

2. Do not appear to address yourself to jurors when questioning a witness.

## D.   Prohibited Questions and Remarks

1. Do not ask a witness whether it "would surprise you to know" that a certain event occurred.

2. Do not ask, "If I were to tell you that another witness testified to a certain fact, would you disagree with him?" (or "was she lying" or "not telling the truth"?)

3. Do not remind a witness that he is under oath or ask whether she expects the jury to believe her testimony.

## E.   Movement in the Courtroom

1. **You must stand when examining witnesses or addressing the Court, including when making objections.**

2. You may ask questions of a witness from the podium or from counsel table. Please make sure to speak into the microphone.

3. You may approach a witness to hand over an exhibit without prior approval of the Court, but you should return to your fixed location before asking questions about the exhibit. You may not approach the witness for any other reason.

4. You may address jurors during your opening statement and closing argument from the well of the courtroom. Please stand a respectful distance away from the jury and do not place objects on the rail in front of the jury box.

**F.**     **Objections**

You should not make speaking objections or, unless invited to do so by the Court, argue rulings in front of the jury. Bench conferences are permitted but disfavored. If you anticipate an evidentiary objection that will require a bench conference, please contact Chambers in advance to request a brief hearing before the start of the trial day or before the jury returns from lunch.

**G.**     **Opening Statements and Closing Arguments**

1. Unless otherwise ordered by the Court, no opening statement or closing argument shall exceed one hour, and the Plaintiff's closing argument and rebuttal argument combined shall not exceed one hour.

2. Unless otherwise ordered by the Court, no rebuttal argument shall exceed 15 minutes. Rebuttal argument shall be limited to addressing arguments not reasonably anticipated before the defense closing argument.

3. Exhibits and demonstrative aids may not be displayed to the jury during opening statement or closing argument without prior approval of the Court.

4. During closing argument you may not state your personal opinion as to the merits of your case, the credibility of a witness, or the culpability of a civil litigant.

**H.**     **Exclusion of Witnesses Rule and Talking to Witnesses on the Stand**

Local Rule 107.7 describes the meaning of the exclusion of witness (sequestration) rule. Local Rule 107.14 describes when counsel may talk to a witness who is currently on the stand.

**I.**     **Cell Phones and Other Mobile Electronic Devices**

Please turn off (and instruct your client and witnesses to turn off) all audible cell phones and other mobile electronic devices before entering the courtroom.

**J.**     **Food and Drink**

Please do not bring any food or drink (other than water) into the courtroom. If you want to use bottled water, you should pour it into the pitchers provided by the Court.

**K.**     **Use of Courtroom Telephone Prohibited**

Please do not use the courtroom telephone unless authorized by the Court.