IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DISTRICT

- - - - - - - - - - - - - - - - - - x
                                    :
EVANGELINE PARKER,                  :
                                    :
          Plaintiff,                :   Civil No. 17-01648-TDC
                                    :
     v.                             :
                                    :
REEMA CONSULTING SERVICES, INC.,    :
                                    :
          Defendants.               :   Greenbelt, Maryland
                                    :
- - - - - - - - - - - - - - - - - - x   May 28, 2021


**TELECONFERENCE**


BEFORE:   THE HONORABLE THEODORE D. CHUANG, Judge

APPEARANCES:                    ANDREW KOPSIDAS, ESQ.
                                DANIEL TISHMAN, ESQ.
                                Fish and Richardson PC
                                1000 Maine Avenue, NW
                                Suite 1000
                                Washington, DC 20024
                                   On Behalf of the Plaintiff

                                DONALD WALSH, ESQ.
                                Wright, Constable & Skeen, LLP
                                7 Saint Paul Street, 18th FL
                                Baltimore, MD 21202
                                   On Behalf of the Defendant

Audio Operator:                 Dianne Solomon

Transcription Company:          CompuScribe
                                P.O. Box 789
                                Cheltenham, Maryland  20706-9998



Proceeding recorded by electronic sound recording,
transcript produced by transcription service.

*CompuScribe*
*(301) 577-5882*

I N D E X

Page

Preliminary Matters                                                3

Court and Counsel Discussion Re: Scheduling                        4

Keynote:  "---" indicates inaudible in transcript.

P R O C E E D I N G S

(Whereupon, at 9:34 a.m., the teleconference began.)

THE CLERK:  The matter now pending before this Court is civil number TDC-17-1648 Evangeline J. Parker versus Reema Consulting Services, Inc.  We are here today for a case management conference.  Counsel, please identify yourselves for the record.

MR. KOPSIDAS:  Good morning, Your Honor, this is Andrew Kopsidas at Fish and Richardson.  And with me, is my colleague Dan Tishman.  And we represent Plaintiff Ms. Parker.

THE COURT:  Good morning.

MR. WALSH:  Good morning, Your Honor, Donald Walsh on behalf of the Defendant in this case, RSCI or CSI.

THE COURT:  Good morning everyone.  So, we are here for a case management conference.  This case has been around for a while and it went to another court and came back.  The motions for summary judgement have been resolved.  And so ordinarily the next step is just to schedule a trial.  I did want to ask first off, if there is any chance the case could be resolved short of trial. I believe there was mediation or there was an effort towards it, but -- and will be successful but the -- obviously every time there is a new ruling or something, maybe the -- the analysis changes or the positions change.

lnc

4

So, is there any interest in either in mediation with our Court -- an outside mediation or just a period of time that we engage in negotiations? Or do you want to go to straight to trial? Start with the Plaintiff and then hear from the Defense.

MR. KOPSIDAS: Thank you, Your Honor, Andrew Kopsidas speaking. Ms. Parker has been amenable to settling this case from day one. But given the -- basically the futility of the last mediation attempt, unless there is some material change in the Defendant's position, we believe that the parties and the mediator will be better served using their time otherwise to prepare for trial.

THE COURT: Okay. Mr. Walsh, your view?

MR. WALSH: Good morning, Your Honor. Yes, we have talked a little bit as well and we do not believe that it is possible at this point in time. I don't believe that the parties are any closer than we were several months ago -- such as it would futile.

THE COURT: And how long do we think a trial will take in this case?

MR. KOPSIDAS: Your Honor, Andrew --

THE COURT: And do -- our standard approach here is four full days per week. Sometimes we will add a fifth, if it sort of prevents us from moving into the next week just for one day. But ordinarily when I say how long is the

lnc                                                                        5

trial, I would say four 8 hour days per week.  And if you include in your estimates, the jury selection process which for civil is shorter because there are fewer jurors so, often takes maybe half a day, maybe a little longer depending on the situation.  And it also included in jury instructions, closing arguments and the like.

All assume the jurors might spend a little more time deliberating but that doesn't affect our calendar as much.  They could stay and do that while other things are going on.  So, with those guidelines, any thoughts on how many days or how many weeks I should say --

MR. KOPSIDAS:  Thank you for that guidance, Your Honor, and our thinking is that this should be 3 to 4 days of trial including the jury selection process.

THE COURT:  Okay.

Mr. Walsh, do you agree with that?

MR. WALSH:  I do not, Your Honor.  Mr. Kopsidas and I exchanged some e-mails about that.  And I last counted at least 11 witnesses that were probably being called to testify in this case.  Certainly they have been deposed and I think 10 of them have been deposed or attempted to be deposed.  I think 5 days with jury selection, jury instructions is probably far more likely.

THE COURT:  Okay.  I mean, I think it is always better to overestimate than underestimate these situations.

S I think we will look for a block that takes us into a second week, maybe like a week and a half's time.  So, in terms of preparation and like, obviously we have a lot of trials scheduled here, but sometimes someone dropped off their time, so before I look at my calendar, is there any point before which the parties would not be in a position to go to trial?  In terms of could it be late summer?  Could it be fall?  Any problems with that or does it have to be later because of some stipulated reason?

MR. WALSH:  Your Honor, this is Donald Walsh.  I suppose the only thing -- there is two things that balance this out.  And I am only comparing it to, I guess my experiences with some of the Circuit Courts in Maryland.  It was because they have obviously been dealing with COVID issues as well.  The process is taking a little bit longer.  In addition from a witness standpoint, we -- as you probably have already recognized based on the motions, this case goes back several years.

All the witnesses are kind of spread to the wind because they have all moved on to other employers once the contract was gone.  So it is going to be trying to be trying to wrangle a lot of people and trying to make all of that happen.  The only other problem, so in addition to COVID issues, in addition to that, the only other issue that is going for my client, the owner of Reema, usually does a

pilgrimage back in India every September.

We don't know whether that is going to happen this year given everything that is going on in India but I would just ask that the Court have that -- keep that in mind, as well.

THE COURT:  Okay.  What about from the Plaintiff's side?

MR. KOPSIDAS:  Your Honor, Andrew Kopsidas.  Our only limitation is that my colleague, Mr. Tishman and I have trials in July and August.  So, excluding that we could be ready to go say the latter part of September.

THE COURT:  Okay.  So, I think the rest of summer is going to be difficult for me anyways.  So, I have three other cases.  So earliest would be possibly September but understanding the Defense's issues and it is not actually really -- I am not sure I can get you even that week and a half we talked about in September.  So let's go a little past that.

And as you can imagine, we are --- backed up from particularly criminal trials but also old civil cases like your own.  We have this one and a half week window at least.

MR. WALSH:  Your Honor, this is Donald Walsh.  The only other thing on my calendar, I have a trial that is scheduled for a week and a half in the middle of November.  Just --

THE COURT:  When is that?  When is that?

MR. WALSH:  It is in Baltimore County and it starts on the 18th and will easily carry through the week of Thanksgiving.

THE COURT:  Okay, well that was the only possible window I had which was not a great window because the second part would be Thanksgiving week.  But I guess any time between Thanksgiving and Christmas is available. Obviously I usually try not to get us too close to Christmas in case the jury is sitting and deliberating on the 23rd or something. But --- a three week trial --- one and a half week trial or so, could do it if we wanted to start on either November 29th, December 6th.  Possibly December 13th.  I would probably err on the side of December 6th so that our jury doesn't feel  jammed up at the end there.

Would December 6th work for everybody?

MR. WALSH:  This is the Defendant's, Your Honor, it fits in the calendar.

MR. KOPSIDAS:  And Andrew Kopsidas, yes it works for -- I have not had the caveat that I obviously need to check with Ms. Parker but from our perspective December 6th seems perfectly good.

THE COURT:  Why don't we plan on that and what I would -- at least as an initial starting point I would say Monday the 6th through the 9th, not sitting on the Friday the

10th although I would frankly tell you all to keep it open in case something comes up and you in the middle of trial, I can't imagine you would really want to put other things there.  And then I would probably for our purposes, I will block off the 13th, 14th and 15th.  It is a little more than what everyone said but again just in case things go array or we have delay for some reason.

That doesn't -- and I don't imagine that --- deliberations, we all have to assume there are cases going on at that point even if it is just deliberations and so you at least have to be available for questions and verdicts and things like that.  Why don't we start with those days as ones we are going to block off.

Again if we need to, we can have that Friday.  And so forth.  And although in an ideal world, I know you would have everything lined up before today.  Certainly I would ask you to check with the parties and the key witnesses and let me know if perhaps by Wednesday of next week if there is any issues that are insurmountable in terms of I don't know, another trial someone is in or something that cannot be moved.  Keeping in mind that I would prefer since counsel can do this, and this is a very old case, that we try to work around any sort of minor issues that that --- might have.

So for example, someone is not available for the particular days during that trial time.  I never find it

lnc                                                                    10

particularly --- to have the exact order of witnesses to try to --- under real life, I just never -- not entirely possible.  So, if we can get the witness on the stand, if they have some conflicts by changing the order of when they testify and in a civil case in particular, we can -- can and often do have them -- even if it requires them going out of order versus the other party, keeping the Plaintiff's open to have a witness come a little later or letting the Defense put a witness on earlier.

I am not sure there is a reason why that would be a big -- a significant prejudice or ask that we try to do that rather than lose a whole date.  So, if you can let me know by Wednesday if there is anything entirely insurmountable, I would appreciate it.  But we will plan on those days for now. And we will issue an order  probably on Wednesday with that and all the dates that lead up to it.

The dates leading up to it will be self explanatory in the order I issue but just for purposes of our planning, I usually like to have a pre-trial conference before the trial. I am thinking perhaps Wednesday the 1st or Thursday -- maybe the Thursday the 2nd at 9:00 a.m.  Could we do that?

MR. KOPSIDAS:  Your Honor, that sounds fine to the Plaintiff.

MR. WALSH:  Your Honor, are you expecting the pre-trial order by the 2nd as well? Because that is not a lot of

time before trial.  My experience has been two weeks before trial.

THE COURT:  Well, what you will see is that the standard schedule I will send you will be -- the pre-trial order required by the local rules will be due two weeks before trial.  The joint and I really mean joint jury instructions and voir dire questions also due two weeks before trial.  Any motions in limine, that they will be due three weeks before trial with any opposition briefs due two weeks before trial and then reply briefs.

So, two weeks before trial, I should have everything in writing that I am going to expect to get from all of you.  And the pre-trial conference is designed to iron out any issues that come out of that.  So I need some time between when the written materials are submitted and the --- try to resolve it.

My goal in the pre-trial conference typically is if there were any disputes about the jury instructions or the voir dire questions or the verdict forms, we will sort them out there.  And if there are any motions in limine I would typically just rule on them there if possible with any additional oral arguments ---.

So it can be a lengthy session if there is a lot of dispute.  It can be a very quick session if there is no disputes or very few disputes.  I mean, I can move that a

couple of days either direction but again I think part of it is once you submit all those materials, I need an opportunity to review them all before I can make any decisions on them. So that is the purpose of the pre-trial conference typically. Does that give you a sense of whether you want to recommend a different date?

MR. WALSH:  Your Honor, this is Don Walsh.  I guess my only concern  just looking back on the calendar was that I am stuck in that other trial in November.  And that is why I was counting back the days and I was like oh, that is kind of odd because the pre-trial will be due while I am stuck in the other trial and I will have other counsel assisting me to try and make sure that everything gets done, but it just obviously not ideal.

I mean from that standpoint, I prefer to push the trial back to the 13th just so that I you know got a little bit more time but I will defer to the Court and opposing counsel because of that.  And then we are pushing closer and closer to the holidays.

THE COURT:  Right.  I see.  Well, I understand your point and but at the same time, as I am looking at it again, it looks like perhaps you will need six days.  On the one hand it is not a overly complicated fact pattern, at the same time I know there is very different views of the facts here. So, we have a jury that has any disagreement ---.  I think we

should stick with the six.  I just don't want to have a feeling as if we are being compelled to reach a resolution because we have jurors who have holiday plans that are arguably going to be effective.

What I will say is -- what I could do and I think --- in the middle as well, so the period of time some of those papers are filed until I -- until the pre-trial conference includes Thanksgiving and saying me and my team that have ---.  Again but hopefully there aren't that many disputes but if there are any, we work through those things on our own and then come into the pre-trial conference hoping to rule on the various things.

So, if this helps out, given that they are so far away, we can move those dates back in terms of the filing dates.  So that you know, things are submitted on a better fine line for the parties.  And they help me out too because I will get them earlier and then still have the conference the week before.  But at that point, maybe everyone has had a better chance to review the written portion.  Even with Thanksgiving, I might have considered doing that anyways. So, if we have the conference you know, two or three days before, this would have --- down any disputes.

But those written materials are submitted earlier than two weeks before, they should -- two weeks before right now is November 22nd, so that is in the middle of your trial.

lnc                                                                    14

We move that date back a little bit, does that help out at

all, Mr. Walsh?

MR. WALSH:  It does, Your Honor, that is what I was

just kind of looking at the calendar now.  I mean, I am open

and I will defer to everyone else whether the 5th, I just

pushed it back to the -- so the 5th or the 8th to submit

those  materials whether it makes things easier or not.  And

puts everything out of the way.  Because that still gives me

plenty of time to deal with my other trial and have this done

and at the same time.  I know it is just my schedule, Your

Honor, so I apologize to everybody for that.  And I

appreciate any consideration anybody can give.

THE COURT:  I will say this.  I will say this that

I think just again given where the calendar falls since the

22nd is Thanksgiving week. I am completely comfortable -- I

probably may well have moved it back from the 15th on my own

anyway.  It is just to make sure that I have enough time to

deal with whatever comes in.  So let's assume it is going to

be the 15th.  And again, no later than the 15th and then the

question is if you like to move it back a little earlier, you

know, I will ask Mr. Kopsidas ---.

The only thing I keep in mind is that if we are

saying three weeks -- two weeks -- whatever that last date

is, when we get the joint --- the --- and the pre-trial

order, which obviously requires some negotiation from the

parties, the only thing that again, usually we go back one week earlier than that in the motion in limine so that the other side has a chance to respond to them by that same date.

So if you say the 15th, the motion in limine will be due the 8th.  If we say the 8th, the  motion in limine will be due the 1st.  Again this is many months away.  So it is not as if the parties can't plan for that.  But any one have a view or do the Plaintiffs have a view on whether we could do it earlier than the 15th for the ---?

MR. KOPSIDAS:  Yes, Your Honor.  Andrew Kopsidas. I think that makes perfect sense.  I think paramount to your sort of keeping the December 6th trial date and as far as the pre-trial dates you know, moving them up if that works better for Mr. Walsh, Plaintiffs are certainly amenable to that. And I think if there is any issues that come up on either side once Your Honor issues the schedule that you know, Mr. Walsh and I could work those out.

THE COURT:  Okay.  So Mr. Walsh, are you requesting the 8th or would you be okay with let's say later in that week some time?

MR. WALSH:  The 8th is fine, Your Honor.  Thank you, I appreciate that from everybody's  perspective.  I think the 8th is -- and it gives us the weekend before if there is any last minute issues as well.

THE COURT:  So we will jump here with the standard

lnc                                                                    16

schedule I have back a little bit.  So those are what I call the two week filings because we have a list of things that is due within the --- that means the motion in limine will due on November 1st.  And then, we will --- pre-trial conference after Thanksgiving.

I know sometimes -- depending on how many disputes there are, the parties may be --- no matter what the answer is.  I think other than the motions in limine, I don't think it necessarily matters that much because the jury instructions aren't really due so to speak until the end of the trial. But I like to have them agreed upon as much as possible before trial, so I think the parties know what are the elements they are dealing with.

So, would December 2nd still work or anybody rather do it December 1st?

MR. WALSH:  Your Honor, this is Mr. Walsh, I am okay, either one of those days.

THE COURT:  Mr. Kopsidas?

MR. KOPSIDAS:  Sorry.  Yes, Plaintiffs are good with either of those dates, Your Honor.

THE COURT:  Why don't we go with December 1st, just again sometimes if there is a real snag, sometimes it requires everyone to go back and look at the jury instructions and giving that you are giving me a lot more time with the papers, with the filing, I think December 1st

lnc                                                                  17

probably makes sense.  So let's do that at 9:00.  I usually block off the mornings.  Again hopefully this can be done in like an hour but if there is a lot of disputes, then it takes longer and so --

If the parties can iron out as many things in their proposal and perhaps --- motion in limine, please try to meet and confer around those issues.  And only file motions if there is really a dispute or if they can't be worked out.  Rather than just sort of have your conversations occur by docket and filings. Just makes life easier for everybody if you only filed briefs things that are just not reconcilable.

Okay.  And then with the pre-trial order, with the scheduling order off being an attachment that has some guidelines for the conduct of the trial, just try to review those carefully and even if you have had a trial here before, review them again sometimes this changes from the last time. We do assume at that point, in December, that things will go back to the normal course.  But as of June 1st, we are dialing back some of our COVID restrictions.  Not entirely but some of them.  But we are planning to do that over the summer, so --- move back to the original way we do things.

Obviously if things shift for some reason, they will see standing orders and they will let you know, but for now, I am assuming that everything will go the way it --- and listen --- that that will be correctly.  So we will, of

course, adjust if we need it.  Any questions about any of that?

MR. KOPSIDAS:  None.

MR. WALSH:  No questions.

MR. KOPSIDAS:  No questions from Plaintiff, Your Honor. However, I did want to raise one additional issue. Which I believe may simplify things but I will admit I have not had an opportunity to discuss this with Mr. Walsh yet, but Plaintiffs are considering dropping their jury demands and requesting a bench trial.  So I am not sure that that changes our trial schedule at all given some of the things Your Honor has said. But it may simplify some of the pre-trial dates.

THE COURT:  Okay.  When are you thinking of making a decision on that?

MR. KOPSIDAS:  Well, I wanted to -- so I wanted to get Your Honor's feed back on basically when you would require us to make that decision by.  We could make it pretty soon although obviously Mr. Walsh has a say in that matter as well.

THE COURT:  Well, I mean, I think from a timing stand point, perhaps they would shorten a trial a little bit without the jury selection and so forth.  I think just in terms of a schedule, we are probably talking about pretty much the same trial week.  For all the reasons we talked

lnc                                                                      19

about, every counsel's schedule, Court's schedule, the parties conflicts.  So we are not really talking about any better options to do it before December, I don't think from what I have heard.

And so I think the date wouldn't really change.  If it were a bench trial, some of those same filings I would still want maybe just in a different form.  We have had a few less important steady kind of a motion in limine because that is really just to wind up shielding the jury from certain things.  We also don't have jury instructions but I usually ask if there is some sort of trial brief that would lay out hopefully an agreed upon sentence what the elements are and what exactly is --- the legal standards that the Court is supposed to apply.

So we still have things like that.  Honestly I think the only thing it would do, would be, it would shorten the trial slightly.  And depending on what the parties want out of that, it could actually extend the sort of life of the case to a  certain degree.  As you know, under the rule, the Court has to make findings of fact and conclusions of law, sometimes the parties want to brief things after the trial which frankly I always find a little bit redundant but sometimes parties want to do that.

The Court doesn't have to do a written opinion in every civil bench trial but sometimes it is warranted and

sometimes the parties want it and that obviously takes time.

I mean, it -- you try to move it on a faster schedule on

these summary judgement motions but you got an offense given

the other cases on the docket of how long it takes to get to

a summary judgement motion.  So if there is a written opinion

that is needed at the end of the bench trial, then that puts

us out probably at least several months before there is a

final resolution.

Some cases that are very simple and I am not sure

this falls in that category, it is probably somewhere in the

middle the parties say we want -- we agreed that the Court

should just act as a jury and effectively issue a verdict,

but obviously with some additional findings of fact and

conclusions of law that a jury doesn't do but that would

effectively be decided right at the end of the trial.

So some of it depends on what shape the parties

would want that to take.  So, I am not sure.  I mean on the

one hand it is a little simpler in terms of not having the

jury involved.  It is probably more -- there is more moving

parts from the Court side.  So obviously I would probably

want to have some notice of that.  I don't know.

Mr. Walsh, do you have any thoughts on this issue?

MR. WALSH:  I am just being hit with this the same

as you are, Your Honor.  I have not really thought it through

in terms of what it is.  I would at a minimum, I would say at

least hold the trial date.  Since we have a date.  I agree it may shorten the trial a little bit it all depends on how we want to approach the trial then as well.  Because we have a little bit more flexibility without having to worry about juries.

But that is my immediate thought is at least let's hold the trial date.  But beyond that, an interesting development.

MR. KOPSIDAS:  Your Honor -- Your Honor, Andrew Kopsidas, if I may just make a suggestion and I apologize if this sort of threw a skunk in the works.  But Your Honor I believe has asked the parties to get back to the Court by Wednesday regarding the -- to confirm the trial dates.  I think in that time, I can also confer with Mr. Walsh and provide you -- each side can just sort of provide you with our positions on whether we believe a bench trial would be useful or not also by Wednesday.

THE COURT:  Okay. I mean, I will just tell you now that -- so first off, I don't think this affects the actual trial date.  Sometimes it could.  In fact, during the pandemic it absolutely could have affected when we could do a trial date because the juries involved and is the hardest nut to crack in terms of making it work safely but we got a system now thankfully where we have been doing trials both civil and criminal anyways.  We just had to limit how many we

can do in the building. And as I said, that is only going to get better.

So, I really don't anticipate that being a barrier to doing a trial sooner. And the in terms of -- I guess I would say, yes, if you can give us an answer on that by Wednesday, that would be terrific. If you can't, I still think it would be helpful to know sort of -- I would say some number of days from now out rather than counting back from the trial date.

In particular, it probably doesn't affect me too much before the filings come in but again what those filings are changes and obviously that affects the parties' preparation. So, I think once we are getting into the fall, I think it is already a point in which the parties are expecting certain things and shouldn't be told to course correct in terms of what they are preparing.

So, I would say let's see where -- you can tell us by Wednesday. Perhaps I would say at a minimum by the end of June, we need to know which way we are going on this. And then as far as again, sort of what shape it would take, I would just again say, in addition, if you do want to go down the road of a bench trial, I think it would be helpful to discuss it among counsel and give me a sense of what type of findings of fact and conclusions of law, you are interested in.

And again, the usual guide --- is their post trial briefing or just asking the Court to make a decision and if it is asking the Court to make a decision, is it an opinion providing those findings of fact and conclusions of law, is it more the oral ruling from the bench of the findings of fact and conclusions of law.  I am not sure that it is really necessarily the parties' prerogative to decide that entirely.

You can propose something and I could say well in this case, this really requires -- I need briefing.  If you don't want to give it to me or I think I should write an opinion even if you don't want me to.  Or, I don't think I need to even if you do want me to.  So, there is -- I don't think it is necessarily the parties' decision but obviously your inputs are important.

So I would appreciate if you want to go down that road to -- to you know, give and put on that.  I mean, again I think the usual advantage here is getting the trial on earlier and I don't think there really is an issue, so -- and I can certainly see how having the jury decide it will probably get a more -- most likely will give an earlier resolution to the whole case.  There are some advantages in that.

So, I am not sure given that we have gotten this far and that switching to a bench trial really advantages any

lnc                                                                      24

body in particular in any particular way.  It might just create more complications than we think.  But obviously it is up to you what you want to do.  So, let's get a report on that by Wednesday as well.  And then see where we are.  But I do think that we should lock it down in the next month or so.

MR. KOPSIDAS:  Andrew Kopsidas, thank you, Your Honor.  I -- that guidance that you provided is extremely useful and we will get to our answer on Wednesday.

THE COURT:  Okay.  Great.  So is there anything else that we should discuss while we are here today?

MR. KOPSIDAS:  Nothing for Plaintiff, Your Honor.

MR. WALSH:  And nothing for Defendants, Your Honor.

THE COURT:  Okay.  The last point I would just raise is I know it seems like there is irreconcilable differences here.  But if -- certainly I always encourage additional settlement negotiations along the way.  I would just ask you to keep me apprised particular once we get to that point where the filings are being made as well, since there are other cases going on.

So, if you are getting, even having discussions that might resolve the case after those papers are filed, just at least let me know you are doing that.  We will still be ready for you whenever the dates are but sometimes it affects the order we do things over here.

So, it is very helpful to have that and also note

lnc                                                                    25

in the local rules, settling the day before trial or the day of trial does come with some costs if there is a jury and the jury can't be called off.

          But, just keep those things in mind.  Thank you all very much.  Have a good long weekend.  Take care.

          MR. WALSH:  Thank you, Your Honor.

          MR. KOPSIDAS:  Thank you, Your Honor.

     (Whereupon, at 10:05 a.m., the teleconference concluded.)

<u>C E R T I F I C A T E</u>

I certify that the foregoing is correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

*Lisa N. Contreras*   10/11/2021
Lisa N. Contreras                    Date
Certified Transcriber
Certificate No.:  CET**D-1251