**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**GREENBELT DIVISION**

|  |  |
|---|---|
| EVANGELINE J. PARKER, | |
| Plaintiff, | Civil No. 8:17-cv-01648-RWT |
| v. | Jury Trial Demanded |
| REEMA CONSULTING SERVICES, INC. | |
| Defendant. | |

**PLAINTIFF'S MOTIONS *IN LIMINE***

Plaintiff Evangeline J. Parker, by and through her attorneys, respectfully submits the following motions *in limine* (MILs).

**MIL No. 1:**  Preclude Defendant from presenting the *Faragher*/*Ellerth* defense;

**MIL No. 2:**  Preclude any argument or evidence that Defendant is not liable because any unwelcome conduct was based on conduct rather than sex.

**MIL No. 3:**  Preclude any argument or evidence regarding Plaintiff's sexual history unrelated to the false rumor of an affair with Mr. Pickett.

**MIL No. 4:**  Preclude any argument or evidence regarding Plaintiff's prior criminal history and/or arrest(s).

**MIL No. 5:**  Preclude any argument or evidence regarding alleged deletion of data from company-provided cell phone.

**MIL No. 6:**  Preclude any argument or evidence regarding statements from Carlos Carter regarding hearsay statements allegedly provided by Kenton Birgans.

**MIL No. 7:**  Preclude any argument or evidence regarding any other discrimination actions, legal complaints, or lawsuits initiated by Ms. Parker.

**MIL No. 8:**  Preclude any argument or evidence regarding damages, costs, or fees not to be decided by the jury.

I.        **MIL No. 1: Preclude Defendant from Presenting the *Faragher*/*Ellerth* Defense**[1]

Ms. Parker was unlawfully subjected to a hostile work environment, and was unlawfully terminated for complaining about it. At summary judgment, this Court rejected Defendant's attempt to assert the *Faragher/Ellerth* defense because it is inapplicable as a matter of law where, as here, the employer took a tangible employment action against the employee. Plaintiff now moves this Court to preclude Defendant from offering the *Faragher/Ellerth* defense at trial, either explicitly or implicitly. Other judges in this District have used motions *in limine* to rule on the use of affirmative defenses at trial. *E.g.*, *Mullins v. Mayor & City Council of Balt.*, No. 14-cv-2698, 2017 U.S. Dist. LEXIS 29142 (D. Md. Mar. 1, 2017) (mitigation of damages); *Sheller v. Woods*, No. 08-cv-3501, 2010 U.S. Dist. LEXIS 56191 (D. Md. June 8, 2010) (contributory negligence).

When it is applicable, the *Faragher/Ellerth* affirmative defense permits an employer to avoid the strict liability that otherwise attaches when a supervisor creates an unlawful hostile work environment. *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998); *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742 (1998). To succeed, an employer must prove both that it "(a) exercised reasonable care to prevent and correct promptly any sexually harassing behavior, and (b) that the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise." *Faragher*, 524 U.S. at 807.

This Court has already ruled that RSCI may not make use of the *Faragher/Ellerth* affirmative defense: "the defense does not apply because there was a tangible employment action" taken by Defendant against Ms. Parker. Dkt. 122 at 20 (citing *Faragher*, 524 U.S. at 807; *Smith v. First Union Nat'l Bank*, 202 F.3d 234, 244 (4th Cir. 2000)). The Court further noted that it is

---

[1] The evidence cited throughout Plaintiff's motions *in limine* can be found in the joint record filed with Defendant's motion for summary judgment, Dkt. 120-1.

undisputed that RSCI terminated Ms. Parker, and that termination is a tangible employment action. Dkt. 122 at 21 ("It is undisputed that RCSI took a materially adverse action: firing Parker…."). This Court's ruling at summary judgment is the law of the case and Defendant may not depart from it at trial. *See TFWS, Inc. v. Franchot*, 572 F.3d 186, 191 (4th Cir. 2009) (quoting *United States v. Aramony*, 166 F. 3d 655, 661(4th Cir. 1999)) ("The law of the case doctrine 'posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'").

Even if this Court had not already decided this issue at summary judgment — which it has — the assertion of the defense would be improper as a matter of law and highly misleading to the jury. "Before reaching the defense, courts must first determine whether the company took a tangible employment action against the employee. ***The defense is unavailable if the employer has done so***."[2] *Dulaney v. Packaging Corp. of Am.*, 673 F.3d 323, 332-33 (4th Cir. 2012) (citing *Ellerth*, 524 U.S. at 765; *Faragher*, 524 U.S. at 807-08) (emphasis added). In *Dulaney*, the Fourth Circuit reversed the district court's award of summary judgment to the employer and its finding that the employer had successful proven the *Faragher/Ellerth* defense. The Fourth Circuit explained that the applicability of the defense was in question because there was a dispute of fact as to whether or not the company had indeed terminated the plaintiff. *Id*. at 332. In rejecting the employer's argument that the defense was appropriate even if the employer fired the plaintiff, the

---

[2] *But see Watkins v. Professional Security Bureau, Ltd.*, No. 98-2555, 1999 U.S. App. Lexis 29841, at *13 (4th Cir. Sep 23, 1999) (holding that *Faragher/Ellerth* defense is available when the tangible employment action that the employer takes is in retaliation for harassment and not the result of sexual harassment). Plaintiff notes that this unpublished decision is in conflict with the clear standard articulated in *Dulaney v. Packaging Corp. of Am.*, 673 F.3d 323, 332-33 (4th Cir. 2012). However, Plaintiff brings this unpublished case to the Court's attention out of abundance of ethical caution, noting further that the Fourth Circuit itself disfavors the citation of unpublished decisions that were, like *Watkins*, issued prior to 2007. 4th Cir. L.R. 32.1.

Fourth Circuit reasoned that there was a "sufficient nexus" between the harassment endured by the plaintiff and her termination based on the actions of her second-line supervisor — meaning that the defense would be inapplicable if the jury found that the plaintiff had been terminated. *Id.* at 333. Here, there is no dispute that Ms. Parker was terminated and that the termination constitutes a tangible employment action. Dkt. 122 at 21. Nor is there any argument that the nexus between the hostile work environment she suffered based on the rumor is insufficiently connected to her termination to make the defense applicable. RCSI has no legal basis for asserting the *Faragher/Ellerth* defense in this case.

Accordingly, Plaintiff moves this Court to preclude Defendant from presenting the *Faragher/Ellerth* affirmative defense at trial.

## II.     MIL No. 2: Preclude any Argument or Evidence that Defendant Is Not Liable Because any Unwelcome Conduct Was Based on Conduct Rather than Sex

Ms. Parker was unlawfully subjected to a hostile work environment on the basis of her gender, and was unlawfully terminated from her employment with Defendant RCSI for complaining about harassment in violation of Title VII of the Civil Rights Act. Ms. Parker's hostile work environment and retaliation claims stem from a false rumor that she engaged in a sexual relationship with a supervisor in order to obtain a promotion.

Throughout this litigation, Defendant has claimed that the rumor in this case was based on Ms. Parker's alleged conduct, not her sex. The Fourth Circuit, however, rejected that argument, holding that a rumor that a female employee had sex with her male supervisor to obtain a promotion constitutes discrimination based on sex within the meaning of Title VII. *Parker v. Reema Consulting Services, Inc.*, 915 F.3d 297, 302-3 (4th Cir. 2019) (citing *McDonnell v. Cisneros*, 84 F.3d 256, 259-60 (7th Cir. 1996)). Thus, Plaintiff moves to preclude Defendant from introducing any argument or evidence suggesting that such a rumor is not "based on sex" at trial.

Evidence should be excluded pursuant to FED. R. EVID. 403, where "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury...." FED. R. EVID. 403. Here, the introduction of any evidence or argument that a rumor that Ms. Parker had a romantic relationship with a superior to obtain promotions is based on conduct, rather than Ms. Parker's sex, is contrary to the Fourth Circuit's decision and this Court's subsequent analysis at summary judgment. Such evidence, therefore, has no probative value and will undoubtedly mislead the jury or result in unfair prejudice to Ms. Parker.

On appeal, the Fourth Circuit specifically rejected Defendant's contention that the rumor that Ms. Parker engaged in a sexual relationship with a supervisor for professional gain was based on conduct, not sex. *Parker*, 915 F.3d at 302-3 (citing *McDonnell v. Cisneros*, 84 F.3d at 259-60). This holding became the law of the case, which "must be followed in all subsequent proceedings in the trial court." *TFWS Inc. v. Franchot*, 572 F.3d 186, 191 (4th Cir. 2021).[3] In particular, because this ruling was made by an appellate court, it cannot be disturbed. "Once a case has been decided on appeal and a mandate issued, the lower court may not deviate from that mandate but is required to give full effect to its execution." *Invention Submission Corp. v. Dudas*, 413 F.3d 411, 414 (4th Cir. 2005) (citing *Stamper v. Baskerville*, 724 F.2d 1106, 1107 (4th Cir. 1984)). This "mandate rule" version of the law of the case doctrine "is based on the principle than an inferior tribunal is bound to honor the mandate of a superior court within a single judicial system," including admission or exclusion of evidence. *Invention*, 413 F.3d at 414. (citations and internal quotation marks omitted).

---

[3] The only circumstances which may disturb the law of the case are when (1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to issue, or (3) the prior decision was clearly erroneous and would work manifest injustice. *TFWS*, 572 F.3d at 191. None of these circumstances apply here.

The Fourth Circuit determined that the type of rumor directed at Ms. Parker is based on sex because "traditional negative stereotypes regarding the relationship between the advancement of women in the workplace and their sexual behavior … may cause superiors and coworkers to treat women in the workplace differently from men." *Parker*, 915 F.3d at 303. The rumor that Ms. Parker used her womanhood, not merit, to advance at work "invokes a deeply rooted perception — one that unfortunately still persists — that generally women, not men, use sex to achieve success." *Id*. Thus, the Court rejected Defendant's attempt to differentiate between gender-based and conduct-based harassment in this case, "because the *conduct* is also alleged to be gender-based." *Id*. at 304.

Despite the Fourth Circuit's decision to the contrary, at summary judgment Defendant again argued that the rumor that Plaintiff engaged in sexual activity with her supervisor for a promotion, was not based on sex. ECF No. 119-1 at 4 (MSJ Reply). This Court again rejected this contention, noting that "the spreading of the rumor implicitly questioned whether Ms. Parker used sex to attain career advancement within RCSI.... Moreover, even if the rumor was not directly linked to Parker's promotions, it still constituted harassment 'based on sex' because its impact derived from a sex-based double standard under which women believed to have engaged in an office affair are treated differently from similarly situated men." ECF No. 122 at 16.

Given Defendant's disregard of the Fourth Circuit's holding, and reassertion of this failed argument on summary judgment, Ms. Parker asks this Court for an order excluding all such evidence or argument at trial lest Defendant attempt to re-litigate the issue to the jury.

While Ms. Parker will bear the burden of proving the existence of the rumor and its content,[4] any evidence that purports to suggest that a rumor that Ms. Parker slept with a superior is not sex-based flies in the face of the law of the case as established by the Fourth Circuit and reiterated by this Court's decision. In the least, it has no probative value and should be precluded from trial. At most, it is contrary to the law of the case and highly prejudicial to Ms. Parker. Further, any suggestions by Defendant that the rumor is not based on sex would mislead or confuse the jury by misrepresenting or providing an incorrect statement of law. *See, e.g., United States v. Quality Built Construction*, 358 F. Supp. 2d 487, 490 (E.D.N.C. 2005) (excluding evidence relating to issue of notice based on law of case established by magistrate's prior decision that defendants were charged with constructive notice); *Merritt v. Old Dominion Freight Line*, No. 6:07-cv-27, 2011 U.S. Dist. LEXIS 10208 at *34-35 (W.D. Va. 2011) (precluding plaintiff from introducing evidence of bias in physical tests based on law of case established by previous summary judgment ruling).

Based on the foregoing, Plaintiff respectfully requests that the Court preclude Defendant from introducing at trial any argument or evidence suggesting that a rumor that Ms. Parker had sex with a male superior in order to gain promotions is "based on conduct" and not "based on sex" within the meaning of Title VII.

---

[4] Plaintiff's evidence on this point includes, but is not limited to, documentation of the existence of the rumor by RCSI's 30(b)(6) witness, Ms. Price, Dkt. 120-1 at 576 (JR574), Investigation Questionnaire (noting "there is a rumor going around the workplace that [Ms. Parker] and Mr. Pickett are allegedly having an affair"), *id.* at 553-54 (JR551-52), Investigation Report (noting that "rumor grew"), as well as Ms. Price's testimony about her knowledge and understanding of the rumor, *id.* at 373 (JR371), Price Dep. at 155:5-20 ("... the statement that Ms. Parker was sleeping with Mr. Pickett to get her promotion.").

**III.    MIL No. 3: Preclude any Argument or Evidence Regarding Plaintiff's Sexual History Unrelated to the False Rumor of an Affair with Mr. Pickett**

The Court should preclude any argument or evidence regarding Ms. Parker's sexual history that is unrelated to the false rumor of an affair with Mr. Pickett, because it is irrelevant under FED. R. EVID. 401. Moreover, to the extent such evidence is deemed relevant, its probative value is substantially outweighed by the danger of unfair prejudice under FED. R. EVID. 403.

Although Defendant acknowledges that evidence of Ms. Parker's prior sexual activity is irrelevant to the extent that it does not relate to the false rumor of an affair with Mr. Pickett, Defendant indicated during the meet and confer process that it would not agree not to introduce evidence or present argument about other rumors (all of which are false) related to Ms. Parker's sexual history. For example, during depositions in this case, there has been reference to baseless and irrelevant rumors or allegations that Ms. Parker had a relationship with Mr. Larry Moppins or propositioned Mr. Donte Jennings. Defendant indicated that if Plaintiff is permitted to present evidence of a rumor, Defendant may also seek to introduce evidence of other rumors. *See, e.g.*, Dkt. 120-1 at 373 (JR371), Price Dep. at 158:10-20; *id.* at 166 (JR164), Moppins Dep. at 82:9-15. Defendant's rationale is misplaced. The false rumor concerning Ms. Parker's alleged affair with Mr. Pickett is central to Ms. Parker's hostile work environment allegations, and her complaint for sexual harassment that formed the basis for Defendant's retaliatory termination of her employment. On the other hand, there is no fact of consequence in this litigation that is made any more or less probable by a discussion of other (baseless) rumors related to Ms. Parker's sexual history. Thus, such argument or evidence is inadmissible under FED. R. EVID. 402.

Moreover, any probative value of the unrelated rumors that concern Ms. Parker's sexual history is substantially outweighed by the danger of unfair prejudice and confusing the issues for the jury. Unfair prejudice is found where there is a possibility that the evidence "will excite the

jury to make a decision on the basis of a factor unrelated to the issues properly before it." *Mullen v. Princess Anne Volunteer Fire Co.*, 853 F.2d 1130, 1134 (4th Cir. 1988). As noted above, any rumors alleging that Ms. Parker had, or was pursuing, a sexual relationship with Mr. Moppins or Mr. Jennings are unrelated to the issues in this case. The Fourth Circuit has required the exclusion of evidence where "there is a genuine risk that the emotion of the jury will be excited to irrational behavior, and that this risk is disproportionate to the probative value of the offered evidence." *United States v. Van Metre*, 150 F.3d 339, 350 (4th Cir. 1998). Thus, even if these unsubstantiated allegations were somehow relevant to the claims and defenses in this action, under this standard, the Court must conclude that the evidence be excluded. Additionally, any discussion of rumors regarding Ms. Parker's sexual history with anyone other than Mr. Pickett creates a substantial risk of confusing the jury.

Accordingly, the Court should preclude any argument or evidence regarding Ms. Parker's sexual history unrelated to the false rumor of an affair with Mr. Pickett.

**IV.     MIL No. 4: Preclude any Argument or Evidence Regarding Plaintiff's Prior Criminal History and/or Arrest(s)**

Plaintiff's prior criminal history and/or arrests are irrelevant to any issue in this case, and should be precluded under at least FED. R. EVID. 401, 402, 403, 404, and 609. Defendant has agreed to this motion to the extent that the criminal history is inadmissible under the rules of evidence. To avoid doubt as to whether the history is admissible or not, and to resolve the issue before trial, Plaintiff presents this motion *in limine*.

Ms. Parker was arrested for and pled guilty to disorderly conduct in Maryland in 2005, over fifteen years ago, arising out of a domestic dispute in which Ms. Parker was the victim. The incident did not involve a dishonest act or a false statement, and thus it is irrelevant to credibility.

9

The incident had nothing to do with workplace behavior or Ms. Parker's conduct as a manager, and has no relevance to any claim or defense in this case.

This case is about whether Ms. Parker was subjected to a hostile work environment, and whether she was wrongfully terminated in retaliation for complaining of a hostile work environment. Ms. Parker's arrest stemming from a domestic dispute is entirely irrelevant to the issues in this case. Therefore, her prior arrest is irrelevant under FED. R. EVID. 401, and thus inadmissible under FED. R. EVID. 402. It is also inadmissible character evidence under FED. R. EVID. 404. *See, e.g.*, *Smith v. Baltimore City Police Dep't*, 840 F.3d 193 (4th Cir. 2016) (reversing district court's admission of evidence of prior arrests where the district court did not address "whether the ... prior arrests involved conduct remotely similar to" the conduct at issue in the case, and the evidence appeared to be "admitted for purposes of credibility, propensity, and character"). Even if there were any relevance to Ms. Parker's arrest and guilty plea, the probative value of these facts substantially outweighs the risk of unduly prejudicing Ms. Parker by impugning her character before the jury. As such, this evidence is also inadmissible under FED. R. EVID. 403. Moreover, Ms. Parker was not sentenced to any prison time, disorderly conduct in Maryland is not "punishable by death or by imprisonment for more than one year," and "more than 10 years have passed" since the event. Therefore, evidence of the arrest and guilty plea is inadmissible under FED. R. EVID. 609(a), (b).

The Court should preclude evidence of any prior arrest or criminal history by Ms. Parker because it is irrelevant to any issue in this case, is unduly prejudicial, and cannot be used for impeachment.

## V.     MIL No. 5: Preclude any Argument or Evidence Regarding Alleged Deletion of Data from Company-Provided Cell Phone

The Court should preclude any argument or evidence regarding the alleged deletion of data from Ms. Parker's company-provided cell phone because any such argument or evidence is irrelevant under FED. R. EVID. 401/402, and its probative value is substantially outweighed by the danger of unfair prejudice and confusion under FED. R. EVID. 403.

Defendant has alleged that Ms. Parker violated Reema's Employee Handbook when, following her termination, she returned her company-issued phone with data deleted. However, there is no dispute that this alleged incident occurred *after* Defendant terminated her employment, and any evidence of Ms. Parker's conduct after she was terminated is irrelevant to Defendant's liability for unlawful termination. Ms. Parker was terminated on May 18, 2016, ostensibly based on two written warnings—one for "Failure to follow Instructions from the Program Manager" (Dkt. 120-1 at 587 (JR585)), and one for "Poor management performance, abuse of managerial authority, explicit use of profanity when questioning employees, insubordination, and workplace misconduct" (*id.* at 584 (JR582)), both of which were dated May 16, 2016. When Ms. Parker was terminated on May 18, 2016, Ms. Cathy Price provided her an "Official Separation of Employment Notice" (*id.* at 589 (JR587)), which directed her to return company property. ***After Ms. Parker had been terminated***, and after she returned her company-issued cell phone, Defendant determined that the data on the phone had been deleted, after which Ms. Reema Vora drafted a memorandum documenting the alleged violation of company policy. The deletion of data, however, occurred after Ms. Parker was terminated and was not a basis for either written warning. Thus, it could not have factored into the company's decision to fire her. *See, e.g.*, *id.* at 409 (JR407), Price Dep. at 304:13-23. Therefore, evidence of this deletion is irrelevant to the issues the jury will decide in this case. *See, e.g.*, *Mardell v. Harleysville Life Ins. Co.*, 65 F.3d 1072, 1073 n.1 (3d Cir. 1995)

11

(noting that "after-acquired evidence" is not admissible as proof of liability); *Tschappatt v. Crescent Metal Prod., Inc.*, No. 1:17-CV-337, 2018 WL 2928059, at *2 (N.D. Ohio June 12, 2018) (noting that the rule permitting "after-acquired evidence" to limit remedies does not apply conduct that occurred after termination); *Nesselrotte v. Allegheny Energy, Inc.*, No. 06-01390, 2007 WL 3147038, at *7 (W.D. Pa. October 25, 2007) (same).

To the extent there is any relevance associated with Ms. Parker's alleged deletion of data from her cell phone, the risk of unfairly prejudicing Ms. Parker (e.g., by suggesting that she is the type of person who does not follow company rules or policies, or that she deleted data to hide incriminating evidence), or confusing the jury (e.g., that Ms. Parker was terminated because she deleted data from her phone) is high and would outweigh any probative value.

During the parties' meet and confer efforts, Defendant raised spoliation as a basis for relevance; however, spoliation is a discovery offense that Defendant never raised during discovery, and Defendant never sought sanctions for any alleged spoliation. Instead, it appears that Defendant seeks to inflame the jury by suggesting (without a basis) that Ms. Parker deleted relevant documents for an improper purpose. *See, e.g.*, *Sherwood v. BNSF Ry. Co.*, No. 16-cv-0008, 2019 U.S. Dist. LEXIS 33378 (D. Idaho 2019) ("Spoliation is a discovery offense, so issues surrounding alleged spoliation should be resolved during discovery — not on the eve of trial."). Moreover, Ms. Parker testified that she believed she was supposed to do a "hard reset" on her phone and did so the first time she returned a company phone without incident. *See* Dkt. 120-1 at 82 (JR80)), Parker. Dep. at 295:10-296:7.

If Defendant was going to file a spoliation motion, the time to do so was "as soon as reasonably possible after discovery of the facts that underlie the motion," because "resolution of spoliation motions are fact intensive, requiring the court to assess when the duty to preserve

commenced, whether the party accused of spoliation properly complied with its preservation duty, the degree of culpability involved, the relevance of the lost evidence to the case, and the concomitant prejudice to the party that was deprived of access to the evidence because it was not preserved." *Goodman v. Praxair Servs.*, 632 F. Supp. 2d 494, 508 (D. Md. 2009) (denying post-discovery spoliation motion as untimely). As this Court has explained, before ruling on spoliation, courts can hold a hearing, and order additional discovery to take place — "Courts are justifiably unsympathetic to litigants who, because of inattention, neglect, or purposeful delay aimed at achieving an unwarranted tactical advantage, attempt to reargue a substantive issue already ruled on by the court through the guise of a spoliation motion, or use such a motion to try to reopen or prolong discovery beyond the time allotted in the pretrial order." *Id.* at 37. It would be improper to allow Defendants to argue (explicitly or implicitly) a spoliation issue to the jury, particularly given that they have never raised the issue until now.

Accordingly, Ms. Parker's post-termination deletion of data from her cell phone should be excluded under FED. R. EVID. 401/402, and in the alternative under FED. R. EVID. 403.

## VI.   MIL No. 6: Preclude any Argument or Evidence Regarding Statements from Carlos Carter Regarding Hearsay Statements Allegedly Provided by Kenton Birgans

Defendant should be precluded from offering any argument or evidence regarding statements by Mr. Carlos Carter based on statements allegedly made by Mr. Kenton Birgans, because any such statements are inadmissible hearsay. FED. R. EVID. 801-05, and 807.

Defendant seeks to introduce evidence of a statement by RCSI employee Mr. Carlos Carter, stating that Mr. Kenton Birgans allegedly told him that he saw Ms. Parker make "negative facial expressions and body movements towards" Mr. Donte Jennings, as reproduced below:

13

On 13-May-16, I Carlos Carter was witness to a statement given by Mr. Kenton Birgans.

Mr. Moppins asked Mr. Birgans, had he witness an incident between Donte Jennings and Evangeline Parker.

Mr. Birgans did not want say anything about the situation. He wanted to stay out of the situation. Mr. Birgans said that he and Van were standing in the receiving area when Donte came up to thank Mr. Birgans for finishing a task that he asked him (Kenton) to assist him with. Kenton said that as Donte was walking away when Van made negative facial expressions and body movements towards Donte.

Kenton could not understand why she would make these body movement like that. He said that it was like she trying to chastise him, or belittle him.

To me, it sounded like Van had issues with Donte and this was her way to show it without saying what the real problem actually was.

_Carlos Carter Sr._

Carlos Carter Sr.

Dkt. 120-1 at 583 (JR581), Carter Stmt. As reflected in the written statement, purportedly signed by Mr. Carter on May 16, 2016 (three days after the purported incident), Mr. Carter did not actually witness Ms. Parker make any "negative facial expressions and body movements towards" Mr. Jennings, or "try[] to belittle or chastise him." Yet, Defendant seeks to introduce this exhibit for the truth of the matter asserted, which is hearsay within hearsay: that Mr. Birgans witnessed Ms. Parker make "negative facial expressions and body movements towards" Mr. Jennings. *See* FED. R. EVID. 801, 805. Moreover, Mr. Birgans testified that he did not remember what he told Mr. Carter. Dkt. 120-1 at 639 (JR637), Birgans Dep. at 18:14-19:20. This is the definition of hearsay to be precluded under FED. R. EVID. 801. And because Mr. Birgans's statement is not excluded from the definition of hearsay, or otherwise covered under one of the exceptions identified in FED. R. EVID. 803, 804, or 807, any testimony or evidence based on Mr. Carter's statement is inadmissible and should be excluded.

In addition, the statement should be excluded for a lack of foundation or personal knowledge, especially with respect to the statement: "To me, it sounded like [Ms. Parker] had issued with [Mr. Jennings] and this was her way to show it without saying what the real problem actually was." Such speculation is inadmissible under at least FED. R. EVID. 602.

Accordingly, the Court should preclude any argument or evidence regarding statements from Carlos Carter regarding hearsay statements allegedly provided by Kenton Birgans.

## VII.   MIL No. 7: Preclude any Argument or Evidence Regarding any other Discrimination Actions, Legal Complaints, or Lawsuits Initiated by Ms. Parker

Plaintiff's complaint filed with the EEOC against a previous employer, or any other legal complaint or lawsuit, is irrelevant under FED. R. EVID. 401, is improper character evidence under FED. R. EVID. 404, and, in the alternative, any probative value is substantially outweighed by the danger of unfair prejudice or confusion under FED. R. EVID. 403.

The fact that Ms. Parker filed a complaint with the EEOC against one of her former employers, Veolia Transportation, is entirely irrelevant to any issue in this case. Ms. Parker filed an EEOC complaint against her former employer after one of its employees took an inappropriate photograph of Ms. Parker's breast area and the company did not discipline the employee. *See* Dkt. 120-1 at 85-86 (JR83-84), Parker Dep. Tr. at 307:18-309:18. This incident is not relevant to Ms. Parker's claims against RCSI or to RCSI's stated reason for Parker's termination, nor can it be used circumstantially to prove the existence or nonexistence of any other relevant fact. At most, Defendants may introduce such evidence to establish that Ms. Parker has a propensity of filing EEOC complaints or is a chronic litigant, which would be improper character evidence under FED. R. EVID. 404, and invites a trial within a trial, creating a significant risk of not only unfairly prejudicing Ms. Parker but also unduly wasting judicial resources such that it should be excluded under FED. R. EVID. 403. *See, e.g.*, *Sparks v. Gilley Trucking Co., Inc.*, 992 F.2d 50, 52 (4th Cir. 1993) (trial court erred by allowing evidence that plaintiff had prior speeding tickets, because the evidence improperly suggested the plaintiff was speeding at the time of the incident); *Outley v. City of New York*, 837 F.2d 587, 592 (2d Cir. 1988) ("[A plaintiff's] litigiousness may have some slight probative value but that value is outweighed by the substantive danger of jury bias against

15

the chronic litigant. The trial court has a duty to prevent exploitation of this prejudice.") (quoting *Raysor v. Port Authority*, 768 F.2d 34, 40 (2d Cir. 1985)).

Accordingly, the Court should preclude any argument or evidence regarding any other discrimination actions, legal complaints, or lawsuits initiated by Ms. Parker.

## VIII.    MIL No. 8: Preclude any Argument or Evidence Regarding Damages, Costs, or Fees Not To Be Decided by the Jury

Any reference to damages, costs, or fees not to be decided by the jury (e.g., attorneys' fees, or equitable damages in the form of back pay) should be precluded because such remedies are not relevant to the issues being presented to the jury.

Plaintiff seeks equitable damages in the form of back pay, as well as compensatory damages to compensate Ms. Parker for the humiliation, embarrassment, or mental and emotional distress caused by Defendant's conduct. Plaintiff also seeks attorneys' fees and cost incurred in this action. Back pay is an equitable remedy, *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 415 (1975), and therefore should be decided by the Court, rather than the jury. Likewise, the jury will not make any decisions regarding the amount of attorneys' fees or costs to be awarded.

Evidence or argument about equitable back pay, attorneys' fees, or costs, is not relevant to any issue to be decided by the jury, and thus should be excluded under FED. R. EVID. 401 and 402. *See, e.g.*, *Tallman v. Freedman Anselmo Lindberg, L.L.C.*, No. 11-3201, 2013 WL 2631754, at *2 (C.D. Ill. June 12, 2013) ("[W]hether Plaintiff may recover attorney fees if he is successful on his claim does not have any tendency to make it more or less probable that Defendant violated the [Fair Debt Collection Practices] Act"). The issues in this case relate to whether Defendant is liable for a hostile work environment and retaliatory firing, and attorneys' fees and equitable damages to be decided by the Court have nothing to do with these issues. Moreover, if there were some relevance, it would be substantially outweighed by the possibility of unfair prejudice, confusion

of the issues, and misleading the jury. *Id.* ("Moreover, even if the ability to recovery attorney fees bears some relevance to the action, such relevance is substantially outweighed by the possibility of unfair prejudice, confusion of the issues, and misleading the jury.... Any reference to Plaintiff's ability to obtain attorney fees in this lawsuit might confuse the jury. Reference to the possibility that Plaintiff would recover his attorney fees if his claim is successful would also unduly prejudice Plaintiff.").

Accordingly, the Court should preclude any argument or evidence regarding damages, costs, or fees not to be decided by the jury.

Dated: November 1, 2021　　　　　　Respectfully submitted,

By:　*/s/ Andrew R. Kopsidas*
　　　Andrew R. Kopsidas (Bar No. 16057)
　　　Ahmed J. Davis (Bar No. 17812)
　　　Daniel A. Tishman (admitted *pro hac vice*)
　　　Taylor Burgener (admitted *pro hac vice*)
　　　Tracea Rice (admitted *pro hac vice*)
　　　**FISH & RICHARDSON P.C.**
　　　1000 Maine Avenue, SW
　　　Suite 1000
　　　Washington, DC 20024
　　　Telephone: (202) 783-5070
　　　Facsimile: (202) 783-2331

　　　Dennis A. Corkery (Bar. No. 19076)
　　　Joanna K. Wasik (Bar. No. 21063)
　　　**WASHINGTON LAWYERS' COMMITTEE**
　　　**FOR CIVIL RIGHTS AND URBAN AFFAIRS**
　　　700 14th Street NW, Suite 400
　　　Washington, DC 20036
　　　Telephone: (202) 319-1000
　　　Facsimile: (202) 319-1010

　　　*Counsel for Plaintiff Evangeline J. Parker*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 1st day of November 2021 true and correct copies of the above and foregoing PLAINTIFF'S MOTIONS *IN LIMINE* have been filed and served through the Court's ECF system on the following:

Donald J. Walsh (Bar # 09384)
dwalsh@wcslaw.com
Marie J. Ignozzi (Bar # 29762)
mignozzi@wcslaw.com
Alanna C. Casey (Bar #21818)
acasey@wcslaw.com
**WRIGHT, CONSTABLE & SKEEN, LLP**
Attorneys for Defendant
7 St. Paul Street, 18th Floor
Baltimore, Maryland 21202
Telephone: (410) 659-1354
Facsimile: (410) 659-1350

*/s/ Andrew R. Kopsidas*
Andrew R. Kopsidas (Bar No. 16057)
kopsidas@fr.com
**FISH & RICHARDSON P.C.**
1000 Maine Avenue, SW
Suite 1000
Washington, DC 20024
Telephone: (202) 783-5070
Facsimile: (202) 783-2331

18