## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| EVANGELINE J. PARKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 8:17-cv-01648-TDC |
| ) | |
| ) | Jury Trial Demanded |
| REEMA CONSULTING SERVICES, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

### PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO DEFENDANT'S RESPONSE TO MOTION *IN LIMINE* OF PLAINTIFF

Plaintiff Evangeline J. Parker respectfully submits this Reply Memorandum in response to Defendant's Response (Dkt. 145) to Plaintiff's motions *in limine* (MILs).

Defendant's Response makes clear that the parties have no dispute over certain core issues relating to the introduction of evidence.

### I.        Plaintiff's MIL No. 1: *Faragher/Ellerth* Defense

Defendant concedes that it cannot use the *Faragher/Ellerth* defense to avoid liability at trial. Dkt. 145 at 1-2, 5 ("Reema cannot escape liability through the use of the *Faragher/Ellerth* affirmative defense"). The Court should grant Plaintiffs' MIL No. 1 to preclude Defendant from presenting the *Faragher/Ellerth* defense on this basis.

### II.       Plaintiff's MIL No. 2: Preclude Argument or Evidence that Rumor Is Based on Conduct Rather than Sex

Defendant agrees that a rumor that Ms. Parker had a sexual relationship with a superior to obtain a promotion is gender-based as a matter of law. Dkt. 145 at 6 ("Reema has accepted the

ruling that the rumor is evidence of gender-based bias and is not solely a rumor of conduct.") As a result, the Parties are in agreement on the law of the case and agree that this issue may not be re-litigated in front of the jury. Plaintiffs' MIL No. 2 to preclude argument or evidence that such a rumor was based on conduct, not sex, should be granted.

### III.     Plaintiff's MIL No. 3: Plaintiff's Sexual History Other than as to Mr. Pickett

RCSI agrees that it "ha[s] no intention of getting into Parker's sexual history" that is unrelated to the rumor of an affair between Ms. Parker and Mr. Pickett. Dkt. 145 at 6. Thus, Plaintiff's MIL No. 3 to preclude argument or evidence regarding plaintiff's sexual history unrelated to the rumor of an affair with Mr. Pickett should be granted.

### IV.     Plaintiff's MIL No. 4: Criminal History

Defendant agrees that Plaintiff's prior criminal history and 2005 conviction is inadmissible under the Federal Rules of Evidence. Dkt 14 at 7. Plaintiffs' MIL No. 4 should be granted.

### V.      Plaintiff's MIL No. 5: Evidence of Data Deletion Has No Probative Value

Defendant's explanation for why it wishes to introduce evidence that Ms. Parker deleted data from her company-provided cellphone is flawed. First, Defendant does nothing to explain why it failed to file a spoliation motion upon discovery of the phone reset, and has waited until the very last minute — right before trial — to raise this issue for the first time. Second, Defendant's concession that "the timing of the knowledge of the reset is not clear," Dkt. 145 at 8, proves that the evidence is irrelevant, because it could not have served as the basis for terminating Ms. Parker's employment.[1] As such, it has no relevance to Defendant's claims that Ms. Parker's termination did

---

[1] Both Ms. Price, Defendant's 30(b)(6) witness, and Plaintiff Ms. Parker, have testified the phone had been reset *after* Ms. Parker's termination. Dkt. 120-1 at 408 (JR406), Price Dep. 300:10-14 (On May 18, after she was fired, Parker "gathered her things, and we asked that she return company property. And she went in the back, and she got what she needed, and she came back, and she returned the cell phone…"), 301:8-10 ("Okay. So, then, who did she hand her items over to? A.

not stem from her protected activity. Therefore, the only reason for introducing the evidence is to suggest to the jury that deleting the messages shows a propensity not to follow company rules — an assertion which is false, given that any deletion of information occurred when she was no longer an employee, and also a purpose squarely prohibited by Federal Rule of Evidence 404(b). Given that the evidence is not relevant and it creates a high likelihood that the jury will be confused into thinking that Ms. Parker's actions *after* her termination can in any way support Defendant's termination *before* the deletion, the evidence should be excluded.

## VI.    Plaintiff's MIL No. 6: Plaintiff Further Objects to The Statement of Carlos Carter Based on Lack of Authenticity

Defendant's witness list, disclosed in the Pretrial Order filed by the Parties on November 8, 2021, does not list Carlos Carter as a witness, yet it does list "#112-Carlos Carter Witness Statement" as an exhibit. *See* Dkt. 147. Thus, in addition to the objections already stated in its MIL No. 6, Ms. Parker objects on the basis of lack of authenticity to the introduction of the statement by Carlos Carter based on statements allegedly made by Mr. Kenton Birgans. Mr. Carter will not be at trial to authenticate his witness statement. Contrary to Defendant's representations in its opposition,[2] Ms. Price, Defendant's 30(b)(6) witness, has also disclaimed any knowledge of the origins of the Carlos Carter witness statement:

> Q Okay. **Did anyone ask Mr. Carter to give this statement?**
> MR. WALSH:  If you know.
> THE WITNESS: **I don't know.**
> BY MS. WASIK:
> **Q. Did you ask Mr. Carter to give this statement?**
> **A. I don't remember asking him to give this statement**, only the statement to his own accounts.

Me. She left it with me."); *id.* at 82 (JR80), Parker Dep. 295:10-14 ("Q And I think you testified earlier, the cellphone, you didn't do a hard reset on the phone -- a factory reset on the phone until after you were terminated? A That is correct.").

[2] Defendant stated that "Ms. Price explained that she had asked Mr. Carter to provide a statement regarding any knowledge he had …" Dkt. 145 at 13. This is incorrect, as noted in the deposition testimony cited above.

\*       \*       \*

Q. Did you, as HR manager, receive this document?
A. I did.
**Q. When did you receive it?**
**A. I do not remember. I do not recall.**
Q. Okay. So he didn't come into HR and write it?
**A. I don't know where it was written.**
Q Okay. Do you know why he wrote this statement instead of Mr. Birgans?
A. I do not.

Dkt. 120-1 at 392 (JR390), Price Dep. 234:16-236:1 (emphases added).   Further, even if Mr.

Birgans could authenticate a statement written by someone else  — which would be impermissible

— he testified that he does not recall Mr. Carter asking him for a statement:

Q. Okay. Now, do you recall whether anyone asked to take a statement on your behalf?
A. I honestly can't remember.
Q. Okay. Do you recall whether anyone asked you to review a statement that they had written?
A. I honestly can't remember.
Q. Okay. And you don't recall whether anyone asked you to sign a statement?
A. No, ma'am.

Dkt. 120 at 639 (JR637), Birgans Dep. 20:11-20.

The statement by Mr. Carter cannot be authenticated and is inadmissible.

## VII.   Plaintiff's MIL No. 7: Ms. Parker's Complaint At A Different Employer Has No Probative Value And High Risk of Prejudice

Defendant's explanation for the relevance of Ms. Parker's complaint at a wholly different

employer, on a different issue than the one in this case, is inadmissible. Defendant explains, "[t]he

fact that Parker previously filed a claim is directly relevant to the fact that Parker is fully aware of

how to complain and the steps necessary for seeking a remedy to stop behavior she finds

offensive." Dkt. 145 at 15. Unless Ms. Parker's prior employer had the same exact reporting

process and requirements as RCSI — of which there is no proof — the evidence Defendant seeks

to introduce does not support its claim of knowledge by Ms. Parker. The evidence thus has no

probative value. Its risk of prejudice, on the other hand, is quite high, given that it will be used to

suggest to the jury that Ms. Parker is the type of employee who has a propensity for filing discrimination claims and is litigious.

## VIII.    Plaintiff's MIL No. 8: Damages, Costs, or Fees Not to Be Decided by the Jury

Finally, Defendant acknowledges that equitable remedies, costs, and fees are not to be decided by the jury, but argues that it should be permitted to introduce evidence of post-employment efforts to find new employment, and whether she made more money at her new job than at Reema.  Plaintiff does not oppose introduction of such evidence, so long as there is no reference to the amount of equitable remedies, fees, or costs that Plaintiff may seek—such evidence is highly prejudicial and irrelevant.

Dated: November 15, 2021                    Respectfully submitted,

By: /s/ Andrew R. Kopsidas
Andrew R. Kopsidas (Bar No. 16057)
Ahmed J. Davis (Bar No. 17812)
Joseph V. Colaianni (admitted *pro hac vice*)
Daniel A. Tishman (admitted *pro hac vice*)
Taylor Caldwell (admitted *pro hac vice*)
Tracea Rice (admitted *pro hac vice*)
**FISH & RICHARDSON P.C.**
1000 Maine Avenue, SW, Suite 1000
Washington, DC 20024
Telephone: (202) 783-5070
Facsimile: (202) 783-2331

Joanna K. Wasik (Bar. No. 21063)
Dennis A. Corkery (Bar. No. 19076)
**WASHINGTON LAWYERS'COMMITTEEFOR CIVIL RIGHTS AND URBAN AFFAIRS**
700 14th Street NW, Suite 400 Washington, DC 20036
Telephone: (202) 319-1000
Facsimile: (202) 319-1010

*Counsel for Plaintiff Evangeline J. Parker*

5

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 15th day of November 2021 true and correct copies of the above and foregoing PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO DEFENDANT'S RESPONSE TO MOTION *IN LIMINE* OF PLAINTIFF have been filed and served through the Court's ECF system on the following:

Donald J. Walsh (Bar # 09384)
dwalsh@wcslaw.com
Marie J. Ignozzi (Bar # 29762)
mignozzi@wcslaw.com
Alanna C. Casey (Bar #21818)
acasey@wcslaw.com
**WRIGHT, CONSTABLE & SKEEN, LLP**
Attorneys for Defendant
7 St. Paul Street, 18th Floor
Baltimore, Maryland 21202
Telephone: (410) 659-1354
Facsimile: (410) 659-1350

*/s/ Andrew R. Kopsidas*
Andrew R. Kopsidas (Bar No. 16057)
kopsidas@fr.com
**FISH & RICHARDSON P.C.**
1000 Maine Avenue, SW
Suite 1000
Washington, DC 20024
Telephone: (202) 783-5070
Facsimile: (202) 783-2331