**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**GREENBELT DIVISION**

|  |  |
|---|---|
| EVANGELINE J. PARKER, | |
| Plaintiff, | Civil No. 8:17-cv-01648-TDC |
| v. | |
| REEMA CONSULTING SERVICES, INC. | |
| Defendant. | |

**PLAINTIFF'S PARTIALLY UNOPPOSED MOTION FOR ENTRY OF JUDGMENT
AND AN AWARD OF EQUITABLE RELIEF, PRE-JUDGMENT INTEREST, AND
POST-JUDGMENT INTEREST**

Plaintiff Evangeline J. Parker respectfully moves the Court to enter an order (i) entering judgment against Defendant Reema Consulting Services, Inc.; (ii) reducing the jury's verdict regarding damages by virtue of remittitur to the statutory maximum of $50,000 in compensatory/punitive damages; (iii) awarding Ms. Parker $33,039.37 in equitable relief; and (iv) awarding Ms. Parker pre-judgment as well as post-judgment interest.[1]

Defendant does not oppose this motion, with the exception that Defendant objects to the rate of prejudgment interest proposed by Plaintiff.

---

[1] Plaintiff is filing two separate motions, one for the entry of judgment and an award to Ms. Parker, and one for an award of attorneys' fees and costs, in order to allow the Court to adjudicate these issues separately and enter judgment prior to resolving any disputes regarding attorneys' fees.

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 7th Day of January, 2022 true and correct copies of the above and foregoing Memorandum of Points and Authorities in Support of Plaintiff's Motion for entry of judgment and an award of equitable relief, pre-judgment interest and post-judgment interest have been filed and served through the Court's ECF system on the following:

Donald J. Walsh
RKW, LLC
10075 Red Run Blvd, 4th Floor, Owings Mill, MD 21117
DWalsh@RKWlawgroup.com

*/s/ Andrew R. Kopsidas*
Andrew R. Kopsidas  (Bar No. 16057)
kopsidas@fr.com
**FISH & RICHARDSON P.C.**
1000 Maine Avenue, SW
Suite 1000
Washington, DC 20024
Telephone: (202) 783-5070
Facsimile: (202) 783-2331

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**GREENBELT DIVISION**

|  |  |
|---|---|
| EVANGELINE J. PARKER, | |
| Plaintiff, | Civil No. 8:17-cv-01648-TDC |
| v. | |
| REEMA CONSULTING SERVICES, INC. | |
| Defendant. | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR ENTRY OF JUDGEMENT AND AN AWARD OF EQUITABLE RELIEF, PRE-JUDGMENT INTEREST, AND POST-JUDGMENT INTEREST**

Plaintiff Evangeline J. Parker respectfully moves the Court to enter an order (i) entering judgment against Defendant Reema Consulting Services, Inc.; (ii) awarding Plaintiff Ms. Parker the statutory maximum of $50,000 in compensatory/punitive damages pursuant to the jury's verdict; (iii) awarding Ms. Parker $33,039.37 in equitable relief; and (iv) awarding Ms. Parker pre-judgment interest as well as post-judgment interest.

On December 9, 2021, the jury returned a verdict in favor of Ms. Parker on both of her claims against Defendant, awarding $345,000 in compensatory damages and $385,000 in punitive damages. Dkt. 170. As a result, Plaintiff requests an entry of judgment against Defendant Reema Consulting Services, Inc. *See* Fed. R. Civ. P. 58(b).

Title VII contains statutory limits on compensatory and punitive damages that can be awarded based on the size of defendant employers. 42 U.S.C. § 1981a(b)(3). In this case, the Parties agree that the applicable statutory limit is $50,000. Ex. 1, Stipulation. Because the jury

awarded Ms. Parker an award well in excess of this limit, Ms. Parker is entitled to the full $50,000 allowable by statute for compensatory and punitive damages.

In addition to compensatory and punitive damages, Title VII provides "make-whole" relief for plaintiffs in the form of backpay and other equitable relief. *See Albemarle Paper Co. v. Moody*, 422 U.S. 405, 419-20 (1975) ("In dealing with [§ 2000e-5(g)(1)] the courts have stressed the scope of relief under that section of the Act is intended to make the victims of unlawful discrimination whole, and that . . . requires that persons aggrieved by the consequences and effects of the unlawful employment practices be, so far as possible, restored to a position where they would have been were it not for the unlawful discrimination."); *Kapache v. Holder*, 677 F.3d 454, 464 (D.C. Cir. 2012) (equitable relief in Title VII cases should be fashioned "so as to provide a victim of employment discrimination the most complete make whole relief possible"). In this case, the Parties agree that Ms. Parker is entitled to $33,039.37 in backpay. Ex. 1, Stipulation. Plaintiff requests that Ms. Parker be awarded $33,039.37 in "make whole" equitable relief.

Plaintiff requests that Ms. Parker be awarded pre-judgment interest on her backpay. "The rate of pre-judgment interest for cases involving federal questions is a matter left to the discretion of the district court." *Hylind v. Xerox Corp.*, 481 Fed. Appx. 819, 822 (4th Cir. 2012). Courts in the District of Maryland typically enter prejudgment interest of 6%, compounded annually. *Hawkins v. MV Transp., Inc.*, 2017 U.S. Dist. LEXIS 54841, Civ. No. PJM 15-2169 at *14 (D. Md. 2017)("The legal rate of interest in Maryland is 6% per annum. In light of the purpose of Title VII, courts compound the interest annually instead of awarding simple interest.")(citing Md. Const. art. III, § 57); *see also Xerox Corp.,* 481 Fed. Appx. at 822 (award of prejudgment interest using Maryland's 6% interest rate was not an abuse of discretion);

*Mendaloff v. Weiner*, 1981 U.S. Dist. LEXIS 14053, Civ. No. M. 80-2267 at *8 (D. Md. 1981)(awarding prejudgment interest of 6%). Plaintiff requests that the Court calculate the prejudgment interest through the date that the Court enters judgment.[2] Defendant objects only to the rate of prejudgment interest at 6% and believes that the rate should be assessed consistent with the prompt payment rates assessed by the United States Treasury.  The parties agree that the Court can assess an appropriate rate.

Plaintiff also requests that the Court award post-judgment interest, if it becomes applicable, on Ms. Parker's award pursuant to 28 U.S.C. § 1961(a). This interest is calculated "from the date of entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." *Id*.

Dated:  January 7, 2022                    Respectfully submitted,

                                           By:  */s/ Andrew R. Kopsidas*
                                                Andrew R. Kopsidas (Bar No. 16057)
                                                Ahmed Davis (admitted *pro hac vice)*
                                                Daniel A. Tishman (admitted *pro hac vice*)
                                                Taylor Caldwell (admitted *pro hac vice*)
                                                Tracea Rice (admitted *pro hac vice*)
                                                **FISH & RICHARDSON P.C.**
                                                1000 Maine Avenue, SW
                                                Suite 1000
                                                Washington, DC 20024
                                                Telephone: (202) 783-5070
                                                Facsimile: (202) 783-2331

---

[2] As a point of illustration, if this Court entered judgment on the day of this filing (January 7, 2022) and applied a 6% compound interest rate, the prejudgment interest would total $10,489.08. Ms. Parker's back pay accrued on April 17, 2017 when she secured new employment.  The interest accruing annually would be as follows: $1,982.36 on April 17, 2018; $2,101.30 on April 17, 2019; $2,227.38 on April 17, 2020; $2,361.02 on April 17, 2021; and $1,817.02 on January 7, 2022.

Dennis A. Corkery (Bar. No. 19076)
Joanna K. Wasik (Bar. No. 21063)
**WASHINGTON LAWYERS' COMMITTEE
FOR CIVIL RIGHTS AND URBAN AFFAIRS**
700 14th Street NW, Suite 400
Washington, DC 20036
Telephone: (202) 319-1000
Facsimile: (202) 319-1010

*Counsel for Plaintiff Evangeline J. Parker*