# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### GREENBELT DIVISION

| | |
|---|---|
| EVANGELINE J. PARKER,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>REEMA CONSULTING SERVICES, INC.<br><br>　　　　　Defendant. | Civil No. 8:17-cv-01648-TDC |

## PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND EXPENSES

Pursuant to Rule 54(d)(2) of the Federal Rules of Civil Procedure, and Local Rule 109.2, Plaintiff Evangeline J. Parker respectfully moves the Court to enter an order awarding Plaintiff attorneys' fees of $966,435, non-taxable litigation expenses of $27,853.55, and taxable costs of $40,499.30 for the reasons stated in the accompanying memorandum in support.

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that on this 7th Day of January, 2022 true and correct copies of the above and foregoing Memorandum of Points and Authorities in Support of Plaintiff's Motion for Attorneys' Fees and Expenses have been filed and served through the Court's ECF system on the following:

Donald J. Walsh
RKW, LLC
10075 Red Run Blvd, 4th Floor, Owings Mill, MD 21117

_/s/ Andrew R. Kopsidas_
Andrew R. Kopsidas  (Bar No. 16057)
kopsidas@fr.com
**FISH & RICHARDSON P.C.**
1000 Maine Avenue, SW
Suite 1000
Washington, DC 20024
Telephone: (202) 783-5070
Facsimile: (202) 783-2331

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**GREENBELT DIVISION**

EVANGELINE J. PARKER,

          Plaintiff,

v.

REEMA CONSULTING SERVICES, INC.

          Defendant.

Civil No. 8:17-cv-01648-TDC

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF HER MOTION FOR ATTORNEYS' FEES AND EXPENSES

### INTRODUCTION

On December 9, 2021, the jury returned a verdict for Plaintiff Evangeline J. Parker on both of her claims brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. The jury awarded her $345,000 in compensatory damages and $385,000 in punitive damages – a verdict *fourteen times* greater than the maximum amount of non-economic damages permitted by law. *See* 42 U.S.C. § 1981a(b)(3). This extraordinary success was achieved after a long road of litigation in which Ms. Parker achieved a precedent-setting opinion by the Fourth Circuit Court of Appeals, *Parker v. Reema Consulting Services, Inc*., 915 F.3d 297, 302-3 (4th Cir. 2019), and surmounted various litigation challenges. Because Ms. Parker unquestionably prevailed, Title VII now entitles her to a fully compensatory award of attorneys' fees and expenses.

Plaintiff's counsel Fish & Richardson P.C. ("Fish & Richardson") and the Washington Lawyers' Committee for Civil Rights and Urban Affairs ("the Washington Lawyers'

Committee") represented Ms. Parker on a pro bono basis. Further, Fish & Richardson intends to donate all of any award it receives in this case to the Washington Lawyers' Committee and/or other legal services nonprofit organizations to further support these organizations' efforts to locate and represent plaintiffs like Ms. Parker, who present meritorious civil rights claims but who have been unable to locate suitable paid representation. Neither of these facts detracts in any way from Plaintiff's legal right to a fully compensatory fee. To the contrary, the law requires that reasonable fees and expenses be awarded in cases like this — just as if counsel had been retained for a fee.

As explained further below, and in the declarations attached hereto, Plaintiff now requests $966,435 in attorneys' fees, $27,853.55 in non-taxable litigation expenses, and $40,499.30 in taxable costs for the efforts required to achieve the demonstrated success in this case. This request includes $272,097.50 in fees and $469.94 in expenses for the Washington Lawyers' Committee, and $694,337.50 in fees, $27,383.61 in expenses, and $40,499.30 in taxable costs for Fish & Richardson. Ex. 1, Declaration of Joanna Wasik ("Wasik Decl.") ¶¶ 14, 33; Ex. 3, Declaration of Andrew Kopsidas ("Kopsidas Decl.") ¶¶ 12, 23, 24. In an effort to reduce potential disputes and narrow issues the Court may need to decide, the fees requested reflect substantial reductions in the number of hours billed and are based on rates published at Appendix B to the Local Rules of the U.S. District Court for the District of Maryland.

<u>**Nature of the Case**</u>

### I.      Procedural Background

Defendant subjected Plaintiff Ms. Parker to a hostile work environment throughout early 2016, and a retaliatory termination in violation of Title VII in May 2016. The Washington Lawyers' Committee and Fish & Richardson agreed to represent Ms. Parker in 2017. On May 15, 2017, Plaintiff filed her Complaint in the U.S. District Court for the Eastern District of

Virginia. Dkt. 1. Defendant successfully moved to transfer the case from Virginia to Maryland in June 2017. Dkt. 14, 19. Defendant then moved to dismiss the case in this Court, Dkt. 31, a motion which was granted in December 2017 by the late Judge Titus. Dkt. 39. Plaintiff filed a Notice of Appeal in February 2018, after which the Parties completed briefing and oral argument in the Fourth Circuit Court of Appeals. Dkt. 43-48. The Fourth Circuit reversed the dismissal of two of three of Ms. Parker's claims, hostile work environment based on sex and retaliation. *Parker v. Reema Consulting Services, Inc*., 915 F.3d 297, 302-3 (4th Cir. 2019). The case was then remanded and reassigned to this Court. Dkt. 52.

After the Fourth Circuit issued its opinion, Defendant filed a petition of certiorari to the Supreme Court on May 21, 2019, which Plaintiff opposed. Dkt. 70, 85. Plaintiff was successful in her opposition to the cert petition, and the case returned to this Court for the discovery phase. The parties conducted discovery from May 2019 through August 1, 2020. Dkt. 87, 93. The parties appeared in front of Magistrate Judge Simms twice for discovery-related disputes during this phase of the litigation. Dkt. 75, 79, 101.

On May 17, 2021, Plaintiff successfully opposed a motion for summary judgment filed by Defendant. Dkt. 122, 123. Counsel then prepared for pre-trial submissions and trial, taking into account the court's new COVID-19-related protocols and requirements. The pretrial conference was held on December 2, 2021, and voir dire took place on December 3, 2021. Dkt. 155, 157. The Parties made opening statements on December 6, 2021. Dkt. 157. Plaintiff called six witnesses in her case in chief, and Defendant called two further witnesses. Dkt. 157, 158, 159. The case was submitted to the jury the afternoon of December 8, 2021. Dkt. 159, 160. On Thursday, December 9, 2021, after a day and a half of deliberation, the jury found for Ms. Parker on both of her claims – hostile work environment based on sex and retaliation. Dkt. 170. The

jury awarded not just $340,000 in compensatory damages, but also $385,000 in punitive damages, greatly exceeding the maximum award for non-economic damages allowable by law. 42 U.S.C. § 1981a(b)(3); Dkt. 170 (verdict form).

## II.     Course of Litigation

The Washington Lawyers' Committee and Fish & Richardson have expended significant time on this litigation from the investigation and filing of the complaint through a successful jury trial verdict.

First, Plaintiff's counsel invested time in investigation of the case and fact development prior to filing the lawsuit. Wasik Decl. ¶ 15. Second, Plaintiff's counsel dedicated significant time to an appeal of the order initially granting Defendant's motion to dismiss Ms. Parker's claims. Plaintiff appealed the order to the Fourth Circuit Court of Appeals and obtained a precedential opinion reversing the trial court on two out of three issues. *Parker v. Reema Consulting Services, Inc*., 915 F.3d 297, 302-3 (4th Cir. 2019). The opinion set an important precedent regarding the invocation of sex-based stereotypes, concluding that a rumor that a female subordinate had sex with a male superior to obtain a promotion is actionable under Title VII's prohibitions on sex discrimination. Since the date it was issued, the opinion has been cited forty-three times by other courts. Wasik Decl. ¶ 15; *see, e.g., Bianchi v. Rochester City Sch. Dist*., Case # 16-cv-6840, 2016 U.S. Dist. LEXIS 168991 (W.D.N.Y. 2019). After Defendant filed a petition for certiorari to the U.S. Supreme Court seeking review of the Fourth Circuit's opinion, Plaintiff's counsel expended further time and effort to successfully oppose the petition. Wasik Decl. ¶ 16.

Third, fact discovery and investigation required significant effort. From May 2019 through August 2020, the Parties exchanged documents and conducted seven depositions, including two 30(b)(6) depositions necessitated by a late production of documents by

Defendant's 30(b)(6) deponent. Wasik Decl. ¶ 17. Because the majority of the witnesses were former employees not within either Party's control, Plaintiff's counsel expended time and effort to locate the witnesses and serve them with subpoenas. The Parties also appeared before Magistrate Judge Simms twice for discovery-related disputes. In the midst of the discovery period, Plaintiff's counsel also had to adjust to the realities of the covid-19 pandemic, pivoting to remote depositions and remote deposition preparation. *Id*.

Fourth, after successfully opposing Defendant's summary judgment motion, Plaintiff's counsel prepared for and attended trial, which necessarily required many hours of work, including preparation of witnesses and pretrial filings. Wasik Decl. ¶¶ 19-20. Defendant filed seven motions in limine, and Plaintiff filed eight. Dkt. 156. As this Court noted at the Pretrial Conference, the Parties also disagreed vigorously on the jury instructions to be given in the case, requiring Plaintiff's counsel to expend time and effort on legal research and creating a presentation of the competing instructions that would be useful for the Court. Wasik Decl. ¶ 20; Dkt 147 (pretrial order). As in the discovery phase, Plaintiff's counsel had to make efforts to locate witnesses not within the Parties' control and serve them with subpoenas, and also apprise them of the Court's covid-related protocols and provide them with covid tests to facilitate their compliance. Plaintiff's counsel also spent time supervising the editing of the video deposition of one witness who did not attend trial as well as preparing for the eventuality that other witnesses may also not comply with their subpoenas. *Id*.

From the beginning and throughout the litigation, Plaintiff made attempts at settlement negotiations. However, Defendant was never interested and settlement discussions never got off the ground. Plaintiff first attempted to settle the litigation in September 2017 for less than the statutory limit and back-pay she is now entitled to. Defendant promptly responded, not only

rejecting the offer out of hand, but calling it "offensive."  At a case management conference in April 2019, Plaintiff argued for an early mandatory mediation date to potentially save both sides (and the Court) from expending resources on litigation, but Defendant was opposed to any mediation being scheduled before summary judgment motions were decided.  In July 2020, the parties did finally agree to referral to a Magistrate Judge for alternative dispute resolution. However, after reviewing the parties' *ex parte* submissions and following separate discussions with the parties, Judge Sullivan cancelled the mediation because he thought the parties were so far apart that a conference would be futile. Wasik Decl. ¶ 18; Dkt. 110, 111. Although Defendant was entitled to maintain its position that it had the better case on the merits, this position—and Defendant's complete unwillingness to even engage in negotiations—left Plaintiff's counsel with no choice but to continue with all of the necessary tasks in this litigation that may have been avoided through settlement.

## Calculation of Fees and Expenses

### I.     Plaintiff Is Entitled to Fully Compensatory Attorneys' Fees

Plaintiff now seeks the reasonable attorneys' fees and non-taxable expenses to which she is entitled by law. 42 U.S.C. § 2000e-5(k). The civil-rights laws "depend heavily on private enforcement," and thus "a plaintiff should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Hensley v. Eckerhart*, 461 U.S. 424, 429, 445 (1983) (quoting S. Rep. No. 94-1011, 94 Cong., 2d Sess. 4 (1976)); *see also Rum Creek Coal Sales, Inc. v. Caperton*, 31 F.3d 169, 174 (4th Cir. 1994). Where, as here, Plaintiff obtained complete relief, counsel should receive "a fully compensatory fee." *Rum Creek*, 31 F.3d at 175; *see also Hensley*, 461 U.S. at 435 ("Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee.")

Although both the Washington Lawyers' Committee and Fish & Richardson represented Ms. Parker on a pro bono basis, this public service is no reason to discount or reduce a fully compensatory fee award.[1] *See Lopez v. XTEL Constr. Grp., LLC*, 838 F. Supp. 2d 346, 350 (D. Md. 2012) (citations omitted) ("[C]ourts have consistently held that entities providing pro bono representation may receive attorney's fees where appropriate, even though they did not expect payment from the client and, in some cases, received public funding."); *Bd. of Educ. of Frederick Cty. v. I.S. ex rel. Summers*, 358 F. Supp. 2d 462, 467 (D. Md. 2005) ("Beveridge & Diamond is not precluded from receiving a statutory fee award because it accepted the Summers' case on a pro bono basis."). In fact, the law requires that pro bono advocates seeking fees be treated no differently than counsel being paid on an hourly or contingent fee basis. *See Blum v. Stenson*, 465 U.S. 886, 894-895 (1984).

Where, as here, the fee-shifting statute does not mandate a particular rate, the appropriate method for determining a fee award is the "lodestar" approach. *Gisbrecht v. Barnhart*, 535 U.S. 789, 801 (2002). A court calculates the lodestar amount by determining a reasonable number of hours expended on the litigation, and multiplying it by a reasonable hourly fee. *Rum Creek Coal Sales*, 31 F.3d at 174, citing *Hensley*, 461 U.S. at 433, and *Blum v. Stenson*, 465 U.S. 886, 888 (1984).

---

[1] Although clients of the Washington Lawyers' Committee are never charged legal fees, when they prevail in civil rights litigation, they usually seek reimbursement under applicable fee-shifting statutes of the fees incurred by the Committee. (Wasik Decl. ¶ 11-12.) Recovery of attorneys' fees in these cases is critical to the organization's ability to continue to provide high quality legal representation to civil rights plaintiffs. *Id.*

In addition to the lodestar, courts in the Fourth Circuit may also consider the twelve factors from *Johnson v. Georgia Hwy. Express, Inc*., 488 F.2d 714, 717-719 (5th Cir. 1974) in determining whether the hours and rates are reasonable:

> 1) the time and labor required; 2) the novelty and difficulty of the questions; 3) the skill requisite to perform the legal service properly; 4) the preclusion of other employment by the attorney due to acceptance of the case; 5) the customary fee; 6) whether the fee is fixed or contingent; 7) time limitations imposed by the client or the circumstances; 8) the amount involved and the results obtained; 9) the experience, reputation, and ability of the attorneys; 10) the "undesirability" of the case; 11) the nature and length of the professional relationship with the client; and 12) awards in similar cases.

*Rum Creek Coal Sale*s, 31 F.3d at 175. The Court's duty is not to addresses each of these factors when assessing reasonableness, but to make findings "in a description of the litigation as a whole" that takes into account the factors where relevant. *Imgarten v. Bellboy Corp*., 383 F. Supp. 2d 825, 836 (D. Md. 2005). Accordingly, this memorandum mentions applicable *Johnson* factors within its overall discussion of the reasonableness of counsel's lodestar.

### a. The Hourly Rates Are Reasonable And Lower Than Counsel's Customary Fees

While the rates typically rates charged by Fish & Richardson or sought by the Washington Lawyers' Committee in court awards are much higher, Plaintiff's counsel nevertheless seek fees according to the rates in Appendix B of this Court's Local Rules. Wasik Decl. ¶¶ 31-32; Kopsidas Decl. ¶¶ 21-22. For the reasons stated below, the rate sought is in most cases at the higher end of the applicable range, which still represents a very significant discount from current rates customarily charged to clients. Plaintiff seeks the following rates:

| Name | Years of Experience | Customary Rate | D. Md. Guideline Range | Rate Sought |
|------|---------------------|----------------|------------------------|-------------|
| | | *Fish & Richardson* | | |
| Andrew Kopsidas | 23 | 906 | 300-475 | 475 |
| Ahmed Davis | 23 | 926 | 300-475 | 475 |

| Joseph Colaianni | 26 | 947 | 300-475 | 475 |
|---|---|---|---|---|
| Daniel Tishman | 11 | 816 | 225-350 | 350 |
| Andrew Huh | 9 | 688 | 225-350 | 300 |
| Tracea Rice | 4 | 488.33 | 150-225 | 225 |
| Taylor Burgener | 5 | 530 | 165-300 | 225 |
| *Washington Lawyers' Committee* | | | | |
| Dennis Corkery | 9 | 676 | 225-350 | 350 |
| Joanna Wasik | 9 | 676 | 225-350 | 350 |
| Tiffany Yang | 1 | 381 | 150-225 | 200 |
| Tristin Brown | 1 | 381 | 150-225 | 200 |
| Samantha Weaver (paralegal) | N/A | 208 | 95-150 | 150 |

The Guidelines rate is presumptively reasonable, and these requested rates are within the Guidelines. *E.E.O.C. v. Freeman*, 126 F.Supp.3d 560, 575 (D. Md. 2015) (holding that "Appendix B of the Local Rules for the District of Maryland sets forth presumptively reasonable rates, but these guidelines are non-binding" and awarding fees at rates above the Guidelines); *Life Techs. Corp. v. Life Techs. Corp*., No. RWT 10CV3527, 2012 WL 4748080, at *2 (D. Md. Oct. 2, 2012) ("The requested hourly rates for counsel . . . fall within Appendix B's guidelines, and thus are presumptively reasonable."); *Thompson v. U.S. Dep't of Hous. & Urban Dev*., No. CIV.A. MGJ-95-309, 2002 WL 31777631, at *12-13 (D. Md. Nov. 21, 2002) (holding that the Guidelines are presumptively reasonable and awarding above-Guidelines fees).

The upper end of the range is appropriate because the timekeeper's years in practice place them toward the top of the range, or they have specialized experience in the subject matter litigated in this case. For example, Messrs. Kopsidas, Davis and Colaianni have each been admitted to the bar for 23-26 years, placing them above the twenty years of experience needed for the top range. Kopsidas Decl. ¶¶ 3-6. Messrs. Kopsidas and Davis, who both represented Ms. Parker at trial, each have extensive trial experience in federal courts across the country. *Id*.

Further, Mr. Corkery and Ms. Wasik specialize in the type of civil rights employment discrimination cases on which Plaintiff prevailed. Wasik Decl. ¶¶ 3, 5. Mr. Corkery has litigated workers' rights cases, including anti-discrimination cases, since his graduation from law school. *Id*. Ms. Wasik has litigated employment discrimination class actions in federal courts nationwide. *Id*. These qualifications and expertise justify hourly rates at the top of the range within the Guidelines.

The declaration of Deborah Jeon, the Litigation Director of the American Civil Liberties Union of Maryland, corroborates that these rates are reasonable for the relevant market. Ex. 5, Declaration of Deborah Jeon. Ms. Jeon has worked closely with the Washington Lawyers' Committee, in particular Dennis Corkery and Joanna Wasik, in multiple civil rights litigations. *Id*. ¶¶ 9-10. Based on her personal knowledge of their skill, Ms. Jeon avers that the rates proposed in Plaintiff's fee petition are more than reasonable, are within the range that the ACLU of MD would propose in similar litigation, and are well below the market rate for firms in the region. *Id*. ¶¶ 12-13. She also notes that the recovery of fees is crucial for organizations like the Washington Lawyers' Committee and the ACLU to be able to continue their work, and that the very large jury verdict and precedential appellate opinion achieved in this case are evidence of the dedication and skill of Plaintiff's legal team. *Id*. ¶¶ 11, 14.

Finally, fees awarded in other recent cases in this District confirm the reasonableness of using the top end of the Guidelines for experienced counsel. *See Harvey v. CNN, Inc.,* No. RDB-20-3068, 2021 U.S. Dist. LEXIS 85245, *9 (D. Md. May 4, 2021) (awarding rate of $425 for attorney barred for sixteen years and $300 for attorney barred for eight years); *Berrios v. Green Wireless, LLC*, 2016 WL 7451297, at *3 (D. Md. Dec. 27, 2016) (Hazel, J. (approving $295 for attorney barred for 7 years); *Morataya v. Nancy's Kitchen of Silver Spring, Inc*., No. GJH-13-

12

01888, 2016 WL 6634856, at *3 (D. Md. Nov. 8, 2016) (Hazel, J.) (awarding rate of $475 for attorney who has been member of the bar since 1987 in FLSA case); *Randolph v. PowerComm Constr., Inc.*, No. GJH-13-01696, 2016 WL 6462167, at *5 (D. Md. Oct. 31, 2016) (Hazel, J.) (adopting proposed rate of $150.00 for law clerks as reasonable); *Bd. of Educ. of Frederick Cty. v. I.S. ex rel. Summers*, 358 F. Supp. 2d 462, 469 (D. Md. 2005) (citing *I.B. v. New York City Dep't of Edu*c., 336 F.3d 79, 81 (2d. Cir. 2003)) (awarding top of the range for attorney from Beveridge & Diamond with more than 8 years of experience for successful IDEA claim); *see also Life Techs. Corp. v. Life Techs. Corp*., No. RWT 10CV3527, 2012 WL 4748080, at *2 (D. Md. Oct. 2, 2012) (awarding attorney fees above the Guidelines ranges as "commensurate with the expertise, skills, and customary fees of the attorneys at a large, private law firm like Troutman Sanders").

### b.  The Hours Billed Are Reasonable For The Labor Required

Plaintiffs' hours billed are also reasonable given the substantial labor involved in litigating this case through trial. As a threshold matter, there is a strong presumption that the lodestar figure represents a reasonable award. *Perdue v. Kenny A*., 559 U.S. 542, 552 (2010). Further, this Court has held that a key inquiry for whether a fee is reasonable is whether Plaintiff "achieve[d] a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award[.]" *Ford v. Rigidply Rafters, Inc*., 999 F. Supp. 647, 651 (D. Md. 1998). Because Ms. Parker prevailed on both of her claims at trial, she entitled to a fully compensatory fee, without any reduction — as may be appropriate in different cases where success is only partial. *Rum Creek*, 31 F.3d at 174-75. The jury awarded Ms. Parker $725,000, an award fourteen times the maximum allowable by law, and earlier Ms. Parker achieved a precedential ruling from the Fourth Circuit Court of Appeals. The level of success achieved here required a

level of preparation that naturally entailed additional time spent on this case through all stages of litigation — especially an appeal, opposing a petition of certiorari, and later preparing for trial — and the hours required for this effort are fully reasonable when compared to the level of success achieved.

After a significant exercise of billing judgment, Plaintiff seeks approximately 1,945 hours of time for the attorneys at Fish & Richardson, and approximately 854 hours of attorney and paralegal time for the Washington Lawyers' Committee. Pursuant to this Court's local rules and in further review of time records, Plaintiff's counsel has elected not to seek all of counsel's fees and expenses incurred in connection with this case. Wasik Decl. ¶¶ 13, 23-29; Kopsidas Decl. ¶¶ 14-20. The adjustments made by Counsel are all reflected in the detailed billing entries provided by Fish & Richardson at Exhibit 4 and by the Washington Lawyers' Committee at Exhibit 2. The fees sought are summarized below:

| Litigation Phase | Hours | Value |
|---|---|---|
| Case Development & Administration | 57.9 | 20,077.50 |
| Pleadings | 40.6 | 1,5082.50 |
| Motions Practice | 785.55 | 239,082.50 |
| Attending court hearings | 24 | 9,225 |
| Written Discovery | 292.53 | 88913 |
| Depositions | 455.52 | 142,744.50 |
| ADR | 58.5 | 17,875 |
| Trial Preparation | 932.4 | 367,765 |
| Attending Trial | 131.1 | 58,460 |
| Fee Petition Preparation | 20.6 | 7,210 |
| TOTAL | 2,798.7 | $966,435 |

Counsel has excluded hundreds of hours of productive work by a number of attorneys and legal assistants (including some who were assigned to "one-time" tasks) who contributed legal research, provided strategic advice, or helped with case management, trial preparation, and in other ways for projects large and small. Kopsidas Decl. ¶¶ 15, 17. Significantly, Fish &

Richardson has excluded all time spent on case management over the course of the litigation, such as time spent on the coordination and assignment of work among Fish & Richardson attorneys and attention to logistical and administrative tasks such as the scheduling of depositions. *Id*. ¶ 17. The Washington Lawyers' Committee has removed time spent by highest-level supervisors in final review of pleadings and briefs, and removed the time of attorneys who contributed to the litigation on a limited basis. Wasik Decl. ¶¶ 26.

Per this Court's local rules, Plaintiff's counsel has also recorded time for only one lawyer to attend each deposition, court hearing, and conference with the client, opposing counsel, or third parties. Wasik Decl. ¶ 24. Kopsidas Decl. ¶ 18. Plaintiff's counsel has also charged for only three attorneys – Mr. Davis, Mr. Kopsidas, and Ms. Wasik - to attend each day of trial, voir dire, and the pretrial conference. Wasik Decl. ¶ 25; Kopsidas Decl. ¶ 16. Plaintiff's counsel has also removed one-third of the time spent on the motion for reconsideration and appeal to the Fourth Circuit Court of Appeals, given that Plaintiff ultimately prevailed on only two out of three issues that had been appealed. Wasik Decl. ¶ 26. Counsel has also removed time spent opposing Defendant's motion to quash a subpoena, given that Plaintiff did not prevail on that discovery motion. Wasik Decl. ¶ 26. Overall, the Washington Lawyers' Committee has removed approximately 358 hours of time from its fee submission. Wasik Dec. ¶ 28. For its part, Fish & Richardson has removed from its bills a total (at Fish & Richardson's typical rates) of $505,000 worth of attorney and paralegal time. Kopsidas Decl. ¶ 20.

### c. This Case Presented Novel Questions and Ms. Parker Obtained Excellent Results

Ms. Parker achieved a resounding success not just for herself at trial, but also an important legal precedent for workers within the Fourth Circuit. The legal question presented at the motion to dismiss stage of Plaintiff's case, whether a false rumor that a female supervisor

"slept her way to the top," presented a novel issue regarding the application of Title VII of the Civil Rights Act to gender-based stereotypes. *Parker v. Reema Consulting Services, Inc*., 915 F.3d 297, 302-3 (4th Cir. 2019). While Defendant argued that such a rumor was based on "conduct," not sex, Plaintiff asserted that the rumor was inherently gender-based and thus actionable under Title VII. Plaintiff prevailed, obtaining a precedential Fourth Circuit Court of Appeals opinion which held that:

> [Ms. Parker] plausibly invokes a deeply rooted perception — one that unfortunately still persists — that generally women, not men, use sex to achieve success. And with this double standard, women, but not men, are susceptible to being labelled as "sluts" or worse, prostitutes selling their bodies for gain . . .
>
> In short, because traditional negative stereotypes regarding the relationship between the advancement of women in the workplace and their sexual behavior stubbornly persist in our society, and these stereotypes may cause superiors and coworkers to treat women in the workplace differently from men, it is plausibly alleged that Parker suffered harassment because she was a woman.

*Parker*, 915 F.3d at 303 (internal citations and quotations omitted). This ruling, which the Supreme Court did not disturb, was particularly important to the development of the current body of civil rights law because of other related advancements in protections to plaintiffs bringing claims of sex-stereotyping. *See Bostock v. Clayton Cty*., 140 S. Ct. 1731 (2020). After Plaintiff's victory at the Fourth Circuit, Plaintiff continued on to victory at trial, prevailing on both of Ms. Parker's claims.

Further, while other firms may have considered Ms. Parker's to be an "undesirable" case given the low statutorily-imposed limits on her recovery compared against the large amount of labor required to litigate her case, the Washington Lawyers' Committee for Civil Rights is honored to bring cases enforcing the rights of plaintiffs like Ms. Parker, and is able to do so only due to the significant talent and resources of Fish & Richardson, excellent pro bono counsel.

Wasik Decl. ¶ 12. These undeniably excellent results in a meritorious case on behalf of Ms.

Parker, as well as the fact that pro bono work should be encouraged, support the fee request here.

## II.        Plaintiff Is Also Entitled to Taxable Costs[2]

Federal Rule of Civil Procedure 54(d)(1) "gives rise to a 'presumption that costs are to be

awarded to the prevailing party.'" *Wyne v. Medo Indus., Inc*., 329 F. Supp. 2d 584, 586 (D. Md.

2004) (quoting *Cherry v. Champion Int'l Corp*., 186 F.3d 442, 446 (4th Cir. 1999)).

Accordingly, the non-prevailing party bears the burden of "show[ing] circumstances sufficient to

overcome th[is] presumption," and a district court "may not depart from the normal practice" of

awarding costs "without first articulating some good reason for doing so." *Id*. (quoting *Oak Hall*

*Cap & Gown Co. v. Old Dominion Freight Line, Inc*., 899 F.2d 291, 296 (4th Cir. 1990)).

Plaintiff seeks the expenses tabulated below, totaling $40,499.30 expended by Fish &

Richardson:

| Cost Description | Amount |
|---|---|
| Fees of the Clerk | $905.00 |
| Fees for service of summons and subpoena | $1,505.00 |
| Fees for recorded transcripts | $13,835.18 |
| Printing fees | $23,723.85 |
| Fees for witnesses | $530.00 |

The categories of taxable costs sought by Fish & Richardson are as follows:

Fees of the Clerk

---

[2] Plaintiff is also filing contemporaneously a separate Bill of Costs.

The Plaintiff filed her complaint on May 15, 2017, nearly five years ago, and has incurred significant costs associated with taxable fees under 28 U.S.C. § 1920(1) in various courts.[3] Ex. 3, Kopsidas Decl. ¶ 23.

Fees for service of summons and subpoena

Plaintiff seeks costs for fees for service of summons and subpoenas of the more than fifteen (15) subpoenas served for deposition and trial appearances. Per this Court's Guidelines for Bill of Costs, "the Clerk will tax reasonable service fees for (a) summonses, (b) trial subpoenas for witnesses who actually testified at trial, (c) deposition subpoenas where the cost of the deposition has also been taxed …." See GUIDELINES FOR BILLS OF COSTS (hereinafter, Guidelines), available at http://www.mdd.uscourts.gov/sites/mdd/files/BillofCostsGuidelines.pdf. Plaintiff's details regarding service of deposition and trial subpoenas can be found in the tables below.

| Deposition Subpoenas | Date |
|---|---|
| Donte Jennings | Feb. 20, 2020 |
| Larry Moppins | Feb. 20, 2020 |
| DeMarcus Pickett | June 16, 2020 |
| Kenton Birgans | May 8, 2020 |
| Angela Wallace | Jan. 22, 2020 |
| Cathy Price 30(b)(6) | Feb. 11, 2020 |

| Trial Subpoenas | Date |
|---|---|
| Kenton Birgans[4] | Oct. 14, 2021 |
| Lynette Parker[5] | Oct. 14, 2021 |
| DaMarcus Pickett[6] | Oct. 14, 2021 |

---

[3] Plaintiff's case was initially dismissed by this court (Dkt. 39); appealed to Court of Appeals for the Fourth Circuit (Dkt. 43); and Defendants filed a petition for writ of certiorari before the Supreme Court.
[4] Testified at trial.
[5] Testified at trial.
[6] Testified at trial.

| Trial Subpoenas | Date |
|---|---|
| Angela Wallace[7] | Oct. 14, 2021 |

Fees for recorded transcripts

Plaintiff seeks costs for deposition transcripts "necessarily obtained for use in the case" and "reasonably necessary at the time of its taking."  28 U.S.C. § 1920(2); *see LaVay Corp. v. Dominion Federal Savings & Loan Ass'n*, 830 F.2d 522, 528 (4th Cir. 1987).  Plaintiff's costs associated with deposition transcripts are tabulated below.

| Deponent | Date | Taxable Cost |
|---|---|---|
| Evangeline Parker | Jan. 15, 2020 | $1,142.64 |
| Larry Moppins | July 11, 2020 | $3,695.77 |
| Reema Vora | July 17, 2020 | $1,481.24 |
| DeMarcus Pickett | July 14, 2020 | $1,107.40 |
| Kenton Birgans | July 17, 2020 | $1,058.64 |
| Angela Wallace | Mar. 5, 2020 | $2,234.55[8] |
| Cathy Price | July 10, 2020 | $1,088.55 |
| Rajesh Vora | July 24, 2020 | $2,026.39 |

The applicable invoices for these transcripts are attached to the Bill of Costs.

Witness Fees

As itemized in the Bill of Costs, Plaintiff seeks witness fees in connection with depositions and for attendance at trial in the amount of $530.00. The fees are taxable under 28 U.S.C. § 1920(3). For the Court's convenience, the itemized list from the Bill of Costs has been recreated in the table below:

| Witness | Attendance Date | Purpose | Taxable Cost |
|---|---|---|---|
| Larry Moppins | July 11, 2020 | Deposition | $40.00 |
| Lynette Parker | Dec. 7, 2021 | Trial | $60.00 |

---

[7] Deposition video played at trial.
[8] Includes video of transcript which was used at trial.

19

| Witness | Attendance Date | Purpose | Taxable Cost |
|---|---|---|---|
| DeMarcus Pickett | July 14, 2020 | Deposition | $40.00 |
| DaMarcus Pickett | Dec. 7, 2021 | Trial | $65.00 |
| Kenton Birgans | July 17, 2020 | Deposition | $40.00 |
| Kenton Birgans | Dec. 7, 2021 | Trial | $120.00 |
| Angela Wallace | Mar. 5, 2020 | Deposition | $40.00 |

The applicable invoices for these transcripts are attached to the Bill of Costs.

Fees and disbursements for printing

Lastly, pursuant to 28 U.S.C. § 1920(3), Plaintiff seeks costs associated with fees and disbursements for printing in the amount of $23,723.85. As noted in the Court's Guidelines, "[t]hese fees are typically taxed by the court … in its mandate." The categories of costs for printing include fees associated with Plaintiff's appellate appendices required by the Fourth Circuit and Supreme Court, respectively, oral argument, deposition exhibits, and trial exhibits. The applicable invoices for these transcripts are attached to the Bill of Costs.

## III. Plaintiff Is Entitled to Reasonable Expenses

The Fourth Circuit has held that a plaintiff entitled to attorneys' fees, as here, is also entitled to recover reasonable litigation expenses. *Daly v. Hill*, 790 F.2d 1071, 1084 (4th Cir. 1986). These reasonable expenses include "supplemental secretarial costs, copying, telephone costs and necessary travel." *Wheeler v. Durham City Bd. of Ed.*, 585 F.2d 618, 623-24 (4th Cir. 1978). This Court's Local Rules also specify additional reimbursable expenses including express and overnight delivery services, computerized online research, mileage reimbursed at the official government rate of travel, and copy work compensable at the Court's rate. L.R. App. B, Guideline 4. Plaintiff seeks the following non-taxable expenses:

| Washington Lawyers' Committee | |
|---|---|
| Local travel | $27.49 |

| | |
|---|---|
| Out of Town travel to 4th Circuit Oral Argument | $41.32 |
| Meals & Lodging for 4th Circuit Oral Argument | $390.27 |
| Copying and Duplicating | $10.86 |

| Fish & Richardson | |
|---|---|
| Travel | $530.98 |
| Meals & Lodging | $19,372.63 |
| Trial Assistance | $7,480.00 |

These expenses were incurred in connection with this litigation and the records of these costs were kept by the Chief Financial Officer of the Washington Lawyers' Committee, and Fish & Richardson in the regular course of business. Ex. 1, Wasik Decl. ¶ 33; Ex. 3, Kopsidas Decl. ¶ 24.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court enter an order awarding Plaintiff attorneys' fees of $966,435, non-taxable expenses of $27,853.55, and taxable costs of $40,499.30.

Dated:  January 7, 2022                    Respectfully submitted,

By:  */s/ Andrew R. Kopsidas*
     Andrew R. Kopsidas (Bar No. 16057)
     Ahmed Davis (admitted *pro hac vice*)
     Daniel A. Tishman (admitted *pro hac vice*)
     Taylor Caldwell (admitted *pro hac vice*)
     Tracea Rice (admitted *pro hac vice*)
     **FISH & RICHARDSON P.C.**
     1000 Maine Avenue, SW
     Suite 1000
     Washington, DC 20024
     Telephone: (202) 783-5070

Facsimile: (202) 783-2331

Dennis A. Corkery (Bar. No. 19076)
Joanna K. Wasik (Bar. No. 21063)
**WASHINGTON LAWYERS' COMMITTEE
FOR CIVIL RIGHTS AND URBAN AFFAIRS**
700 14th Street NW, Suite 400
Washington, DC 20036
Telephone: (202) 319-1000
Facsimile: (202) 319-1010

*Counsel for Plaintiff Evangeline J. Parker*