# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
For the District of Maryland
Greenbelt Division

| | |
|---|---|
| **EVANGELINE J. PARKER,** <br><br> Plaintiff, <br><br> v. <br><br> **REEMA CONSULTING SERVICES, INC.** <br><br> Defendant. | Civil No. 8:17-cv-01648-TDC <br><br> Jury Trial Demanded |

# DECLARATION OF ANDREW R. KOPSIDAS IN SUPPORT OF PLAINTIFF'S REQUEST FOR ATTORNEYS' FEES AND COSTS

I, Andrew R. Kopsidas, declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge:

1. I am over the age of 18 and am legally competent to make this declaration. I submit this declaration in support of Plaintiffs' Motion for Attorneys' Fees and Costs.

2. The work performed by attorneys and paralegals at Fish & Richardson P.C. ("F&R") is described in contemporaneous time records and invoices that were kept by F&R and are attached as Exhibit 4.

3. I am a Principal at F&R and served as Supervising Counsel in this matter. I have worked at F&R since 2000, and worked at another firm prior to that. I am a member of the bars of Maryland and the District of Columbia and admitted to practice before this Court. As Supervising Counsel, I oversaw and managed this litigation. I have litigated cases in district courts across the country and at the Federal Circuit, as well as in administrative proceedings. I

1

graduated from George Washington University Law School in 1999.  I obtained a B.S. in Aerospace Engineering from the University of Maryland in 1992.

4. In addition to my time on this matter, F&R is seeking reimbursement for time spent by Ahmed J. Davis, Joseph V. Colaianni, Daniel Tishman, Andrew Huh, Taylor Burgener, and Tracea Rice.

5. Ahmed J. Davis is a Principal at F&R and is admitted to the Bars of the Virginia and the District of Columbia.  He has worked at F&R since 2002.  He has extensive experience litigating civil cases in district courts across the country and at the Federal Circuit, as well as in administrative proceedings.  Prior to joining FR, Mr. Davis clerked in the Eastern District of Virginia and at the Federal Circuit.  He graduated from Georgetown University Law Center in 1999.  He obtained a B.S. in Chemistry from Morehouse College in 1994 and a M.S. in Chemistry from Emory University in 1996.

6. Joseph V. Colaianni is a Principal at F&R and is admitted to the Bars of the Virginia and the District of Columbia.  He has worked at F&R since 2000.  He has extensive experience litigating civil cases in district courts across the country and at the Federal Circuit, as well as in administrative proceedings.  He graduated from George Washington University Law School in 1996.  He obtained a B.S. in Electrical Engineering from the University of Maryland in 1991.

7. Daniel A. Tishman is a Principal at F&R and is admitted to the Bar of the District of Columbia.  He has worked at F&R since 2013.  He has extensive experience litigating civil cases in district courts across the country and at the Federal Circuit, as well as in administrative proceedings.  He graduated from Tulane University Law School in 2011.  He obtained a B.S. in Information Systems and Technology from Pennsylvania State University in 2007.

8.     Andrew Huh was an associate at F&R and is admitted to the Bars of California and the District of Columbia. He worked at F&R from 2010 until 2020. He has extensive experience litigating civil cases in district courts across the country, as well as in administrative proceedings. Since leaving FR, he has served as Principal Legal Counsel at Samsung Electronics. Prior to joining FR, he was a patent attorney at Kim & Chang law firm. He received a Master of Laws in Intellectual Property from The George Washington University Law School, graduated from Georgetown University Law Center, and received a Master of Science and Bachelor of Science in Medical Engineering from the Korea Advanced Institute of Science and Technology.

9.     Taylor Burgener is an associate at F&R and is admitted to the Bar of the District of Columbia. She has worked at F&R since 2017. She has experience litigating civil cases in district courts across the country, as well as in administrative proceedings. She graduated from The George Washington University Law School in 2017. She obtained a B.S. in Biochemistry from the University of San Diego in 2011.

10.     Tracea Rice is an associate at F&R and is admitted to the Bars of the Virginia and the District of Columbia. She has worked at F&R since 2019. She has experience litigating civil cases in district courts across the country, as well as in administrative proceedings. Prior to joining FR, she served as a Patent Agent at Moore & Van Allen, PLLC and Womble Carlyle Sandridge & Rice, LLP. She graduated from Wake forest University School of Law in 2019. She obtained a B.S. in Electrical Engineering and a B.S. in Computer Engineering from North Carolina State University in 2011.

11.     I have reviewed all the time diaries for work done on this matter by the attorneys and staff of FR. I (or my delegated associate) have removed any billing entries that were not

properly billed to this case, deleted any time entries that were not properly billed in accordance with this Court's Local Rules, removed redundant or duplicative entries, and otherwise exercised billing judgment across all the F&R time records.

12. Based on this review of FR's time records, Plaintiff requests reimbursement of the attorneys' fees and for legal work performed by F&R in the amount of $694,337.50.

13. F&R expended significant time on this litigation from the investigation and filing of the complaint through a successful jury trial verdict. After Plaintiff's complaint was dismissed early in the litigation, Plaintiff appealed the decision to the Fourth Circuit Court of Appeals, prevailing on two out of three issues and obtaining a precedential opinion reversing the lower court's dismissal of Plaintiff's hostile work environment and retaliation claims. After the Fourth Circuit issued its opinion, Defendant filed a petition of certiorari to the Supreme Court, which Plaintiff opposed. Plaintiff was successful in her opposition to the cert petition, and the case returned to this Court for the discovery phase, during which the parties appeared in front of Magistrate Judge Simms twice for discovery-related disputes. The Parties conducted seven depositions, including two Rule 30(b)(6) depositions necessitated by a late production of documents by Defendant's 30(b)(6) deponent. At the end of discovery, Plaintiff successfully opposed a motion for summary judgment filed by Defendant. Counsel then prepared for pre-trial submissions and trial, taking into account the Court's new COVID-related protocols and requirements, and attended a pretrial conference, voir dire, and three days of trial.

14. In our fee submission, we have complied with this Court's Local Rules and also exercised overall billing judgment, as described in further detail below.

15. Per the Court's Local Rules, in our fee submission we have recorded time for only one F&R lawyer to attend each deposition, each court hearing, and each conference with the

client, opposing counsel, or third parties.  In each of these instances, we have charged for the time of the lawyer who attended these events as the lead participant.

16.     We have charged for the time of two attorneys who attended trial: Andrew R. Kopsidas and Ahmed J. Davis.  Although other F&R attorneys and staff also contributed to trial events, including examination of witnesses and arguing motions in limine at the pretrial conference, among other things, we have not charged for their time at trial.

17.     We have also excised time spent on case management over the four-and-a-half year period in which the case has been pending.  This includes the coordination and assignment of work among F&R attorneys and staff. It also includes removal of duplicative time recorded by multiple attorneys for attendance at the same internal meeting.  In addition, it includes logistical and administrative tasks such as the scheduling of depositions.

18.     Per the Court's Local Rules, in our fee submission we have recorded a maximum of two hours of travel time to and from court appearances and other events, if that time could not be devoted to doing substantive work for the client.

19.     In a further exercise of billing judgment, we have also excised the time spent by other F&R attorneys that assisted in limited capacities on discrete issues such as conducting mock appellate argument and other "one-off" assignments.  We have also excised all time spent by support staff (e.g., paralegal, graphic artist, IT personnel, etc.).  In total, the contributions of six F&R attorneys and seven support staff have been completely excised.

20.     Overall, F&R has excised from its bills a total (at FR's average rates) of $505,000.

21.     After the above exercise of removing time entries to comply with Local Rules and billing judgment, F&R has recorded 1,940 hours on this case.  F&R attorneys typically bill at

hourly rates higher than those specified by this Court's Local Rules.  Each F&R attorney's rate has increased yearly from 2017 to 2021.  The average billing rates between 2017 and 2021 for F&R attorneys for whom fees are sought are as follows:

| Attorney | Billing Rate |
|---|---|
| Andrew R. Kopsidas | 906 |
| Ahmed J. Davis | 926 |
| Joseph V. Colaianni | 947 |
| Daniel A. Tishman | 816 |
| Andrew Huh | 688 |
| Taylor Burgener | 530 |
| Tracea Rice | 488.33 |

22.     F&R is requesting fees comporting with Appendix B of this Court's Local Rules.  F&R requests fees at the top of the range of rates used in Appendix B because of the high cost of practicing law in the District of Columbia and because F&R brings a high level of skill and experience to this litigation.  F&R requests a rate of $475 for Andrew Kopsidas, Ahmed Davis, and Joseph Colaianni; a rate of $350 for Daniel Tishman; a rate of $300 for Andrew Huh; and a rate of $225 for Tracea Rice and Taylor Burgener.

23.     F&R also requests $40,499.30 in taxable expenses.  The records of these expenses were kept by F&R in the regular course of business.  The expenses are supported by invoices in Exhibit 6, attached hereto.

24. F&R also requests $27,383.61 in non-taxable litigation expenses. The records of these expenses were kept by F&R in the regular course of business. The expenses are supported by invoices in Exhibit 6, attached hereto.

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED this January 7, 2022

/s/ Andrew R. Kopsidas

Andrew R. Kopsidas