# EXHIBIT 5

**IN THE UNITED STATES DISTRICT COURT**
**For the District of Maryland**
**Greenbelt Division**

| |
|---|
| **EVANGELINE J. PARKER,** |
| **Plaintiff,** |
| **v.** |
| **REEMA CONSULTING SERVICES, INC.** |
| **Defendant.** |

**Civil No. 8:17-cv-01648-TDC**

## DECLARATION OF DEBORAH A. JEON IN SUPPORT OF PLAINTIFFS' REQUEST FOR ATTORNEYS' FEES AND COSTS

I, Deborah A. Jeon, declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge:

1.      I am over the age of 18 and am legally competent to make this declaration. I submit this declaration in support of Plaintiffs' Motion for Attorneys' Fees and Costs.

2.       I am an attorney admitted to practice in the State of Maryland and before this Court.

3.       I am a 1986 graduate of Yale Law School, where I was a senior editor of the *Yale Law and Policy Review*. I did my undergraduate work at Cornell University, from which I graduated *with distinction* and *with honors*, and I hold a master's degree in print journalism from Boston University. I have been licensed to practice law since 1987, and have an "AV" rating from the Martindale Hubbell Law Directory, indicating "very high to preeminent" legal ability and "very high" ethical standards. I am the recipient of a "Leadership in Law" Award from Maryland's *Daily Record* newspaper, subsequently selected by the *Daily Record* to judge the

1

Leadership in Law Awards. I am currently admitted to practice in the United States Supreme Court, the United States Courts of Appeal for the Fourth and Fifth Circuits, the United States District Courts of Maryland and Arkansas, and to the state bars and courts of Georgia (1987), Maryland (1990), and the District of Columbia (1990).

4.     Immediately following law school, I served for a year as judicial clerk to the Honorable Myron H. Thompson, United States District Judge for the Middle District of Alabama. As clerk to Judge Thompson, I routinely dealt with complex civil rights litigation.

5.     From October 1987 until the end of 1989, I was an attorney with the Little Rock, Arkansas law firm of Youngdahl & Youngdahl, P.A., where I practiced labor and civil rights law. The firm served as counsel to international and local labor unions throughout the South and Southwest. I was involved extensively in complex employment litigation, and appeared before federal courts in the states of Arkansas, Texas, Louisiana, Mississippi, Oklahoma, New Mexico, Georgia, New York, and Missouri.

6.     Since January 1990, I have been an attorney with the American Civil Liberties Union Foundation of Maryland, initially directing the organization's Eastern Shore legal program, and since 2005, as the organization's Legal Director. As an ACLU attorney, I practice exclusively civil rights and constitutional law including cases brought under Title VII of the Civil Rights Act of 1964. During my tenure here, I have supervised and served as counsel in dozens of civil rights and civil liberties cases, the great majority in federal court.

7.     Due to the small staff of the Maryland ACLU, our legal program operates by enlisting the cooperation of private firm attorneys in each case in which litigation is undertaken, enabling the ACLU to greatly expand the number of cases in which the organization provides

counsel to civil rights litigants.  Private firm attorneys are able to provide resources and staffing in litigating the case while the ACLU is able to provide subject matter expertise.

8.      I know that that model of co-counseling cases with private firms is used by other legal organizations across the country and the State of Maryland such as Public Justice Center, the Bazelon Center for Mental Health Law, and the Lawyers Committee for Civil Rights Under Law.  It is the model used by the Washington Lawyers' Committee for Civil Rights and Urban Affairs (the "WLC") in this case where it has partnered with the firm Fish & Richardson.

9.      The ACLU and WLC are regular partners in civil rights litigation in the District of Maryland.  I have personally worked with attorneys and paralegals at the WLC over the last several years including Dennis Corkery and Joanna Wasik.  Among other things, I have worked extensively with them on two complex Title VII cases.  In one, *Savage et. al. v. Pocomoke City, et al.*, 1:16-cv-00201-ELH, the ACLU, WLC, and the firm Wiley Rein represented three Black police officers in Title VII and constitutional challenges to much of the Eastern Shore's law enforcement apparatus for abhorrent race discrimination and cavalier retaliation.  The plaintiffs ultimately settled the case for a total of $1,200,000 plus attorneys' fees, plus substantial equitable relief, through consent decrees for employment reform with both Pocomoke City and the State of Maryland.  Additionally, the ACLU partnered with the WLC and the law firm Arnold & Porter LLP in case before this Court, in which we represented 13 officers of color and two affinity groups in a challenge to systemic racism and retaliation, *HNLEA et al v. PG County et al.*, 8:18-cv-03821-TDC.  That case resulted in a settlement of millions of dollars in damages, an injunction reforming promotion practices, and a settlement agreement making sweeping reforms to policing practices in Prince George's County.

3

10.     I know firsthand the skill and dedication that attorneys at the WLC and their private firm partners put into their cases.  Like in this case, they are able to represent victims of discrimination who could not otherwise afford the fees needed to prevail at trial.

11.     Lawyers at public interest organizations like the ACLU and the WLC do not have regular billing rates, as we work on a salary basis and do not bill our clients for representation. When we are successful in litigation, however, we recover at prevailing market rates under statutory fee provisions. The recovery of fees for the ACLU and the WLC is crucial to both of the organizations' ability to continue providing quality legal representation to victims of civil rights and civil liberties violations.

12.     I am familiar with what lawyers in Maryland charge their clients, including in the Washington, DC suburbs.  I am also familiar with fee awards for civil rights cases in the District of Maryland.   All of the rates proposed in this fee petition would be the same rates that the ACLU would propose for attorneys of the same years of experience.  These rates are below the market rate of firms in this region.  They are below what the firm Fish & Richardson would charge its clients and what the WLC receives in compensation for cases in the District of Columbia and Virginia.

13.     Based on my personal knowledge of the work of Dennis Corkery and Joanna Wasik, I believe that their discounted hourly rate of $350 is well below what they could charge paying clients at a private law firm, particularly in Washington, DC, and is more than reasonable for this case.

14.     I have reviewed the briefs and opinions in this case and believe that rates that are sought are appropriate and reasonable.  The precedential Fourth Circuit opinion and the very large jury verdict are evidence of dedication and skill of the attorneys in this case.  I also believe

4

that Plaintiff's counsel has exercised appropriate billing judgment and is only seeking fees which are properly compensable.

I declare under penalty of perjury that the foregoing is true and correct.

Dated January 6, 2022.

Deborah A. Jeon