**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION**

EVANGELINE J. PARKER,

       Plaintiff,

v.

REEMA CONSULTING SERVICES, INC.

       Defendant.

Civil No. 8:17-cv-01648-TDC

**PLAINTIFF'S REPLY IN SUPORT OF HER MOTION FOR ENTRY OF JUDGMENT
AND AN AWARD OF EQUITABLE RELIEF, PRE-JUDGMENT INTEREST, AND
POST-JUDGMENT INTEREST**

Plaintiff Evangeline J. Parker respectfully submits this brief reply to respond to the points

made by Defendant Reema Consulting Services, Inc., in its opposition to her request for pre-

judgment interest.

Ms. Parker originally filed this lawsuit in the Eastern District of Virginia, but she

consented to the transfer of venue to this Court, after the Defendant moved for such relief.  (*See*

Dkt. 14 & 18, *Parker v. Reema Consulting Services, Inc.*, 1:17-cv-00554 (E.D. Va. June 2017).)

Defendant cites no authority that this Court must look to Virginia law for the rate of pre-

judgment interest, nor may Defendant avail itself of the laws of a forum that it actively moved to

leave.  Even if this Court did apply Virginia law to the question, the legal rate of interest is the

same: 6 percent.  Va. Code Ann. § 6.2-302 (2010).

Defendant's citations to state law cases are irrelevant to the issue here: prejudgment

interest on an award of back pay in a case brought in federal court and under federal law against

a private company.  *See Maryland State Highway Admin v. Kim*, 353 Md. 313 (1999) (sovereign

immunity not a bar against **post-judgment** interest in a negligence action against the state); *Selective Way Ins. Co. v. Nationwide Prop. & Cas. Ins. Co.*, 242 Md. App. 688, 219 A. 3d 20, 54-55 (2019) (an award of attorneys' fees is not subject to prejudgment interest because the determination of that interest was not submitted to the jury who awarded the fees).   Indeed, one case that Defendant cites supports Ms. Parker's position.   In *Crystal v. West & Callahan, Inc.*, 328 Md. 318, 342 (1992), Maryland's highest court held that the six percent interest rate applies for prejudgment interest when a statute, there the Door to Door Salesman Act, is silent as the appropriate rate.  It further held that it was within the trial court's discretion to award such interest even if the damages required some calculation. *See id.* at 343-44.  Defendant does not cite to a single authority holding that back pay awards in Title VII cases are not subject to pre-judgment interest or to Maryland's six percent rate.

Nor is the back pay award here "unliquidated" or from an unidentified date.  As noted in her Partially Unopposed Motion, (Dkt. 175), Ms. Parker is seeking back pay from April 17, 2017, the date that she secured more lucrative employment, until the date of entry of judgment. (Dkt. 175 at 5 n.2.)  Because Defendant stipulated to the amount of back pay, (Dkt. 175-1), it cannot now argue that the amount is too amorphous or complicated for this Court to apply simple compound interest calculations.

Accordingly, Ms. Parker respectfully moves this Court to enter judgment in her favor in the amount of $33,039.37 in back pay, $50,000 in punitive and compensatory damages, and prejudgment and post judgment interest, as appropriate.  Ms. Parker respectfully requests that this Court enter this judgment before its consideration of Ms. Parker's motion for attorneys' fees and costs.

Dated:  February 1, 2022                  Respectfully submitted,

By:  */s/ Dennis A. Corkery*
     Dennis A. Corkery (Bar. No. 19076)
     Joanna K. Wasik (Bar. No. 21063)
     **WASHINGTON LAWYERS' COMMITTEE**
     **FOR CIVIL RIGHTS AND URBAN AFFAIRS**
     700 14th Street NW, Suite 400
     Washington, DC 20036
     Telephone: (202) 319-1000
     Facsimile: (202) 319-1010

     Andrew R. Kopsidas (Bar No. 16057)
     Ahmed Davis (admitted *pro hac vice)*
     Daniel A. Tishman (admitted *pro hac vice*)
     Taylor Caldwell (admitted *pro hac vice*)
     Tracea Rice (admitted *pro hac vice*)
     **FISH & RICHARDSON P.C.**
     1000 Maine Avenue, SW
     Suite 1000
     Washington, DC 20024
     Telephone: (202) 783-5070
     Facsimile: (202) 783-2331

     *Counsel for Plaintiff Evangeline J. Parker*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on this 1st Day of February, 2022 true and correct

copy of the was served through the Court's ECF system on the following:

Donald J. Walsh
RKW,LLC
10075 Red Run Blvd, 4th Floor, Owings Mill, MD 21117
DWalsh@RKWlawgroup.com

*/s/ Dennis A. Corkery*