UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

EVANGELINE J. PARKER,

    Plaintiff,

    v.

REEMA CONSULTING SERVICES, INC.,

    Defendant.

Civil Action No. TDC-17-1648

**ORDER**

On December 9, 2021, the jury returned a verdict in favor of Plaintiff Evangeline J. Parker after trial in this case. ECF No. 170. Pending before the Court is Parker's Partially Unopposed Motion for Entry of Judgment and an Award of Equitable Relief, Prejudgment Interest, and Post-Judgment Interest, which is fully briefed. The parties have stipulated to (1) the total amount of compensatory and punitive damages awarded to Parker after application of the Title VII statutory limit on damages, 42 U.S.C. § 1981a(b)(3) (2018); and (2) the total amount of equitable relief in the form of back pay owed to Parker.

Parker also seeks prejudgment interest on her back pay at a rate of six percent. Defendant Reema Consulting Services, Inc. ("RCSI") opposes awarding prejudgment interest because the "precise starting point" of these damages has not been presented and Maryland state courts "have not permitted the assessment of prejudgment interest when the amount is unliquidated or not capable of being precisely measured at a point in time." RCSI Resp. at 1-2, ECF No. 180. RCSI also asserts that if prejudgment interest is awarded, it opposes the use of Parker's requested six percent rate.

In a Title VII case, an award of prejudgment interest is within the district court's discretion. *Maksymchuk v. Frank*, 987 F.2d 1072, 1077 (4th Cir. 1993). The United States Court of Appeals for the Fourth Circuit has stated that this discretion "should be exercised bearing in mind the 'make-whole' policy of Title VII" and that a "dollar tomorrow, unless interest is added, does not equal a dollar today." *Id.*; *see also McKnight v. Gen. Motors Corp.*, 973 F.2d 1366, 1372-73 (7th Cir. 1992) (stating "that prejudgment interest should be presumptively available to victims of federal law violations") (cited favorably by *Maksymchuk*, 987 F.2d at 1077). At the same time, prejudgment interest "is commonly denied when the back pay award is not readily determinable or when the plaintiff fails to raise the issue in a timely or an appropriate manner." *Maksymchuk*, 987 F.2d at 1077. Here, Parker has stated that her back pay "accrued on April 17, 2017, when she secured new employment." Mot. at 5 n.2, ECF No. 175. The parties have also stipulated that the total amount of back pay owed to Parker is $33,039.37. Thus, there is no concern that her damages are not readily determinable where, as here, the parties have agreed to a back pay amount and Parker has provided a specific point at which back pay accrued. Parker has also not failed to timely raise the issue of prejudgment interest. Accordingly, the Court concludes that prejudgment interest on Parker's back pay award is warranted.

The Court will apply a six percent prejudgment interest rate compounded annually, which reflects the "lost time-value of money" in Maryland. Md. Const. art. III, § 57; *Hylind v. Xerox Corp.*, 749 F. Supp. 2d 340, 351 (D. Md. 2010), *aff'd in part*, *Hylind v. Xerox Corp.*, 481 F. App'x 819, 822 (4th Cir. 2012). Though RCSI argues that there is no basis to apply Maryland's rate because the discrimination occurred in Virginia, the interest rate in Virginia is also six percent and thus does not change this calculation. *See* Va. Code Ann. §§ 6.2-301, 6.2-302 (2021). Although RCSI argues that the prejudgment interest rate should be "assessed consistent with the prompt

payment rates assessed by the United States Treasury," it has provided no authority for this position. Mot. at 5. Accordingly, the Court will apply the six percent rate.

Finally, Parker requests post-judgment interest pursuant to 28 U.S.C. § 1961(a) if applicable. RCSI does not oppose post-judgment interest.

Accordingly, it is hereby ORDERED that:

1. Judgment is entered in favor of Plaintiff Evangeline J. Parker against Defendant Reema Consulting Services, Inc. in the following amounts:

   a. Compensatory and Punitive Damages: $50,000.00

   b. Back Pay: $33,039.37

   c. Prejudgment Interest on Back Pay: $10,681.08

2. The amount of the Judgment is subject to post-judgment interest pursuant to 28 U.S.C. § 1961(a).

Date: February 4, 2022



THEODORE D. CHUANG
United States District Judge