UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

EVANGELINE J. PARKER                    *

    Plaintiff                              *

v.                                      *        Civil Action No. 8:17-cv-01648-TDC

REEMA CONSULTING SERVICES, INC.   *

    Defendant                              *

  *    *    *    *    *    *    *    *    *    *    *    *    *

## **ORDER**

Upon consideration of the Motion to Quash Post-Judgment Subpoena of third-party Mr.

Rajeshkumar Vora, and response filed thereto, and the pleadings and papers in the file, it is hereby

ORDERED, that the Motion to Quash be and the same is GRANTED.

 

                                        _____
                                        Judge
                                        United States District Court for the
                                            District of Maryland

1

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| EVANGELINE J. PARKER | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. 8:17-cv-01648-TDC |
| REEMA CONSULTING SERVICES, INC. | * | |
| Defendant | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

**MEMORANDUM IN SUPPORT OF DEPONENT'S
MOTION TO QUASH POST-JUDGMENT SUBPOENA**

Non-Party, Rajeshkumar Vora ("Mr. Vora"), by counsel, submits this Memorandum of Law in support of its Motion to Quash the Post-Judgment Subpoena and in support thereof states as follows.

**PRELIMINARY STATEMENT**

Plaintiff filed this action on May 15, 2017, against Reema Consulting Services, Inc. alleging causes of action for hostile work environment harassment, retaliatory termination and discriminatory termination. Plaintiff's claims were dismissed on December 7, 2017, and Plaintiff appealed to the United States Court of Appeals for the Fourth Circuit. On appeal, the Fourth Circuit reversed the dismissal of Plaintiff's claims for hostile work environment and retaliatory termination, affirmed dismissal of the discriminatory termination claim, and remanded the case. On remand, a four-day trial was held in January 2022, wherein judgment was entered in favor of Plaintiff for compensatory and punitive damages, back pay, and prejudgment interest on back pay. A satisfaction of judgment was filed on March 9, 2022.

Because the satisfaction of judgment has been filed in this matter, Plaintiff cannot continue to seek enforcement of the judgment because the payments referenced in the satisfaction of judgment have been accepted as compensation in full. *See Stevenson v. Branch Banking and Trust Corp.* 159 Md. App. 620, 633-34 (2004). Therefore, there is nothing left for Plaintiff to recover. Other courts have also held that a satisfaction of a judgment is a complete bar to any further actions and operates as an extinguishment of the debt. *See Brick, Inc. v. C and F Developers, Inc.*, 836 N.E. 2d 743 (Ill. App. Ct. 2005). See also, *Bean v. Cement Nat. Bank of Siegfried*, 3 A.2d 1003 (Pa. Super. Ct. 1939) ("Satisfaction of judgment constituted prima facie evidence of payment, the legal effect of which was to extinguish the judgment.") On this basis, the subpoena should be quashed, and the judgment should be considered satisfied.

Plaintiff, by new counsel, has now issued a subpoena, post-judgment, addressed to Mr. Vora who was not a party to the litigation, and as explained further below, is purported to aid in collection and enforcement of the judgment under Fed. R. Civ. P. 69. Despite the satisfaction of judgment having been filed by Plaintiff, if the Court continues its consideration of the validity of the post-judgment subpoena on other grounds, it should still be quashed. As explained below, pursuant to both the Federal Rules and the Maryland Rules of Court, this subpoena was served improperly, is not relevant to the enforcement of the judgment in the underlying matter, is unduly burdensome, overbroad and lacks temporal scope. A copy of the subpoena is attached as **Exhibit 1**.

## ARGUMENT

**I.   The Subpoena Served On Mr. Rajeshkumar Vora Is Governed By The Maryland Rules of Court.**

Federal Rule of Civil Procedure 45 generally governs the issuance of subpoenas during trial. However, the subpoena in question is directly related to post-judgment discovery in aid of execution of judgment and therefore is governed by Rule 69. Specifically, Rule 69(a)(2) states:

> In aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person – including the judgment debtor – as provided in these rules or by the procedure of the state where the court is located.

Generally, district courts are required to follow state law procedural rules for execution of judgments. *See Local 58, Intern. Broth. Of Elec. Workers, AFL-CIO v. G.T. Einstein Elec., Inc.*, 932 F. Supp. 974 (E.D. Mich. 1996) (Motions for release of judgment debtors' funds held by court were governed by state law procedures in execution of judgment.); *Schrieber v. Kellogg*, 849 F. Supp. 382 (E.D. Pa. 1994) (In determining whether defendant has interest in property which is subject to execution, district court is bound to follow state law.); *Water Technologies Corp. v. Calco, Ltd.*, 132 F.R.D. 670 (N.D. Ill. 1990) (In proceedings supplementary to and in aid of judgment, procedure on execution shall be in accordance with practice and procedure of state in which district court is held.) Despite this action being tried before the U.S. District Court, the execution and collection of the judgment in this matter must be procedurally governed by the laws of the state in which this court sits.

> Under the Maryland Rules of Court, post-judgment discovery is governed by Rule 2-633.

> Although Rule 2-633 does not specifically refer to the 2-400 series of discovery rules, we infer from the history of the procedural rules and from the policy considerations that post-judgment discovery must be regulated by the Title 2, Chapter 400 rules.

*Melnick v. New Plan Realty Trust*, 89 Md. App, 435, 438 (1991). Subpoenas in general are governed by Rule 2-510, and service of subpoenas is governed by Rule 1-121. Pursuant to the language of Rule 69, the Maryland Rules of Court are applicable to the subpoena in question and execution of the judgment.

**II. Under Maryland Rule 2-121, The Subpoena Was Not Properly Served On Mr. Vora.**

Maryland Rule 2-510 states in pertinent part: "[a] subpoena shall be served by delivering a copy to the person named or to an agent authorized by appointment or by law to receive service for the person named or as permitted by Rule 2-121(a)(3)." Pursuant to Rule 2-121(a)(3), when mailing, a request for Restricted Delivery is required and "service by certified mail… is complete upon delivery." "Simply leaving a subpoena at a person's address is plainly not proper service." *Broadway v. State*, 202 Md. App. 464, FN 4 (2011). Following the requirements of Rule 2-121(a)(3), Plaintiff did not properly serve the subpoena on Mr. Vora.

Mr. Vora was the registered agent for Reema Consulting Services, Inc. ("RCSI") prior to the company's dissolution. Pursuant to Maryland Corporations & Associations § 3-406, "…a resident agent of the corporation…shall serve for one year after dissolution and until the affairs of the corporation are wound up." As recorded with Maryland's State Department of Assessments, RCSI was dissolved on March 31, 2022, and therefore, Mr. Vora is no longer considered the registered agent pursuant to Maryland law.  Despite this, Plaintiff still attempted to serve this subpoena on Mr. Vora which is improper.

Nonetheless, Plaintiff's attempt to mail the subpoena to Mr. Vora was insufficient, as Plaintiff's counsel mailed the subpoena via FedEx, which is not adequate, or even acceptable, service under the Maryland Rules. Mr. Vora was only made aware of the documents after a neighbor notified him that the package was delivered to that address and sitting on the ground at the front door.

Pursuant to Rule 2-121, service of the subpoena was not completed because there was no actual delivery to Mr. Vora. Even if the Court evaluates service of the subpoena under Fed. R. Civ. P. 5(b), service would still be considered insufficient, as FedEx is also not an acceptable

4

form of delivery under the Federal Rules. On this basis alone, the subpoena addressed to Mr. Vora should be quashed in its entirety for insufficient service.

### III. The Requests for Production of Documents From Plaintiff/Judgment Creditor Are Not Relevant to the Enforcement of Judgment.

Although Plaintiff may seek additional discovery in the aid of execution, Mr. Vora is a non-party to the action, and any discovery served on a non-party must be directly related to the assets of the judgment-debtor. *Johnson v. Francis,* 239 Md. App. 530 (2018). "Discovery in aid of enforcement is necessarily limited to discovery that will aid enforcement of a money judgment." *Johnson v. Francis,* 239 Md. App. 530 (2018). "A party's 'right of discovery' in a particular action, including in aid of execution, is "limited to matter which is material and pertinent to the issue in the case." *Id*. at 546 (citing *Bank v. Bank*, 180 Md. 254, 260 (1942)). In the subpoena, Plaintiff/Judgment Creditor makes several requests for documents that are not directly related to the assets of the judgment-debtor at this time and are intended to conduct discovery beyond discovering if there are current assets. Specifically, Plaintiff/Judgment Creditor requests the following:

> **Request No. 6:** All documents that refer to, relate to, or reflect any payments of funds or transfers of assets by Defendant to you or to any member of your family.
> **Request No. 11:** All documents that reflect any of Defendant's payment(s) of salary, bonus(es), dividend(s), expense reimbursement(s), or other amount(s) to any of Defendant's officer(s), director(s), or shareholder(s), or any family member(s) of any of Defendant's officer(s), director(s), or shareholder(s).
> **Request No. 13:** All documents relating to Defendant's employees, including pay checks, pay stubs, w-2 forms, w-9 forms, w-10 forms, or other such employment-related papers.
> **Request No. 14:** All documents, including all w-2s, K-1s, 1099s, or any other documents memorializing Defendant's providing, sending, or otherwise giving, in any way, to you, any part of Defendant's dividend(s), distribution(s), or transfer(s), since January 1, 2018.
> **Request No. 15:** If Defendant paid any of your personal expenses, provide all documents that relate to our evidence such payment and expense.
> **Request No. 19:** Copies of (i) Defendant's articles of incorporation, (ii any of Defendant's board resolutions approved since July 1, 2020, and (iii) minutes of any of Defendant's board meetings and/or shareholders meetings held, since July 1, 2020.

In the instant matter, the above-referenced requests for documents are not relevant to the enforcement of the judgment, nor are they reasonably calculated to lead to any discoverable information. These requests are not related to the current assets of Defendant which can be liquidated to pay any judgment. More specifically, the above-referenced requests include documents no longer in the custody of Mr. Vora, as well as the personal expenses of Mr. Vora, not subject to discovery or related to the judgment in this matter.

### IV. The Subpoena Served On Mr. Vora Lacks Temporal Scope And Is Unduly Burdensome.

The requests for production of documents also lack temporal scope and are unduly burdensome. On that basis, the subpoena should be quashed. "A subpoena is to be used to compel the attendance and testimony of witnesses, the production of documents deposition, and shall not be used for any other purpose." *Pleasant v. Pleasant*, 97 Md. App. 711 (1993). Although Fed. R. Civ. P. 69 is quite permissive and allows for broad inquiry into the assets of the judgment debtor, this inquiry "…is not unlimited, and 'must be kept pertinent to the goal of discovering assets of the judgment debtor and not be allowed to become a means of harassment of the debtor or third persons." *ITOCHU Intern., Inc. v. Devon Robotics, LLC*, 303 F.R.D. 229, 232 (E.D. Pa. 2014). "As in all matters related to discovery, the district court has broad discretion to limit discovery in a prudential and proportionate way." *Motorola Credit Corp v. Uzan*, 293 F.R.D. 595 (S.D.N.Y. 2013) (*reversed on other grounds)*.

In the remaining requests identified in the subpoena, Plaintiff requests documents that are not limited in scope and require production of documents that is unduly burdensome. More specifically, the remaining requests for production do not have a limited timeline for the documents requested, relevant years of which would arguably only be 2022-2023, once the

6

judgment was rendered. Some examples of requests that lack temporal scope, making them unduly burdensome are as follows:

> **Request No. 1:** Copies of all account statements for any bank account in which Defendant had any ownership interest.
> **Request No. 2:** Copies of all account statements for any bank account in which Defendants revenues or funds were deposited or transferred.
> **Request No. 3:** Copies of all account statements for any credit card account in Defendant's name or for which any payments Defendant made from Defendant's assets.
> **Request No. 7:** All records of payments or transfers made from any account in which Defendant had an interest of any kind.

These and similar requests throughout the subpoena lack a timeframe for the documents which Plaintiff seeks. RCSI is dissolved and has been dissolved since March, 2022. For Mr. Vora to try to obtain copies of documents since the company's inception is unduly burdensome and irrelevant to the execution of the judgment against RCSI. Allowing Plaintiff to obtain such a volume of documents without limitation would make it clear that the requests are not relevant to execution of the judgment and are intended solely to harass Mr. Vora.

The subpoena should therefore be quashed because it is overbroad and outside of the scope of the litigation and resulting judgment. In the alternative, it is Mr. Vora's request that the Court limit these requests for documents and require that Plaintiff seek documents relative to the timeframe of the litigation.

## **CONCLUSION**

For the foregoing reasons, the subpoena addressed to Mr. Rajeshkumar Vora should be quashed.

*/s/ Donald J. Walsh*

Donald J. Walsh (CPF# 9112190248)
RKW, LLC
10075 Red Run Blvd, 4th Floor
Owings Mills, Maryland 21117
443.379.4011
443.379.4023 (fax)
dwalsh@RKWLawGroup.com

8