**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**
(Northern Division)

| | | |
|---|---|---|
| *In re:* | * | |
| **EVANGELINE J. PARKER,** | * | |
| *Plaintiff/Judgment Creditor* | * | |
| *v.* | * | Civil Action No.: 8:17-CV-01648-TDC |
| **REEMA CONSULTING SERVICES, INC.** | * | |
| | * | |
| *Defendant/Judgment Debtor* | * | |
| | * | |

**PLAINTIFF/JUDGMENT CREDITOR'S OPPOSITION TO DEPONENT'S MOTION TO QUASH POST-JUDGMENT SUBPOENA**

Plaintiff/Judgment Creditor Evangeline J. Parker ("Judgment Creditor"), by and through her undersigned counsel and pursuant to this Court's Local Rules, hereby files this Plaintiff/Judgment Creditor's Opposition to Deponent's Motion to Quash Post-Judgment Subpoena (the "Opposition"), respectfully requests this Court deny Non-Party Deponent Rajeshkumar Vora's Motion to Quash Post-Judgment Subpoena (the "Motion"), and, in support thereof, states as follows:

**FACTUAL BACKGROUND**

1. In early December 2021, a four-day jury trial was held on Plaintiff's claims for hostile work environment and retaliatory termination against Defendant/Judgment Debtor Reema Consulting Services, Inc. ("Reema").

2. On December 9, 2021, a jury entered its verdict in favor of Plaintiff. ECF Doc. 170.

3. On January 7, 2022, Plaintiff filed a Motion for Judgment against Reema. ECF Doc. 175.

1

4.    Also on January 7, 2022, Plaintiff filed a motion for award of attorneys' fees (the "Motion for Fees").  ECF Doc. 176.

5.    On January 28, 2022, Reema filed a 26-page response to the Motion for Fees.  ECF No. 179.

6.    On February 4, 2022 this Court entered judgment in Plaintiff's favor for "compensatory and punitive damages, back pay, prejudgment interest on back pay," and on no other categories of damages, under that judgment (the "Judgment").  ECF Doc. 182.

7.    Judgment Creditor filed a Satisfaction of Judgment, on March 9, 2022, as to the Judgment (the "Satisfaction").  ECF Doc. 186.

8.    *Then*, approximately four months after the Satisfaction and five months after the Judgment, on July 21, 2022, this Court issued its Memorandum Opinion and accompanying Order, thereby awarding attorneys' fees to Judgment Creditor (the "Attorneys' Fees Award").  ECF Doc. 188.  In its Memorandum Opinion, the Court noted that the issue had been "fully briefed."  *Id.* at p. 1.

9.    Across nine (9) separate attempts, Judgment Creditor took significant effort to serve a subpoena (the "Subpoena") on Deponent Rajeshkumar Vora ("Mr. Vora"), who was not a party to this litigation, to compel the production of documents and attendance at a deposition.

10.    The Subpoena was issued pursuant to Fed. R. Civ. P. 45, 69 in connection with Judgment Creditor's attempt to collect on the Attorneys' Fees Award.  *See* ECF Doc. 192-1, Subpoena, at Exhibit 1.

11.    In response, Mr. Vora filed the Motion.  ECF Docs. 192-192-1.  In the Motion, Mr. Vora contends that the subpoena should be quashed because (i) the judgment was satisfied and, therefore, no basis exists for Plaintiff to seek to collect the Attorneys' Fees Award, (ii) service was

improper under Maryland law, (iii) the judgment is not relevant to enforcement of the judgment, (iv) the subpoena is overly broad and burdensome, and (v) the subpoena lacks temporal scope.

**ARGUMENT**

The arguments raised by Mr. Vora are without merit.  Mr. Vora's collateral attack on the validity of the Attorneys' Fees Award award is legally flawed and fails to acknowledge the key fact that attorneys' fees were awarded <u>after</u> the judgment had been marked as satisfied (and over Reema's objection).  Service was proper under federal law.  Mr. Vora's arguments regarding relevance and the scope of discovery fail to acknowledge the broad scope of post-judgment discovery and, in this case, the discovery is clearly designed to discover the disposition of Reema's assets.  Finally, despite Mr. Vora's contention to the contrary, the instructions for the discovery do contain a temporal limitation, and this limitation is appropriate in this matter.

## I.    MR. VORA'S COLLATERAL ATTACK ON THE VALIDITY OF THE FEE AWARD IS WITHOUT MERIT.

Mr. Vora, a non-party, alleges this Court should quash the Subpoena because Plaintiff filed the Satisfaction, which applied to the Judgment from the trial in the underlying litigation.  Mr. Vora's collateral attack on the Attorneys' Fees Award is legally flawed and should be overruled.

Mr. Vora alleges that, by filing the Satisfaction, Plaintiff extinguished her right to pursue collection of the Attorneys' Fees Award.  *See* ECF Doc. 192-1, Motion, at Preliminary Statement. This challenge to the validity of an order of this Court (which was not appealed) ignores several critical facts: (1) Plaintiff's Motion for Fees (filed on January 7, 2022) was pending at the time that Plaintiff filed the Satisfaction, on March 9, 2022; (2) Reema objected to the Motion for Fees; (3) the Court granted the Attorneys' Feed Award on July 21, 2022, some four (4) months after Plaintiff filed the Satisfaction; and (4) Reema, the Defendant and Judgment Debtor, did not seek reconsideration of, or appeal from, the Attorneys' Feed Award.  It is legally impossible that the

3

Satisfaction extinguished the Attorneys' Fees Award that was entered four months after the filing of the Satisfaction.  To the extent that the Attorneys' Fee Award was legally deficient or entered improperly, Reema had an opportunity to challenge it in a timely manner, and failed to do so.  *See DuBuit v. Harwell Enterprises, Inc.*, 540 F.2d 690, 692-93 (4th Cir. 1976) (failure to take an appeal from a judgment can terminate the ability to appeal that issue).  Mr. Vora, a third party, should not be permitted to make a collateral attack on the Attorneys' Fees Award, at this time.

Not surprisingly, the case law upon which Mr. Vora relies does not support the argument that the Satisfaction extinguished the Attorneys' Fees Award.  While *Stevenson* does stand for the notion that "[a] satisfaction of a judgment is an acceptance of full compensation for the injury," the facts of that case are akin to the ones at issue in the Motion.  In *Stevenson*, the Maryland Court of Appeals denied entry of a defendant's motion for satisfaction where post-judgment attorneys' fees litigation occurred.  *Stevenson*, 159 Md. App. at 634.  In *Stevenson*, the post-judgment litigation resulted in an additional award of attorneys' fees for  plaintiff.  *Id.*  The defendant issued a check payment for the plaintiff's injuries, purposefully omitting Plaintiff for attorneys' fees.  *See id.*  The Court held that Defendant's payment "could not be considered 'full compensation' and the trial court did not err in refusing to enter [the defendant's motion for] satisfaction of judgment." *Id.*, at 634–35.  Essentially, *Stevenson* acknowledges that, where post-judgment attorneys' fees are at issue, payment of the other principal amounts owed do not, simply by their payment, amount to a satisfaction of the attorneys' fees award.  *See id.*

The same logic holds in this matter.  Plaintiff won the Judgment.  *See* ECF Doc. 182.  The Judgment was for compensatory and punitive damages, back pay, and interest on back pay.  *See id.*  The Judgment was not for attorneys' fees.  *See id.*  Plaintiff then filed the Satisfaction.  *See* ECF Doc. 186.  Four (4) months later, the Court issues the Attorneys' Fees Award.  *See* ECF Doc.

4

188.  Plaintiff's entry of the Satisfaction cannot, therefore, be considered "full compensation" when, at the time of the filing of the Satisfaction, the Attorneys' Fees Award did not exist.  It is impossible that Plaintiff, by filing the Satisfaction, could have been representing to anyone, including Reema, that Plaintiff accepted the payment of the Judgment as full compensation for the Attorneys' Fees Award when no amount of litigation could have resulted in collection thereof.

Finally, the Motion acknowledges the differences in these categories of damages. "[Judgment Creditor] cannot continue to seek enforcement of the [J]udgment because the payments referenced in the [S]atisfaction … have been accepted as compensation in full."  *See* ECF Doc. 192-1, Motion, at p. 2.  Here, Mr. Vora is arguing that Plaintiff cannot seek enforcement of the Judgment, that was marked as satisfied.  Mr. Vora necessarily ignores that Plaintiff does *not* seek enforcement of the Judgment, as defined by Mr. Vora.  Instead, Plaintiff seeks enforcement of the Attorneys' Fees Award, an entirely separate judgment, that does not reference **any** of the same categories of damages referenced in the Judgment.

In sum, Mr. Vora's collateral attack on the Attorneys' Fee Award, which was entered after Plaintiff filed the Satisfaction, and over the objection of the Judgment Debtor, Reema, is not supported by the facts or the law, and should be denied.

## II.    THIS COURT CAN UTILIZE THE FED. R. CIV. P. TO GUIDE THE PROCEDURE FOR JUDGMENT CREDITOR'S COLLECTION OF THE ATTORNEYS' FEES AWARD.

Mr. Vora, who admits to receiving the Summons and has retained counsel, contends that service of process was deficient as a matter of Maryland law.  This argument is also without merit. The service of the summons complies with Fed. R. Civ. P. 69(a)(2) which governs obtaining discovery in aid of execution of a judgment.

The record reflects that the process server made multiple attempts to hand deliver the Subpoena and accompanying materials to Mr. Vora at his last known address, but that such attempts were unsuccessful.  Following these unsuccessful attempts, the Plaintiff mailed the Subpoena via U.S. Mail and delivered the same via Federal Express.  *See* Dkt. No. 191.  Furthermore, Mr. Vora acknowledges that (i) the Subpoena was addressed to Mr. Vora, (ii) it was delivered via Federal Express, and (iii) Mr. Vora was made aware of the package by a neighbor who notified him that it was delivered to the front door.  *See* Dkt. No. 192-1, p. 4.  It is  undisputed that Mr. Vora received the package and Subpoena, as evidenced by his counsel's filing the Motion.

Fed. R. Civ. P. 69(a)(2) provides:

> In aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person – including the judgment debtor — as provided in these rules or by the procedure of the state where the court is located.

Fed. R. Civ. P. 69(a)(2).  Thus, the Fed. R. Civ. P. authorize a judgment creditor to obtain discovery from a third-party, as provided by the Fed. R. Civ. P.

The service of a subpoena on a third-party is governed by Fed. R. Civ. P. 45, which provides that "[s]erving a subpoena requires delivering a copy to the named person … ."  Fed. R. Civ. P. 45(b)(1).  Although Fed. R. Civ. P. 45 does not define the term "delivering," a number of federal courts have upheld service by certified mail or other forms of service that are reasonably calculated to achieve actual notice.  *Crete Carrier Corp. v. Sullivan & Sons, Inc.*, 2022 WL 1203653 at * 17 (D. Md. April 21, 2022).  Maryland, too, recognizes that service by Federal Express may satisfy the requirements of Fed. R. Civ. P. 45, particularly when service provides actual notice and the party subject to the subpoena has an opportunity to present any objections.  *See Hall v. Sullivan*, 229 F.R.D. 501, 506 (D. Md. 2005) ("delivery of the subpoena via Federal Express comported with the service requirements of Rule 45"); *Worsham v. Discount Power, Inc.*,

2022 WL 17658823 at * 2 (D. Md. January 20, 2022) (recognizing that actual delivery by Federal Express, when receipt is acknowledged, may satisfy requirements of Fed. R. Civ. P. 45(b)); *Jowite Limited Partnership v. Federal Insurance Company*, 2019 WL 13251993 at * 2 (D. Md. 2019) (approving requested alternative service of subpoena via Federal Express when it seems likely to ensure actual receipt of the subpoena). In this case, it is undisputed that the subpoena was actually delivered by Federal Express, that Mr. Vora received it, and that Mr. Vora had an opportunity to object to the Subpoena.

Mr. Vora's arguments regarding inadequate service miss the mark. Although he argues that "district courts are required to follow state law procedural rules for execution of judgments," the Subpoena in question regards post-judgment discovery which, as discussed above, may be conducted "as provided in" the Fed. R. Civ. P.[1] This is what Plaintiff has done. Mr. Vora also argues that, if the service of the Subpoena was evaluated under Fed. R. Civ. P. 5(b), the method of delivery would be insufficient. Fed. R. Civ. P. 5 does not apply because Fed. R. Civ. P. 45 specifies the method for delivering a subpoena to a non-party. But, even if Fed. R. Civ. P. 5 did apply, its requirements would be satisfied, because the Subpoena was mailed to Mr. Vora by first class mail to his last known address. Fed. R. Civ. P. 5(b)(2)(C) provides that a paper "is served under this

---

[1] Fed. R. Civ. P. 69 creates a distinction between *execution* of a judgment and *obtaining discovery* in aid of execution of that judgment. Fed. R. Civ. P. 69(a)(1), governing execution on a judgment, requires adherence to state law when enforcing a money judgment. By contrast, Fed. R. Civ. P. 69(a)(2), governing discovery in aid of execution, specifically allows for the use of discovery tools under the Federal Rules of Civil Procedure. The federal courts in Maryland recognize this distinction and that the federal rules are applicable when evaluating nonparty subpoenas issued in post-judgment discovery in aid of execution. *See Sabol v. Brooks*, 469 F.Supp.2d 324, 327 (D. Md. 2006) (utilizing federal rules to apply geographic limitations of nonparty subpoena, rather than Maryland Rule 2-633, when deciding issues of discovery in aid of enforcement under Fed. R. Civ. P. 69). The cases upon which Mr. Vora relies, applying Maryland law, do not relate to discovery in aid of execution of a judgment under Fed. R. Civ. P. 69(a)(2), and are therefore inapplicable. *G.T. Einstein Elec., Inc.* concerned a motion for release of judgment debtors' funds (actual execution of a judgment subject to state procedure under Fed. R. Civ. P. 69(a)(1)). *Schreiber* concerned a determination of interest in property that was subject to execution (actual execution of a judgment subject to state procedure under Fed. R. Civ. P. 69(a)(1)). *Calco, Ltd.* concerned supplementary proceedings dealing with execution (actual execution of a judgment subject to state procedure under Fed. R. Civ. P. 69(a)(1)).

rule by . . . mailing it to the person's last known address – in which even service is complete upon mailing."

Thus, whether evaluated under Fed. R. Civ. P. 69(a)(2) or Fed., R. Civ. P. 5(b), the Subpoena was properly served on Mr. Vora, and the objection as to lack of service of process should be overruled.

## III.   THE REQUESTS ARE RELEVANT TO THE ENFORCEMENT OF THE ATTORNEYS' FEES AWARD.

The Motion attempts to characterize the requests from the Subpoena, at Schedule A, as irrelevant to the enforcement of the Attorneys' Fees Award, but the requests are well within the scope of permissible discovery.  "The rules governing discovery in post[-]judgment execution proceedings are quite permissive."  *Republic of Argentina v. NML Capital, Ltd.*, 573 U.S. 134, 138–39 (2014).  Subject to the court's discretion, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."  *Id.* (citing Fed. R. Civ. P. 26(b)(1)).

Mr. Vora relies upon *Johnson v. Francis* for the notion that the Subpoena requests were irrelevant, but that case supports enforceability of the requests, as drafted.  "[A]s always, [discovery in aid] must be 'relevant to the subject matter involved in the action' and 'appear [] reasonably calculated to lead to the discovery of admissible evidence.'"  *Johnson v. Francis*, 239 Md. App. 530, 546 (2018) (citing Md. Rule 2-402(a)).  The requests to which Mr. Vora cites are relevant to Reema's assets and reasonably calculated to lead to the discovery of admissible evidence.  By way of example, Maryland Code, Commercial Law, § 15-201 *et seq*. sets forth a variety of transfers from an entity that may be avoided by creditors due to fraudulent intent or other grounds.  The Requests for Production that are specified and challenged in Section III of the Motion largely seek discovery regarding transfers of assets from Reema to Mr. Vora (or Mr. Vora's

family members) or payment of expenses for Mr. Vora, all of which could be relevant to claims for voidable transfers. In each such instance cited, responsive documents could lead to the discovery of admissible evidence, demonstrating assets that could be liquidated to pay the Attorneys' Fees Award *or* demonstrate fraudulent conveyances of assets.

Finally, as the Instructions and Definitions define how Mr. Vora is required to produce documents when he is not in custody of the same, Mr. Vora need only respond with the information he possesses. If that is not possible, Mr. Vora can respond as to who is in the custody of such materials to be compliant with the request. Of course, Mr. Vora may, if true, deny the existence of such responsive materials. That conduct, if exhibited, would be within the requirements of a responding party and sufficient under the Fed. R. Civ. P.

The requests in the Subpoena, at Schedule A, are relevant and well within the scope of permissible discovery, such that Mr. Vora must be required to respond with documents as to each such request prior to his deposition, as indicated in the Subpoena and this Court must deny the Motion.

## IV.    THE REQUESTS CONTAIN TEMPORAL SCOPE AND ARE NOT UNDULY BURDENSOME.

Mr. Vora alleges that Reema made "requests for production [that] do not have a limited timeline for the documents requested." *See* ECF Doc. 192-1, Motion, at pp. 6–7. This is incorrect. *See* ECF Doc. 191-4, at Instructions(D). The Subpoena clearly states that "[u]nless otherwise indicated, the applicable time period for information or requests to be produced by you in response to this Subpoena is from July 1, 2020, through present." *See id.* This period is clearly reasonable as the underlying litigation commenced in 2017 and the statute of limitations for fraudulent conveyances in Maryland is three years (and potentially longer based on the discovery rule).

## V.     CONCLUSION

For the reasons set forth above, Plaintiff respectfully submits that the Motion to Quash should be denied.  If the Court concludes that service of the subpoena was deficient, in any respect, Plaintiff requests leave to re-serve the Subpoena.

Respectfully submitted,


/s/ *J. David Folds*
J. David Folds (Fed. Bar No. 13600)
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
901 K Street, NW, Suite 900
Washington, DC 20001
Phone: 202-508-3441
Fax: 202-508-3402

/s/ *Stuart R. Goldberg*
Stuart R. Goldberg, Bankr. Bar. No.: 6739791
sgoldberg@bakerdonelson.com
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
100 Light Street
Baltimore, MD  21202
Phone:  410-862-1339
Fax:  410-547-0699

*Attorneys for Plaintiff/Judgment Creditor*
*Evangeline J. Parker*

10

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 14th day of November, 2023, a copy of the foregoing Plaintiff/Judgment Creditor's Opposition to Deponent's Motion to Quash Post-Judgment Subpoena was filed with the United States District Court for the District of Maryland, and served on all counsel of record, electronically, via the Court's CM/ECF e-filing system.

/s/Stuart R. Goldberg
Stuart R. Goldberg, Fed. Bar No. 21236

11