**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

EVANGELINE J. PARKER                    *

    Plaintiff                              *

v.                                      *       Civil Action No. 8:17-cv-01648-TDC

REEMA CONSULTING SERVICES, INC.   *

    Defendant                            *

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

### NON-PARTY, RAJESHKUMAR VORA'S REPLY IN SUPPORT OF HIS MOTION TO QUASH POST-JUDGMENT SUBPOENA

As noted in the initial Motion to Quash, Plaintiff's post-judgment subpoena addressed to Mr. Rajeshkumar Vora, a non-party, should be quashed. Although Plaintiff may discover if there are any current assets from which she can collect to satisfy any award of fees, Plaintiff's counsel has made it clear in its opposition to the underlying Motion that the purpose of the post-judgment discovery sought is for use in a potential third-party action which is improper under Fed. R. Civ. P. 26(b)(1).

Additionally, Plaintiff is not entitled to enforce the award for attorneys' fees as the judgment awarded to Plaintiff has been satisfied as evidenced by the filed Satisfaction of Judgment. Plaintiff should have filed a motion to vacate the Satisfaction of Judgment if there was an intent to pursue the additional attorneys' fees.

Therefore, this court should grant Mr. Vora's Motion to Quash.

**I.   Plaintiff Cannot Collect Financial Information Intending It To Be A Fishing Expedition To Initiate A Separate Action.**

Fed. R. Civ. P. 26(b)(1) provides general provisions regarding the scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant **to any party's claim or defense and proportional to the needs of the case**, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

"Rule 26(b)(2)(C) 'cautions that all permissible discovery must be measured against the yardstick of proportionality.'" *Boshea v. Compass Mktg., Inc.*, No. cv-ELH-21-309, 2021 WL 4425765 (D. Md. Sept. 27, 2021) (quoting *Victor Stanley, Inc. v. Creative Pipe, Inc.*, 269 F.R.D. 497, 523 (D. Md. 2010). Following that Rule, Courts have the ability to "limit the frequency or extent of discovery…" especially if "the proposed discovery is outside the scope permitted by Rule 26(b)(1). *Id*. "When discovery is sought from nonparties, however, its scope must be limited even more. *Id*. (quoting *Virginia Dep't of Corr. V. Jordan*, 921 F.3d 180, 189 (4th Cir. 2019), *cert denied*, 140 S. Ct. 672 (2019)). "[C]ourts should consider not just the relevance of information sought, but the requesting party's need for it." *Id*. If a court finds that the information is not limited or relevant for disclosure, the court may *sua sponte* "forbid inquiry into certain matters or limit the scope of discovery…" *Id*.

In this matter, Plaintiff admits that the purpose of the subpoena to Mr. Vora, a nonparty to the litigation is to "demonstrate fraudulent conveyances of assets," assumedly in anticipation of a subsequent action. *See* ECF Doc. 195, Opposition, at pp.8-9. If Plaintiff seeks confirmation of assets that are available for liquidation, Plaintiff should have directed the subpoena to Reema Consulting Services, Inc. (RCSI), and requested a list of current assets of the company which would all that would be discoverable. The requests for assets beyond those currently in existence as well as personal financial information of Mr. Vora and/or family members exceed the scope of discovery for nonparties.

**Request No. 6:** All documents that refer to, relate to, or reflect any payments of funds or transfers of assets by Defendant to you or to any member of your family.
**Request No. 11:** All documents that reflect any of Defendant's payment(s) of salary, bonus(es), dividend(s), expense reimbursement(s), or other amount(s) to any of Defendant's officer(s), director(s), or shareholder(s), or any family member(s) of any of Defendant's officer(s), director(s), or shareholder(s).
**Request No. 14:** All documents, including all W-2s, K-1s, 1099s, or any other documents, memorializing Defendant's providing, sending, or otherwise giving, in any way, to you, any part of Defendant's dividend(s, distribution(s), or transfer(s), since January 1, 2018.
**Request No. 15:** If Defendant paid any of your personal expenses, provide all documents that relate to or evidence such payment and expense.

Plaintiff also seeks personal and private employment documents concerning other

employees which are also nonparties and do not pertain to Plaintiff.

**Request No. 4:** All documents that relate to any pension or retirement account in which Defendant had any interest, including any accounts established for Defendant's employees.
**Request No. 13:** All documents relating to Defendant's employees, including paychecks, pay stubs, w-2 forms, w-9 forms, w-10 forms, or other such employment-related papers.
**Request No. 19:** Copies of (i) Defendant's articles of incorporation, (ii) any of Defendant's board resolutions approved since July 1, 2020, and (iii) minutes of any of Defendant's board meetings and/or shareholders meetings held since July 1, 2020.

Plaintiff is on a quest for information to be able to initiate a separate action using

improper discovery tactics disguised as an enforcement of fees in this underlying action.

Therefore, this Court should grant Mr. Vora's Motion to Quash or alternatively, limit Plaintiff's

inquiries to exclude any personal financial information of Mr. Vora or any other employee of

RCSI.

## II. Plaintiff's Satisfaction of Judgment Is A Waiver of Payment of Any Additional Fees By Defendant.

Plaintiff has noted in its Response to the Motion that it seeks this discovery to collect the

attorneys fees awarded pursuant to a judgment in her favor. *See* ECF Doc. 195, Opposition, at p.

5.Plaintiff's filing of the Satisfaction of Judgment extinguishes Defendant's obligation of

3

liability for any additional payments or fees. *S.E. Cas. and Indem. Ins. Co., Inc. v. Hutchinson*, No. 86 CIV. 1622 (RLC), 1987 WL 14905 (S.D.N.Y. July 17, 1987), aff'd sub nom. *S.E. Cas. v. Hutchinson*, 872 F.2d 1022 (2d Cir. 1989). "At the outset, the document must be understood to mean what it says: not that only some portion of the judgment has been settled as between plaintiff and [defendant], but that 'full satisfaction of said judgment is hereby acknowledged.'" *Id.* (citing *O'Reily v. Malon*, 583 F. Supp, 1105, 1106 (D. Mass.) *aff'd*, 747 F 2d 820, 822 (1st Cir. 1984)). In *Hutchinson*, the Court determined that plaintiff's post-judgment motions to enforce a deposition and impose sanctions were moot pursuant to plaintiff's filing of the satisfaction of judgment. "The implication – which the Satisfaction of Judgment reflects – is that [plaintiff] has washed its hands of whatever losses it may have suffered or may yet suffer, along with the right to recover for such losses." *Id.* For this reason, the court in *Hutchinson* dismissed plaintiff's post-judgment motions and determined that the case should have been closed upon the filing of the satisfaction of judgment.

Equally here, Plaintiff's filing of her satisfaction of judgment renders all post-judgment proceedings moot. Plaintiff has not filed a motion to vacate the satisfaction of judgment, nor a motion to amend the judgment to include attorneys' fees. Therefore, based upon Plaintiff's apparent waiver of payment of any additional fees, the subpoena to Mr. Vora, should be quashed in its entirety.

## **CONCLUSION**

For the foregoing reasons, the subpoena addressed to Mr. Rajeshkumar Vora should be quashed.

_/s/ Donald J. Walsh_
Donald J. Walsh (CPF# 9112190248)
RKW, LLC
10075 Red Run Blvd, 4thFloor
Owings Mills, Maryland 21117
443.379.4011
443.379.4023 (fax)
dwalsh@RKWLawGroup.com