

**OWINGS MILLS**
10075 Red Run Boulevard
Suite 401
Owings Mills, MD 21117
(443) 738-4900

**FREDERICK**
10 N. Jefferson St.
Suite 200
Frederick, MD 21701
(240) 220-2415

Donald Walsh, Esquire
DWalsh@RKWLawGroup.com
Direct Dial: (443) 379-4011

December 4, 2023

<u>*Via Electronic Filing*</u>

Hon. Theodore D. Chuang, U.S.D.J.
United States District Court
District of Maryland
6500 Cherrywood Lane, Suite 245
Greenbelt, MD 20770

      Re:    <u>Evangeline J. Parker v. Reema Consulting Services, Inc.</u>
              <u>Docket No.: TDC-17-1648</u>

Dear Judge Chuang:

      In accordance with the Case Management Order, ECF No. 52, please accept this letter as a Notice of Intent to File a Motion ("Notice"), specifically a Motion to Quash the Post-Judgment Subpoena addressed to Non-Party, Rajeshkumar Vora (the "Subpoena"). This Notice comes after counsel for both parties conferred and discussed the contents of the subpoena and undersigned counsel presented its objections to each request on behalf of Mr. Vora. Unfortunately, counsel's objections to the Subpoena were not resolved, and therefore the issue cannot be resolved without further motion practice.

**Brief Background**

      This matter was initiated by Plaintiff on May 15, 2017, for employment claims, and was tried to completion on December 9, 2021. Judgment in this matter was entered against Defendant, Reema Consulting Services, Inc., ("RCSI"), in the amount of $93,720.45 for compensatory and punitive damages, back pay and prejudgment interest. A Satisfaction of Judgment was filed on March 9, 2022 (ECF No. 186). RCSI filed articles of dissolution with Maryland SDAT and dissolved on March 31, 2022. Prior to dissolving, counsel provided Ms. Parker's counsel with current financials and three years of tax returns.

      An Order was entered on July 21, 2022, granting attorneys' fees in the amount of $475,870.50. On or about September 29, 2023, Plaintiff attempted to serve the Subpoena addressed to Rajeshkumar Vora, who is a non-party to this litigation, via process server yet was unsuccessful. (*See*, ECF # 191). Thereafter, Plaintiff sent the Subpoena via FedEx on or about October 9, 2023. Since Mr. Vora was not

residing at the attempted address, the package was discovered on the ground in front of the door by a neighbor, and later forwarded to Mr. Vora.

**Notice of Motion to Quash Subpoena**

Undersigned counsel intends to file a Motion to Quash the Post-Judgment Subpoena addressed to Mr. Rajeshkumar Vora, who is a non-party to this litigation. The proposed purpose of the Subpoena is to aid in the execution of the attorneys' fee award, however, counsel objects to the Subpoena for several reasons.

First, the Subpoena was not properly served on Mr. Vora. Mailing a subpoena requiring deposition of a non-party via Federal Express and leaving it at the front door does not comply with the Federal Rules or Maryland Rules. Therefore, counsel for Mr. Vora objects to the Subpoena in its entirety for improper service and requests that the Subpoena be quashed on that basis.

Additionally, counsel for Mr. Vora objects to the Subpoena since it is impermissibly overbroad and lacks temporal scope. RCSI is dissolved and despite receiving financial documents supporting RCSI's financial status shortly after conclusion of trial, Plaintiff again seeks financial disclosures from as early as 2018, the purpose of which opposing counsel has disclosed is for investigation of fraudulent conveyances and/or transfers. This is not the subject of the present lawsuit but are claims Plaintiff's counsel has threatened to bring in another action.

Notwithstanding the instructions to the Subpoena indicating that the documents are only sought as far back as July 2020, most requests include language that imply production of documents for an unspecified time period, such as payroll records for each employee, payments from credit card accounts, copies of account statements reflecting transfers from any account, and copies of employee retirement plans, for which opposing counsel also indicated is to investigate payments to individuals or consultants "out of the ordinary course." Plaintiff also seeks discovery from other non-party individuals such as former employees, family members and family members of directors, board members or shareholders for which there is no basis.

Even after conferring with opposing counsel to seek appropriate limitations for these requests, it is clear that these document requests are not related to the discovery of RCSI's current assets and do not aid in the execution of any judgment. The document requests in the Subpoena are overbroad and implicate a fishing expedition by Plaintiff in search of a basis for a third-party action in direct contravention to Fed. R. Civ. P. 26(b)(1). Discovery in aid of execution is not unlimited and must be related to the underlying action.

Finally, it is counsel's position that Plaintiff has waived collection of the attorneys' fees after the filing of the Satisfaction of Judgment. Although the attorneys' fees award was not requested to be reduced to a judgment against Defendant, Plaintiff has not requested to amend or vacate the Satisfaction of Judgment, which effectively finalizes the action in its entirety.

For the foregoing reasons, the undersigned respectfully requests a Pre-Motion Conference with the Court.

Sincerely,

Donald Walsh

Cc: All Counsel of Record